AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF ~~MAGISTRATE JUDGE~~
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

RBC

# United States District Court

| Name | District | MASSACHUSETTS | |
|---|---|---|---|
| GREGORY M. DONNELLY | Prisoner No. W-68860 | | Case No. |
| Place of Confinement | | | |

OLD COLONY CORRECTIONAL CENTER
ONE ADMINISTRATION ROAD
BRIDGEWATER, MA 02324

# 04-12706RWZ

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| GREGORY M. DONNELLY | V. BERNARD BRADY, ACTING SUPERINTEDENT OLD COLONY CORRECTIONAL CENTER |

The Attorney General of the State of: MASSACHUSETTS, THOMAS F. REILLY

## PETITION

1. Name and location of court which entered the judgment of conviction under attack <u>MIDDLESEX SUPERIOR</u> <u>COURT, 40 THORNDIKE STREET, CAMBRIDGE, MA 02141</u>

2. Date of judgment of conviction <u>MAY 13, 1993</u>

3. Length of sentence <u>10 to 10½ years, FORTHWITH A 20 YEAR CONCORD SENTENCE;</u> <u>WITH 6 to 8 YEARS FROM AND AFTER, SUSPENDED, FIVE YEARS PROBATION.</u>

4. Nature of offense involved (all counts) <u>HOMICIDE BY MOTOR VEHICLE, UNDER THE INFLUENCE</u> <u>OF ALCOHOL AND RECKLESS AND/OR NEGLIGENT OPERATION.</u>

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   <u>NOT APPLICABLE</u>

6. If you pleaded not guilty, what kind of trial did you have? (Check one)   NOT APPLICABLE
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?   NOT APPLICABLE
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

RECEIPT # 61030
AMOUNT $ 5.00
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. M.P
DATE 12/28/04

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:    NOT APPLICABLE

  (a)  Name of court ___N/A___

  (b)  Result_____N/A

  (c)  Date of result and citation, if known ___N/A___

  (d)  Grounds raised ___N/A___

  (e)  If you sought further review of the decision on appeal by a higher state court, please answer the following:

    (1)  Name of court __N/A__

    (2)  Result ___N/A___

    (3)  Date of result and citation, if known ___N/A___

    (4)  Grounds raised N/A

  (f)  If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:    NOT APPLICABLE

    (1)  Name of court ___N/A___

    (2)  Result _____N/A___

    (3)  Date of result and citation, if known ___N/A___

    (4)  Grounds raised ___N/A___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

  (a)  (1)  Name of court _MIDDLESEX SUPERIOR COURT___

    (2)  Nature of proceeding _MOTION FOR JAIL CREDITS / MOTION FOR POST CONVICTION RELIEF.___

    (3)  Grounds raised PETITIONER'S SENTENCE FAILED TO ACCURATELY REFLECT PRE-TRIAL CONFINEMENT DAYS SERVED AWAITING DISPOSITION OF CASE.

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result __MOTION FOR POST CONVICTION RELIEF DENIED__

(6) Date of result __MARCH 7, 1994__

(b) As to any second petition, application or motion give the same information:

(1) Name of court __MIDDLESEX SUPERIOR COURT__

(2) Nature of proceeding __MOTION TO CORRECT SENTENCE/WRIT OF HABEAS CORPUS__

(3) Grounds raised __Petitioner was unlawfully deprived of the benefit of__
__the "forthwith" sentencing scheme to which he had pleaded guilty__
__-- that is, subsequent to completion of the 10 to 10½ year__
__sentence, Petitioner was remanded to serve the previously imposed__
__20 year Concord sentence in violation of the plea agreement.__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result __Denied__

(6) Date of result __MAY 30, 1995__

(bb) As to any third petition, application or motion (see attached page 4A)
(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☒   No ☐   FURTHER APPELLATE REVIEW No. FAR-07551 (1994)
(2) Second petition, etc.   Yes ☒   No ☐   FURTHER APPELLATE REVIEW No. FAR-08709 (1996)
(3) Third petition            Yes X              FURTHER APPELLATE REVIEW No. FAR-14358 (2004)
(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

NOT APPLICABLE

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

(bb) As to any third petition, application or motion give the same information:

    (1) Name of court:   MIDDLESEX SUPERIOR COURT/SUFFOLK SUPERIOR COURT

    (2) Nature of proceeding: MOTION TO CORRECT SENTENCE

    (3) Grounds raised: Petitioner was unlawfully deprived of the "forthwith" sentencing scheme to which he had pleaded guilty -- that is, subsequent to the completion of the 10 to 10½ year sentence, Petitioner was remanded to serve the previously imposed 20 year MCI-Concord sentence in violation of the plea agreement.

    (4) Did you receive an evidentiary hearing, etc.: No

    (5) Result:  Denied

    (6) Date of result: SUFFOLK SUPERIOR - OCTOBER 30, 2002 and December 4, 2002, respectively.
MIDDLESEX SUPERIOR - DECEMBER, 2002

(4A)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.
(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)  Conviction obtained by a violation of the privilege against self-incrimination.
(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)  Conviction obtained by a violation of the protection against double jeopardy.
(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)  Denial of effective assistance of counsel.
(j)  Denial of right of appeal.

A.  Ground one: Petitioner's rights under the Fourteenth Amendment to the United States Constitution to due process of law were violated.

Supporting FACTS (state *briefly* without citing cases or law) Petitioner was unconstitution- ally deprived of the benefit to specific performance to the terms of the "forthwith" state sentencing scheme offered to induce him to plead guilty -- that is, subsequent to completing a 10 to 10½ year term of incarceration, Petitioner was remanded to serve a previously imposed 20 year MCI-Concord Reformatory sentence in violation of the plea agreement he had entered into with the Commonwealth of Massachusetts.

B.  Ground two: Petitioner's rights under the Fourteenth Amendment to the United States Constitution to due process of law were violated.

Supporting FACTS (state *briefly* without citing cases or law): Petitioner was unconstitution- ally deprived of the benefit to specific enforcement to the terms of the "forthwith" state sentencing scheme under which he was sentenced to serve -- that is, subsequent to completing a 10 to 10½ year term of incarceration, Petitioner was remanded to serve a previously imposed 20 year MCI-Concord sentence in violation of the plea agreement entered into between Petitioner and the Commonwealth of Massachusetts.

AO 241 (Rev. 5/85)

C. Ground three: _____ NOT APPLICABLE _____

Supporting FACTS (state *briefly* without citing cases or law): _____

D. Ground four _____ NOT APPLICABLE _____

Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

NOT APPLICABLE

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____ NOT APPLICABLE _____

(b) At arraignment and plea _ JOHN D. FITZPATRICK, ESQUIRE _____
65A ATLANTIC AVENUE, BOSTON, MA 02110 (617) 742-8010

AO 241 (Rev. 5/85)

(c) At trial _____ **NOT APPLICABLE**

(d) At sentencing _JOHN D. FITZPATRICK, ESQUIRE (same as above)_

(e) On appeal _____ NONE -- NOT APPILCABLE

(f) In any post-conviction proceeding _EDWARD B. GAFFNEY, ESQUIRE, BOX 5092, WAYLAND,_ _MASSACHUSETTS 01778_

(g) On appeal from any adverse ruling in a post-conviction proceeding _EDWARD B. GAFFNEY_ _(SAME AS ABOVE)_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☒  No ☐
(a) If so, give name and location of court which imposed sentence to be served in the future: _MIDDLESEX_ _SUPERIOR COURT, 40 THORNDIKE STREET, CAMBRIDGE, MA 02141_

(b) Give date and length of the above sentence: _APRIL 2, 2002, PETITIONER WAS SENTENCED_ _TO SERVE 2½ YEARS IN THE HOUSE OF CORRECTION WITH 3 YEARS PROBATION,_ _ALL "FROM AND AFTER" THE COMPLETION OF THE SENTENCES UNDER ATTACK._

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
_DECEMBER 20, 2004_
(date)

_____
Signature of Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGORY M. DONNELLY,      )
              Petitioner,    )
                         )
                         )
      V.                   )     CIVIL ACTION
                         )     No.
                         )
BERNARD BRADY, SUPERINTENDENT,   )
OLD COLONY CORRECTIONAL CENTER,   )
               Respondent.   )

PETITIONER'S MEMORANDUM IN SUPPORT OF
PETITION FOR A WRIT OF HABEAS CORPUS

INTRODUCTION

The petitioner, Gregory M. Donnelly ("Donnelly"), acting pro se, hereby submits his arguments in support of his application for a writ of habeas corpus from an illegally imposed state court sentence, pursuant to the provisions of 28 U.S.C. § 2254.

STATEMENT OF THE CASE

On or about June 3, 1989, Donnelly was arrested as the result of a motor vehicle accident, death resulting, Middlesex County Indictment Nos. 89-2016 through 89-2018. (RA 3-7, 68, 117)[1]

After several years of legal proceedings, including a lengthy trial, a successful appeal, and a subsequent mistrial, Donnelly pleaded guilty under an agreement with the Middlesex County District Attorney's Office to two 10 to 10½ year sentences under

_____

[1]  References to Donnelly's record appendix, filed in the Massachusetts Appeals Court and by implication the Massachusetts Supreme Judicial Court (SJC) in the action below, will be designated as (RA __) followed by page number(s).

Indictment Nos. 89-2016 and 89-2017, to run concur-
rently with eachother, and that said sentences would
"forthwith" or extinguish a 20 year Concord Reforma-
tory sentence imposed on Donnelly by the Plymouth
County Superior Court; and, a 6 to 8 year sentence
under Middlesex Indictment No. 89-2018 that would be
suspended and run "from and after" the committed por-
tion of the said 10 to 10½ year sentences imposed
under Middlesex Indictment Nos. 89-2016 and 89-2017,
and that said 6 to 8 year sentence was to be sus-
pended for five years, supervised probation. (RA 6,
68-69, 76-77, 91-95, 117)

Over the ensuing fifteen years Donnelly has
been forced to return to both the superior court and
the Appeals Court on three previous occasions to
attempt to rectify the Commonwealth's breach of the
plea agreement it entered into with Donnelly to
extract his guilty pleas in the underlying actions.
(RA 63-136)

Most recently, on August 17, 2004, the Appeals
Court denied Donnelly's latest appeal from the denial
of his motions to correct an illegal sentence.  Don-
nelly then filed an application for leave to obtain
further appellate review (ALOFAR) with the SJC, which
was denied in that court on October 27, 2004.

## STATEMENT OF FACTS

On or about 1980, Donnelly was convicted for

-3-

armed robbery in Plymouth County and, thereafter, sentenced to 20 years at the Massachusetts Reformatory at Concord (hereafter the "Concord sentence"), commitment number C-47732. (RA 68, 118-119)

Thereafter, on or about June 3, 1989, Donnelly was again arrested as the result of a motor vehicle accident, death resulting, Middlesex County Indictment Nos. 89-2016 through 89-2018. (RA 68, 119)

As the result of the said Middlesex County arrests, a parole detainer was lodged against Donnelly under his previously imposed Concord sentence and he was held in custody pending trial. (RA 68, 119)

After a lengthy period of legal proceedings wherein Donnelly was tried, convicted and sentenced under Middlesex Indictment Nos. 89-2016 - 89-2018, the Appeals Court reversed the convictions and remanded the cases for further proceedings in the superior court. Commonwealth v. Donnelly, 597 N.E.2d 1060 (Mass. 1992)(Donnelly I). Subsequent to a mistrial being declared, Donnelly entered into a plea agreement with the Commonwealth regarding said Middlesex Indictment Nos. 89-2016 - 89-2018. Said agreement promised that, in exchange for Donnelly's guilty pleas, the Commonwealth would recommend he be sentenced to two 10 to 10½ year sentences under

-4-

Indictment Nos. 89-2016 and 89-2017, to run concurrently with eachother, and that they would "forthwith" or extinguish the 20 year Concord sentence imposed on Donnelly under his 1980 conviction in Plymouth County; and, a 6 to 8 year sentence under Middlesex Indictment No. 89-2018, to run "from and after" the committed portion of the 10 to 10½ year sentences under Indictment Nos. 89-2016 and 89-2017. That, in fact, the superior court (Quinlan, J.) did sentence Donnelly under the terms of the agreement Donnelly entered into with the Commonwealth, that is, to two 10 to 10½ year sentences under Indictment Nos. 89-2016 and 89-2017, to run concurrently with eachother, "forthwith" from Donnelly's previously imposed Concord sentence; and, a 6 to 8 year sentence under Middlesex Indictment No. 89-2018, "from and after" the committed portion of the said 10 to 10½ year sentences, and that said 6 to 8 year term be suspended for five years, supervised probation. (RA 68-69, 76-77, 91-93, 94-95, 119-120)

Thereafter, as the result of Donnelly's action to obtain jail credits which had not been applied to his 10 to 10½ year sentences, the Appeals Court ruled, inter alia, that at the time of imposition of the said 10 to 10½ year sentences Donnelly's parole on the said previously imposed Concord sentence had not

been revoked.  Accordingly, at the time of imposi-
tion of the said Middlesex 10 to 10½ year sentences,
Donnelly's Concord sentence could not have been
"forthwithed" or extinguished as agreed to by the
Commonwealth under the terms of the plea agreement
entered into between Donnelly and the Commonwealth.
(RA 69, 98-100, 120)  See also, Commonwealth v.
Donnelly, 641 N.E.2d 1366 (Mass. 1994)(Donnelly II).[2]

    After receiving notice of the decision in Don-
nelly II, Thomas F. Reilly, then District Attorney
for Middlesex County, in violation of the terms of
the plea agreement entered into with Donnelly, con-
tacted the Massachusetts Parole Board to ensure acti-
vation of the remainder of Donnelly's said Concord
sentence at the completion of Donnelly's 10 to 10½
year Middlesex County sentences. (RA 69-70, 105-108,
120-121)

    On or about December 1, 1994, in keeping with
District Attorney Reilly's request, the Parole Board
notified the Massachusetts Department of Correction
that a parole violation warrant regarding Donnelly's
said Concord sentence would be executed at the expi-
ration of Donnelly's 10 to 10½ year Middlesex sen-
tences. (RA 70, 109, 121)

    On or about 1995, Donnelly filed a petition for

_____

[2]  The Massachusetts Appeals Court's decision cited as Common-
wealth v. Donnelly, 641 N.E.2d 1366 (Mass.1994(Donnelly II) is
appended hereto, as well as included in Donnelly's record appen-
dix at (RA 96-104).

-6-

a writ of habeas corpus in the Middlesex Superior
Court, Docket No. 95-02633, seeking release from the
remainder of his said Concord sentence.  Donnelly's
claim rested on the premise that he had a reasonable
expectation that the plea agreement under which his
guilty pleas had been extracted under Middlesex
Indictment Nos. 89-2016 - 89-2018 would be fulfilled.
(RA 70, 121)

After denial of Donnelly's habeas petition in
the superior court, he duly filed his appeal in the
Appeals Court. (RA 70, 121)

Subsequent to review of Donnelly's arguments,
the Appeals Court affirmed the judgment and order of
the superior court denying Donnelly's said habeas
petition.  See Donnelly, petitioner, 668 N.E.2d 381
(Mass. 1996)(Donnelly III).[3]  In it's opinion, the
Appeals Court noted  that, "..., although [Donnelly's]
reasonable expectations might be relevant on a motion
to withdraw his guilty pleas, they are irrelevant on
a petition for writ of habeas corpus." (RA 70, 115,
122)

On or about October 16, 2002, Donnelly filed a
motion to correct an illegal sentence in the Suffolk
County Superior Court, mittimus numbers 1999-11105A

---

[3]  The Massachusetts Appeals Court's decision cited as Donnelly,
petitioner, 668 N.E.2d 381 (Mass.1996)(Donnelly III), is appended
hereto, as well as included in Donnelly's record appendix at
(RA 110-115).

and 1999-11105B.[4] (RA 2, 63-132)

Thereafter, on October 30, 2002, the Suffolk Superior Court (Spurlock, J.) denied Donnelly's motion to correct an illegal sentence, without holding a hearing, on the grounds that "[Donnelly] did not complied (sic) with the Appeals Court ruling on case #37 Mass.App.Ct. 1117 (1994)." (RA 2, 135)

On November 22, 2002, Donnelly filed his motion for reconsideration from the judgment and order of the Suffolk Superior Court denying the motion to correct an illegal sentence. The motion argued that Donnelly II addressed only the issues of "jail credits" to be applied toward Donnelly's 10 to 10½ year sentences under Middlesex Indictment Nos. 89-2016 and 89-2017, and the inability of the judge to forthwith Donnelly's Concord sentence at the time of sentencing in Middlesex County based on parole violation warrant considerations. Donnelly II did not, and could not, reach the constitutional question of whether the Commonwealth's breach of its plea bargain promise violated Donnelly's due process rights because at the time Donnelly II was decised the said breach had not yet occurred. The motion also argued that the order in Donnelly II had been superseded by Donnelly III which was precipitated by, and did address, the

---

[4] At the time of the filing in Donnelly IV, Donnelly's probation under Middlesex Indictment No. 89-2018 had been transferred to Suffolk County, hence the Suffolk County mittimus numbers.

-8-

Commonwealth's breach of its plea bargain promise entered into with Donnelly.  And in so doing, Donnelly III intimated Donnelly file a motion to withdraw his guilty pleas to obtain the relief he sought. Donnelly III at page 5 n.2.  Lastly, relying on Commonwealth v. Parzyck, 668 N.E.2d 1358, 1361 (Mass.1996) (citing United States v. Kurkculer, 918 F.2d 295 (1st Cir. 1991)), fur. app. rev. den'd October 28, 1996, Donnelly argued that subsequent to the decision in Donnelly III the Appeals Court had adopted the remedy of specific performance to the terms of the plea bargain promise entered into between the parties rather than withdrawal of the plea and a new trial to correct a breach of any such plea agreement promise. (RA 2, 136-141)

On December 4, 2002, the Suffolk Superior Court (Spurlock, J.) denied Donnelly's motion for reconsideration, without a hearing. (RA 2, 142)

On December 12, 2002, Donnelly duly filed his notice of appeal from the judgments and orders of the Suffolk Superior Court (Spurlock, J.) denying Donnelly's motion to correct an illegal sentence, on October 30, 2002; and, Donnelly's motion for reconsideration, on December 4, 2002, respectively. (RA 2, 143)  In addition, by order of the Appeals Court, dated June 6, 2003, Donnelly's late notice of appeal

-9-

was allowed to include the denial of his motion to
correct an illegal sentence by the Middlesex Superior
Court (Quinlan, J.)

### ISSUES PRESENTED FOR FEDERAL HABEAS REVIEW

I. Whether the State Courts violated Donnelly's
   right to due process of law in affirm-
   ing the denial of Donnelly's motion to
   correct an illegal sentence where: 1) the
   Fourteenth Amendment to the United States
   Constitution mandates the sentence imposed
   after a guilty plea scrupulously adhere to
   the prosecutor's promise given to extract
   the said plea; and, 2) notwithstanding the
   ultimate legality of the sentencing scheme
   at issue, Donnelly is entitled to specific
   enforcement of the terms of the prosecutor's
   said promise entitling him to immediate
   release from all present and future sentences?

### ARGUMENT

I. This Court Should Review The Appeals Court's
   Misapprehension Of The Due Process Clause As
   It Applies To The Facts Of This Case.

1. Specific Performance To The Terms Of The
   Promise Made By The Prosecutor Is The
   Required Procedure Under The Facts At Bar.

The Appeals Court's ruling on the applicability
of the Fourteenth Amendment's due process clause to
mandate specific performance to the terms of the
plea agreement promised by the Commonwealth to
extract Donnelly's guilty pleas should be reviewed
by this Court.  In the Seminal case of Santobello v.
New York, 404 U.S. 257, 262 (1971), the Court stated
that:

        [w]hen a plea rests in any significant degree
        on a promise or agreement of the prosecutor,
        so that it can be said to be part of the induce-

ment or consideration, such promise must be fulfilled.

Id.; see also, <u>United States v. Kurkculer</u>, supra, 918 F.2d at 297.

Specific performance to the terms of the plea agreement <u>rather</u> than withdrawal of the plea and a new trial is the appropriate remedy in both Massachusetts and this federal circuit. <u>Commonwealth v. Parzyck</u>, supra, 668 N.E.2d at 1361 (citing and adopting the holding in United <u>States v. Kurkculer</u>, supra).

It is without dispute that on May 13, 1993, Donnelly entered into a plea agreement with the Commonwealth regarding Middlesex Indictment Nos. 89-2016 - 89-2018. (RA 72-73)  In exchange for Donnelly's guilty pleas the prosecutor agreed to, <u>inter alia</u>, recommend that the balance of a previously imposed 20 year Concord sentence be "forthwithed", or terminated. (RA 76-77)  Thereafter, the sentencing judge (Quinlan, J.) accepted Donnelly's guilty pleas and sentenced him in accord with the prosecutor's agreed upon recommendation. (RA 90-91)

Subsequently, as the result of a dispute regarding "jail credits" to be applied to Donnelly's sentence, the Appeals Court ruled, <u>inter alia</u>, that Donnelly's said 20 year Concord sentence could not have been "forthwithed", or terminated. See <u>Donnelly</u>

II at pages 4-5. (RA 99-100)  The ruling left the
unserved portion of the said 20 year Concord sentence
to be served after the committed portion of Donnelly's
sentences under Middlesex Indictment Nos. 89-2016
and 89-2017. Id., at page 8 n.7. (RA 103, n.7)

On November 14, 1994, Thomas F. Reilly, then
District Attorney for Middlesex County, in breach of
the said plea agreement entered into with Donnelly,
wrote to the Massachusetts Parole Board.  Specific-
ally, Mr. Reilly requested the Parole Board recom-
mit Donnelly under the remainder of the said Concord
sentence at the expiration of Donnelly's sentences
under Middlesex Indictment Nos. 89-2016 and 89-2017
(RA 105-107), rather than request the Parole Board
reinstate parole on the said Concord sentence, or
move to vacate and reimpose the said Middlesex sen-
tences to effectuate the imposition of a "forthwith"
sentence.  See, e.g., Commonwealth v. Stubbs, 446
N.E.2d 96 (Mass. 1983)(court could vacate and reim-
pose sentence to start sentence anew).

On December 1, 1994, in keeping with Mr.
Reilly's request, the Parole Board announced it's
intent to recommit Donnelly under the remainder of
the said 20 year Concord sentence. (RA 108-109)

Over the ensuing decades Donnelly has been repeat-
edly forced to serve the said Concord sentence in it's

-12-

entirety which, in turn, has resulted in the seeming-
ly endless litigation addressed in Donnelly III and
Commonwealth v. Donnelly, 813 N.E.2d 583 (Mass. 2004)
(Donnelly IV), fur. app. rev. den'd October 27, 2004,
the decision presently the basis of this memorandum
in support of the petition for a writ of habeas corpus.

Against this backdrop, the Appeals Court has
erroneously categorized Donnelly's argument regard-
ing the illegal sentencing scheme at issue as the
product of "a mutual mistake" between the prosecu-
tor and defense counsel at the time of plea negoti-
ations and sentencing with respect to the parole
consequences of the Middlesex sentences. Donnelly
IV at page 1. Contrary to that categorization, how-
ever, if it is determined that both Donnelly and his
attorney were "mistaken" regarding the parole con-
sequnces of the said plea agreement, it must neces-
sarily follow their mutual mistake was precipitated
by the prosecutor's assurances. Both the affidavit
of Donnelly's plea counsel (RA 94-95) and the plea
hearing transcript (RA 76) conclusively demonstrate
that Donnelly's pleas were conditioned, in large
part, on the prosecutor's assurances that the said
Concord sentence would be "forthwithed", or termin-
ated by the Middlesex sentences imposed under Indict-
ment Nos. 89-2016 and 89-2017. Stated otherwise,

there was no mutual mistake on the part of Donnelly or his attorney regarding the Commonwealth's promise.

Moreover, and equally as important, if, as the Appeals Court suggests, the Commonwealth "was not ... mistaken as to the applicable law" regarding the parole consequences of Donnelly's plea agreement, Donnelly IV at page 2, then the prosecutor was at the very least acting in bad faith by offering a promise it knew was unfulfillable to extract Donnelly's guilty pleas. This alone is sufficient to create a violation of due process of law. See United States v. Kurkculer, supra, 918 F.2d at 297 and n.2 ("Santobello and its progeny proscribe not only explicit repudiation of the government's assurances, but must in the interest of fairness be read to forbid endruns around them.")(internal citation and quotation marks omitted).

Afortiori, in accord with Kurkculer and its progeny, it is irrelevant whether Donnelly's pleas were the product of mistake, mutual or otherwise, regarding the parole consequences of the said plea agreement. Because that sentencing consideration was precipitated by the prosecutor's assurances, it became a part of the consideration or agreement and, therefore, must be fulfilled. Id., 918 F.2d at 297.

This fundamental precept embodied in the due

process clause of the Fourteenth Amendment -- requiring specific performance to the terms of the plea agreement -- was adopted in Massachusetts subsequent to the Appeals Court's ruling in Donnelly III. See Commonwealth v. Parzyck, supra, 668 N.E.2d at 1361, decided on August 26, 1996, fur. app. rev. den'd October 28, 1996 (citing with approval United States v. Kurkculer, supra.). It is upon this bedrock foundation that Donnelly IV relies, and one which the state courts have clearly chose to disregard in this case. Since this interpretation violates due process, this Court should grant relief to correct the erroneous and unconstitutional holding of the state courts.

   2. Notwithstanding The Legality Of The
      Sentence Promised By The Prosecutor,
      Due Process Requires Specific Enforce-
      ment Of The Terms Of That Sentence.

Because the fact pattern in this case is strikingly similar to that previously addressed by the First Circuit, the state courts' decisions[5] denying relief in this case violate due process of law. Stated otherwise, the decisions below, grounded, in part, on the bases that, "even assuming the Commonwealth committed a breach of its agreement, the remedy [Donnelly] requests -- specific performance

---

[5] The Massachusetts Appeals Court, and by implication the SJC, encompassed both Donnelly's appeals from Suffolk and Middlesex Counties under the same unconstitutional legal rationale.

-15-

of the agreement -- would do him little good, given that, by statute, he was and remains ineligible for the termination of his sentence," Donnelly IV at pages 3-4, are incongruous with the law in this federal circuit.  See United States v. Kurkculer, supra, 918 F.2d at 300-302.

Specifically, in Correale v. United States, 479 F.2d 944, 947 n.3 (1st Cir. 1973), the court found that the prosecutor had agreed to recommend that a federal sentence run concurrently with a state sentence.  While the promised recommendation was given, the sentence was illegal and thus unfulfillable.  Because it was impossible to give the defendant the benefit of the agreement by remanding for resentencing, and because the defendant had already served the state sentence plus 17 months of his original federal sentence, the court considered it "hollow to remand for resentencing" with a recommendation that the sentences run concurrently.  Id. at 950. The court determined that "the only just remedy and the only one which could now approximate specific enforcement of the agreement" would be a sentence that resulted in the defendant's release.  Consequently, the court remanded the case with instructions to impose a suspended sentence that would achieve the same result. Id.

In a later case, the First Circuit chose the same constitutionally appropriate remedy to correct a similar wrong. In United States v. Garcia, 698 F.2d 31, 37 (1st Cir. 1983), the court observed, "[w]here withdrawal of the plea or specific performance would be meaningless or infeasible, a court may order imposition of a specific sentence. At the time of the ruling, Garcia had served her sentence and been released on parole. The court held that resentencing would serve no useful purpose and, based on several factors, ordered the trial court to resentence the defendant to the amount of time served. Id.

Here, as in Garcia and Kurkculer, Donnelly has already served more time than the prosecutor agreed to recommend -- he has completed not only his previously imposed 20 year Concord sentence which was to be terminated, but also the 10 to 10½ year sentences imposed under Middlesex Indictment Nos. 89-2016 and 89-2017. Consequently, although the sentencing court would not have been bound by the prosecutor's recommendation, it is now impossible for the judge to choose to act in accordance with the bargained for recommendation. Compare, United States v. Kurkculer, supra, 918 F.2d at 302.

Although apparently overlooked by the Appeals Court in reaching it's decisions, the remedy adopted

by the First Circuit is supported by analogy to other Massachusetts state cases involving sentences voided as the result of appellate review. See, e.g., Brown v. Commissioner of Correction, 147 N.E.2d 782 (Mass. 1958)(credit given for time served toward a subsequent sentence where initial sentence was later declared void or voidable); Croteau, petitioner, 237 N.E. 2d 737 (Mass.1968)(same); Lynch, petitioner, 400 N.E.2d 854 (Mass. 1980)(same). Similarly, because "[l]iberty is of immeasurable value" sentence credit has been granted to a subsequent criminal sentence for time served under another sentence which was later vacated. Manning v. Superintendent, Massachusetts Correctional Institution, Norfolk, 361 N.E.2d 1299, 1304-05 (Mass.1977).

Because Massachusetts courts have followed the First Circuit's lead regarding the remedy of specific performance and resentencing in accord with the terms of the plea agreement, see Commonwealth v. Parzyck, supra, 668 N.E.2d at 1361, Donnelly asserts that due process requires this court overrule the state courts' decisions and order him resentenced to approx-imate specific enforcement to the terms of his plea agreement -- that is, credit him with the entire period of time he spent incarcerated under his 20 year Concord sentence, after January 1995, toward his from and after sentences thereby granting him

-18-

immediate release from incarceration. Compare, <u>United States v. Kurkculer</u>, supra, 918 F.2d at 302, and cases cited therein.

Additionally, if it is determined that the state courts' analysis is correct in that Donnelly is statutorily barred from obtaining specific performance to the terms of the agreement promised to him to extract his guilty pleas, that statutory scheme must be held to violate due process of law under the facts of this case. Accord, <u>United States v. Kurkculer</u>, supra, 918 F.2d at 300-302, and cases cited therein.

### CONCLUSION

WHEREFORE, this Court should grant Donnelly's petition for a writ of habeas corpus.

Dated: <u>DECEMBER 20, 2004</u>  Respectfully submitted,

_Gregory M. Donnelly_

Gregory M. Donnelly, <u>pro</u> <u>se</u>
Defendant-Appellant
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

ADDENDUM

TABLE OF CONTENTS

Commonwealth v. Donnelly,
Supreme Judicial Court Docket No. FAR-14358
(Appeals Court Docket No. 2003-P-186),
October 27, 2004 (Donnelly IV)

Commonwealth v. Donnelly,
Appeals Court Docket No. 2003-P-186
(Suffolk Crim. No. 1999-11105),
August 17, 2004 (Donnelly IV)

Commonwealth v. Donnelly,
Appeals Court Docket No. 2003-P-186
(Middlesex Crim. No. 1989-2016),
August 17, 2004 (Donnelly IV)

Commonwealth v. Donnelly,
37 Mass.App.Ct. 1117 (1994)(Donnelly II)

Gregory Donnelly, petitioner,
41 Mass.App.Ct. 1101 (1996)(Donnelly III)

# Supreme Judicial Court for the Commonwealth of Massachusetts
### One Beacon Street, Third Floor, Boston, Massachusetts 02108
### (617) 557-1020

Gregory Donnelly
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324


RE:   Docket No. FAR-14358

**COMMONWEALTH**
      **vs.**
**GREGORY DONNELLY**


        Suffolk Superior Court No. SUCR1999-11105
        A.C. No. 2003-P-0186


            NOTICE OF DENIAL OF F.A.R. APPLICATION


    Please take note that on 10/27/04, the above-

captioned Application for Further Appellate Review was denied.


                              Susan Mellen, Clerk


Dated: October 27, 2004

To:  Marguerite T. Grant, A.D.A.
     John P. Zanini, A.D.A.
     Gregory Donnelly

# Commonwealth of Massachusetts

## Appeals Court for the Commonwealth

### At Boston,

In the case no. 03-P-186

COMMONWEALTH

*vs.*

GREGORY DONNELLY

Pending in the Superior

Court for the County of Middlesex

Ordered, that the following entry be made in the docket:

In MICR 1989-2016, order denying motion to correct sentence affirmed.

By the Court,

NOTE:
The original of the within rescript will issue in due course, pursuant to M.R.A.P.23
APPEALS COURT

_Ashley Ahearn_ , Clerk

Date    August 17, 2004

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-186

COMMONWEALTH

<u>vs</u>.

GREGORY DONNELLY.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 1:28</u>

The orders denying the defendant's motions to correct an
illegal sentence are affirmed, as is the defendant's motion to
reconsider.  The defendant claims that the sentence he received
following his guilty plea, which was tendered pursuant to an
agreed upon recommendation by the prosecutor and defense counsel,
is illegal because it was the product of a mutual mistake with
respect to the parole consequences of the sentence.  Putting
aside the question of whether there is support for the
proposition that a mutual mistake can render illegal an otherwise
legal sentence, cf. <u>Commonwealth</u> v. <u>Santiago</u>, 394 Mass. 25, 28-30
(1985); Reporter's  Notes to Mass.R.Crim.P. 30(a), Mass. Gen.
Laws. Ann., Rules of Criminal Procedure, at 387-388 (West 2002),
the defendant has not established such a mistake.

The defendant insists that he and the prosecutor agreed that
the sentence that was to be imposed would "forthwith," that is,
terminate, the sentence he was "then serving."  See G. L. c. 279,

presently serving."[2]   (R.A. 76).  Thus, there is no mutual mistake; the prosecutor appears to have recognized the requirement that the defendant be presently serving a sentence in order for it to be terminated.[3]  That the defendant was not aware of this requirement, and that neither he nor defense counsel chose to correct the prosecutor when the prosecutor made it clear that she believed the defendant was presently serving a sentence, does not entitle the defendant to relief.

The case of Commonwealth v. Parzyck, 41 Mass. App. Ct. 195 (1996), is inapposite.  In that case, the prosecutor made a sentencing recommendation different from that which he had promised.  See id. at 196.  Here, the prosecutor made the recommendation to which she had agreed.  Further, the district attorney's subsequent letter to the parole board (focusing attention on this court's decision that the defendant's guilty plea had not terminated his prior sentence) was not a breach of the agreement.  It merely served as notice of case law relevant to the parole board's function.

In any event, even assuming the Commonwealth committed a

---

[2] Defense counsel, when invited to comment by the judge, did not address the issue of whether the defendant was presently serving a sentence.

[3] Put another way, there was no mutual mistake because although the prosecutor may have been mistaken as to whether the defendant was then serving a sentence, surely the defendant could not have been similarly mistaken.

3

# Commonwealth of Massachusetts

Appeals Court for the Commonwealth

At Boston,

In the case no. 03-P-186

COMMONWEALTH

vs.

GREGORY DONNELLY

Pending in the Superior

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

In SUCR 1999-11105, orders denying motion to correct sentence and motion to reconsider affirmed.

By the Court,

_____ ,Clerk

Date    August 17, 2004

NOTE:
The original of the within rescript
will issue in due course, pursuant
to M.R.A.P.23

APPEALS COURT

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-186

COMMONWEALTH

v̲s̲.

GREGORY DONNELLY.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

The orders denying the defendant's motions to correct an
illegal sentence are affirmed, as is the defendant's motion to
reconsider.  The defendant claims that the sentence he received
following his guilty plea, which was tendered pursuant to an
agreed upon recommendation by the prosecutor and defense counsel,
is illegal because it was the product of a mutual mistake with
respect to the parole consequences of the sentence.  Putting
aside the question of whether there is support for the
proposition that a mutual mistake can render illegal an otherwise
legal sentence, cf. Commonwealth v. Santiago, 394 Mass. 25, 28-30
(1985); Reporter's  Notes to Mass.R.Crim.P. 30(a), Mass. Gen.
Laws. Ann., Rules of Criminal Procedure, at 387-388 (West 2002),
the defendant has not established such a mistake.

The defendant insists that he and the prosecutor agreed that
the sentence that was to be imposed would "forthwith," that is,
terminate, the sentence he was "then serving."  See G. L. c. 279,

presently serving."[2]   (R.A. 76).   Thus, there is no mutual
mistake; the prosecutor appears to have recognized the
requirement that the defendant be presently serving a sentence in
order for it to be terminated.[3]  That the defendant was not aware
of this requirement, and that neither he nor defense counsel
chose to correct the prosecutor when the prosecutor made it clear
that she believed the defendant was presently serving a sentence,
does not entitle the defendant to relief.

    The case of Commonwealth v. Parzyck, 41 Mass. App. Ct. 195
(1996), is inapposite.  In that case, the prosecutor made a
sentencing recommendation different from that which he had
promised.  See id. at 196.  Here, the prosecutor made the
recommendation to which she had agreed.  Further, the district
attorney's subsequent letter to the parole board (focusing
attention on this court's decision that the defendant's guilty
plea had not terminated his prior sentence) was not a breach of
the agreement.  It merely served as notice of case law relevant
to the parole board's function.

    In any event, even assuming the Commonwealth committed a

---

    [2] Defense counsel, when invited to comment by the judge, did
not address the issue of whether the defendant was presently
serving a sentence.

    [3] Put another way, there was no mutual mistake because
although the prosecutor may have been mistaken as to whether the
defendant was then serving a sentence, surely the defendant could
not have been similarly mistaken.

3

37 MASS APP CT 1117 (1994)

EXHIBIT

C

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

93-P-1149

COMMONWEALTH

vs.

GREGORY DONNELLY.

## MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

The defendant was convicted by a Superior Court jury of various offenses connected with a fatal motor vehicle accident. However, his conviction subsequently was reversed by this Court in Commonwealth v. Donnelly, 33 Mass. App. Ct. 189 (1992). On remand, the defendant ultimately pled guilty and was resentenced subject to a credit for time already served. Shortly thereafter, in a motion for jail time, the defendant challenged the trial judge's calculation of this credit, demanding an additional 265 days. The defendant's motion was denied, and it from this order that he now appeals.

Analysis. Beset by procedural whorls and factual convolutions, this case presents a knotty problem. The cardinal facts: In 1980, the defendant was convicted of armed robbery, G. L. c. 265, § 17, for which he received a twenty-year M.C.I. Concord sentence. Approximately eight years later, the defendant was convicted of driving while intoxicated, G. L. c. 90, § 24, and sentenced to two years in a house of correction, ninety days to be served, and the balance

3

reversed by this Court. His subsequent retrial for
those offenses ended in a mistrial on May 11, 1993.
Then, on May 13, 1993, the defendant pled guilty to all
charges as part of a plea agreement. The defendant's
plea was accepted, and he was sentenced -- again
"forthwith" -- to concurrent terms of ten to ten and
one-half years at M.C.I., Cedar Junction. As part of
the agreement, the defendant was given credit for 1,174
days served, apparently representing the period of time
from his June 3, 1989 arrest, to the date of this
Court's reversal of his conviction on August 18, 1992.
The nub of this appeal is whether or not the defendant
is entitled to an additional 265 days of credit for
time indisputably served by him between August 18, 1992
and May 13, 1993 -- the date the defendant was
resentenced.[4]

On this point the parties, unsurprisingly, have
sharply divergent viewpoints. The Commonwealth claims
(simplifying its argument somewhat) that the defendant
does not deserve credit for this period because, when
the defendant's conviction was reversed, he simply
resumed serving either the remaining portion of the
two-year sentence imposed for his probation violation

---

[4] There is no suggestion by the Commonwealth that
the defendant has waived his current claim by accepting
the plea agreement. At the time of the plea colloquy,
the trial judge expressly accorded the defendant the
right to raise this issue by way of postconviction
motion. Tr. I:19-20.

5

The relevance of § 149 to the present case is plain; regardless of the fact that the parole board issued a warrant upon the defendant's arrest on June 3, 1989, since he was in fact sentenced for a subsequent crime, the defendant's twenty-year Concord sentence could not lawfully have been reimposed as the Commonwealth contends.  To this day, therefore, the parole board's warrant remains suspended, ready to spring into effect upon the expiry of the defendant's current term of incarceration.  That the trial judge and prosecutor may have believed that the state of affairs was otherwise is irrelevant -- neither has the unilateral authority to modify mandatory sentencing procedures enacted by the legislature.[5] See Clark, petitioner, 34 Mass. App. Ct. 191, 194 (1993).

The upshot of these observations is that the defendant in fact may have been held -- for at least a portion of the period between August 18, 1992 and May 13, 1993 -- simply as a pre-trial detainee.  If so, he must be credited for such "dead time" against the sentences finally imposed on May 13, 1993.  However, before calculating the exact number of days to be credited, it is necessary for us to consider the status

[5] There is no argument here -- nor would the record support such a claim -- that the defendant relied on the fact that his Concord term had been subsumed in the sentences finally imposed on May 13, 1993 in deciding to accept the plea agreement offered by the Commonwealth.

7

defendant's credit might be calculated simply by
determining the total number of days that he was
imprisoned between June 3, 1989 (the date of his
arrest) and May 13, 1993 (the date of his final
resentencing), and subtracting whatever time he
actually would have served on the two year house of
correction sentence (allowing deductions for good time
and other applicable credit). However, while adopting
this tack may be attractive in view of its relative
simplicity, it is problematic.

In <u>North Carolina</u> v. <u>Pearce</u>, 395 U.S. 711, 723-724
(1969), the Supreme Court determined that a criminal
defendant may not be penalized as a result of the
exercise of his appellate rights. The latter scheme
violates this principle. By its terms, the sentence
imposed on the defendant on January 10, 1990 "wiped
out" any sentence the defendant then was serving --
namely the two year house of correction sentence
imposed after the defendant's probation violation. The
defendant should not lose the benefit of this action by
virtue of his appeal. Consonant with this
consideration, we conclude that the defendant is
entitled to a credit equal to the total number of days
already served, less the number of days served on the
basis of his two year house of correction sentence
before imposition of the various "forthwith" sentences
on January 10, 1990.

9

    This case is remanded to the Superior Court for recalculation of the defendant's jail credit consistent with this opinion.

        So Ordered

        By the Court (Brown,
          Ireland & Laurence, JJ.)

        Clerk

Entered:   November 4, 1994.

RA 104

41 MASS APP CT 1101 (1996)

# Commonwealth of Massachusetts

### Appeals Court for the Commonwealth

### At Boston,

In the case no. 96-P-369

### GREGORY DONNELLY, PETITIONER.

*vs.*

pending in the Superior

Court for the County of Middlesex

Ordered, that the following entry be made in the docket:

<u>Judgment affirmed</u>.

By the Court,

_Nancy Tinch Foley_                  , Clerk.

Date   July 31, 1996

NOTE:
The original of the within rescript
will issue in due course, pursuant
...
APPEALS COURT

EXHIBIT
H

RA 110

the Parole Board (board) was mandated by 120 Code Mass. Regs. § 203.10(2) (1990) to withdraw the parole revocation warrant issued as a result of his violation of parole from Concord and to extinguish the remainder of the reformatory sentence. The petition was accompanied by an affidavit from counsel to the board in which she stated that "it is the position of the Parole Board that the general provisions of [§ 203.10(2)] must yield to the specific findings and determination of the Appeals Court in the event that any conflict is found to exist between them" (R. 31-32). The Superior Court judge denied the petition and we affirm the judgment that ensued (R. 47).

The defendant's present appeal appears to be premised upon the fact that he did not raise (and we, therefore, did not have the benefit of) § 203.10(2) when we concluded in Donnelly II that the Concord sentence had not been extinguished by the imposition of the "forthwith" sentences. We pass over the Commonwealth's arguments, that the petition is procedurally improper and that it is barred by principles of res judicata, and conclude that, for substantially those reasons set out in the Commonwealth's brief at pages fifteen through seventeen and expanded upon herein, the defendant is not entitled to an immediate release from incarceration.

The board's authority to withdraw a parole violation warrant is found in G. L. c. 127, § 149. Section 149, as appearing in St. 1986, c. 327, speaks to service of

chapter one hundred and twenty-seven, and shall be discharged at the expiration of his sentence thereto" (emphasis added).

The defendant does not dispute that at the time of the imposition of the forthwith sentences, he was not "serving a sentence of imprisonment in . . . Concord." (brief, pages 11-12).1/

After taking the benefit of the reduction of his sentence provided by our decision in Donnelly II (R. 39), the petitioner relies upon Royce v. Commissioner of Correction, 390 Mass. 425, 427 (1983) ("Once an agency has seen fit to promulgate regulations, it must comply with those regulations"), and demands that the board comply with § 203.10(2) and extinguish his reformatory sentence.  Section 203.10(2) reads:

"Upon the imposition of a forthwith state prison sentence, the Parole Board shall withdraw a parole warrant issued as a result of an alleged violation of parole from a house of correction or reformatory sentence as provided by M.G.L. c. 127, s. 149, and

_____

1/ Had the petitioner been serving the Concord sentence at the time of his forthwith sentences, the reformatory sentence would have been extinguished by reason of c. 279, § 28, and the harmonious provisions of 120 Code Mass. Regs. § 203.10(1), which reads:

"As provided in M.G.L. c.27[9], §§ 27 and 28, where an individual receives a forthwith state prison sentence from either a house of correction sentence or a reformatory sentence, the forthwith state prison sentence extinguishes the house of correction sentence or the reformatory sentence the individual was serving at the time the forthwith state prison sentence was imposed.  Parole eligibility is based solely upon the state prison sentence as defined by M. G. L. c. 127, § 133 and as provided in 120 CMR 203.01."

RA 114

-4-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGORY M. DONNELLY,                  )
                    Petitioner,       )
                                      )
          V.                          )        CIVIL ACTION
                                      )
                                      )        No.
BERNARD BRADY, SUPERINTENDENT,        )
OLD COLONY CORRECTIONAL CENTER,       )
                    Respondent.       )

MOTION FOR STAY OF STATE SENTENCE AND
BAIL PENDING RESOLUTION OF THE INSTANT
HABEAS CORPUS PROCEEDING

Now comes Gregory M. Donnelly, the petitioner, acting pro
se in the above-captioned and numbered action, and respectfully
moves this Honorable Court, pursuant to 28 U.S.C. § 2251, to
stay the execution of the sentence(s) imposed on the petitioner
by the State courts in the matters below; and, that movant be
admitted to reasonable bail pending determination of his peti-
tion for a writ of habeas corpus from the denials of his motions
to correct an illegal sentence and the appeals therefrom,
Commonwealth v. Donnelly, 831 N.E.2d 584 (Mass. 2004)(decided
pursuant to Massachusetts Appeals Court Rules for the Regulation
of Appellate Practice, Rule 1:28), further appellate review
denied October 27, 2004, Supreme Judicial Court No. FAR-14358.[1]

In support hereof, petitioner asserts that, because his
state and federal rights to due process of law were violated
under the terms of a plea bargain agreement regarding a previ-
ously imposed and now expired term of incarceration, he has
already served more time than the court imposed under the con-

---

[1] Copies of the memorandum and orders of the Massachusetts Appeals Court,
issued in the action below, are reproduced in their entirety in the addendum
to petitioner's memorandum in support of his petition for a writ of habeas
corpus filed simultaneously herewith.

-2-

secutive sentencing scheme at issue; and the only remedy avail-
able to him now is that of specific enforcement to the terms of
the said underlying plea agreement thereby crediting him to
time served on <u>all</u> of his consecutive sentences.  Additionally,
since the facts and legal arguments supporting petitioner's
claims have already been extensively briefed and are filed
simultaneously herewith, an elaborate restatement does not
appear necessary.  Nevertheless, in light of the inherent power
of federal courts regarding bail release, see <u>Marino v. Vasquez</u>,
812 F.2d 499, 507 (9th Cir. 1987)("The federal court's author-
ity to release a state prisoner on recognizance or surety in
the course of a habeas corpus proceeding derives from the power
to issue the writ itself."), a brief rejoinder is in order and
is set forth below.

PRIOR PROCEEDINGS

The prior proceedings underlying this action are set out
in petitioner's memorandum in support of habeas corpus relief,
and his affidavit filed in State court in support of his motion
to correct an illegal sentence at RA 68, ¶ 3 through RA 70, ¶ 14,[2]
his State court memorandum at RA 116 through 122, and his State
court motion for reconsideration at RA 136 through 137.

STATEMENT OF THE FACTS

Of paramount significance in the matter at hand is that the
petitioner pleaded guilty before the Middlesex Superior Court
regarding Indictment Nos. 89-2016 through 89-2018 under a plea

---

[2] References to petitioner's affidavit and exhibits in support of his motion
to correct an illegal sentence, and submitted in his record appendix on file
with the Massachusetts Appeals Court, will be designated as (RA __, ¶ __)
followed by page and paragraph number(s); and to his memorandum and motion
for reconsideration as (RA    ) followed by page number(s).

-3-

agreement with the Commonwealth, which was accepted by the Court (Quinlan, J.). (RA 68-69, ¶¶ 6-8; 76-79, 82-84, 94-95, 119-120) Under the terms of the said plea agreement, the petitioner would serve a sentence of 10 to 10½ years, with a term of 6 to 8 years from-and-after, suspended for five years supervised probation. Said sentencing scheme would "forthwith" or extinguish the remainder of a 20 year Reformatory sentence to the Massachusetts Correctional Institution, at Concord, previously imposed on the petitioner by the Plymouth County Superior Court. (RA 69, ¶ 8; 90-95, 119-120)  Additional factors relevant to the illegal consecutive sentencing scheme under review are set out in peti- tioner's memorandum filed in support of habeas relief and also contained in his record appendix on file with the Massachusetts Appeals Court at RA 69-70, ¶¶ 9-15; 98-100, 105-109, 115, 120-22.

In addition, on or about April 2, 2002, the petitioner pleaded guilty in the Middlesex County Superior Court under Indictment Nos. 99-1193-001 through 99-1193-008.  Under the terms of that said plea agreement, petitioner is to serve terms of two and one-half years under Indictment Nos. 99-1193-001, 99-1193-002, 99-1193-004, and 99-1193-006, said sentences are to run concurrently with eachother and from-and-after the 6 to 8 year sentence petitioner is currently serving under Suffolk Indictment Nos. 99-11105A and 99-11105B (formerly Middlesex Indictment No. 89-2018, see RA 63-67).  (See attached copies of Middlesex Mittimus Nos. 99-1193-001, 99-1193-002, 99-1193-004, and 99-1193-006, marked as Exhibits "3", "4", "5", and "6",

-4-

respectively.) Petitioner has been further ordered to serve a three year term of supervised probation under Indictment No. 99-1193-003, to commence from-and-after the expiration of the two and one-half year terms of incarceration imposed under Indictment Nos. 99-1193-001, 99-1193-002, 99-1193-004, and 99-1193-006. The remaining charges were placed on file with petitioner's consent. (See attached copies of Middlesex Docket Sheets, Indictment Nos. 99-1193-001 through 99-1193-008, entry No. 15, marked as Exhibit "7")

Further, had the plea agreement underlying Middlesex Indictment Nos. 89-2016 through 89-2018 been fulfilled, the petitioner would have been discharged from the 10 to 10½ year sentences under Middlesex Indictment Nos. 89-2016 and 89-2017 on January 9, 1995, to begin serving the term of probation under Middlesex Indictment No. 89-2018. (RA 76-77, 90-93; and copy of "administrative chronology" for the Concord Reformatory sentence, attached as Exhibit "8-A") However, based on a decision by the Massachusetts Appeals Court, cited as Commonwealth v. Donnelly, 37 Mass.App.Ct. 1117 (1994)(RA 96-104), petitioner was released from the said 10 to 10½ year Middlesex sentences on January 9, 1995, to serve 2153 days, either incarcerated or on parole, under a previously imposed 20 year Concord Reformatory sentence before being discharged on December 1, 2000, to begin serving the 6 to 8 year sentence imposed under Middlesex Indictment No. 89-2018. (See attached Exhibit "8-B"; and copy of "inmate sentence listing", attached as Exhibit "9-A")

-5-

That based on the said restructured consecutive sentencing scheme underlying Middlesex Indictment Nos. 89-2016 through 89-2018 as aforesaid, the petitioner has already served more time than the combined aggregate of the 6 to 8 year sentence imposed under Middlesex Indictment No. 89-2018 and the consecutive 2½ year term imposed under Middlesex Indictment Nos. 99-1193-001, 99-1193-002, 99-1193-004, and 99-1193-006, or well over 10½ years as illustrated below:

```
  10378 *  -- May 31, 2011
-  6545    -- December 1, 2000
   3833    -- Number of days to serve on a 10½ year sentence
              -- 8 years under Middlesex No. 89-2018 plus 2½
              years under Middlesex Nos. 99-1193-001,
              99-1193-002, 99-1193-004, and 99-1193-006

   8025    -- December 20, 2004
-  4392    -- January 9, 1995
   3633    -- Number of days served by petitioner after his
              release from the 10 to 10½ year Middlesex
              sentences under Nos. 89-2016 and 89-2017.
+   825    -- Number of days of sentence deductions under
              6 to 8 year Middlesex No. 89-2018, which
              would have accrued for time incarcerated
              pursuant to G.L. c. 127, § 129 (repealed by
              St. 1993, c. 432, § 10) -- that is, 1200 days
              minus 375 days for time served while on parole
              release, while serving the 20 year Concord
              and 8 year prison sentence after Jan. 1, 1995.
+   225    -- Number of days of sentence deductions peti-
              tioner accrued pursuant to G.L. c. 127, 129D
              after December 1, 2000.
   ____
   4683    -- Total number of days accumulated by petitioner
              under sentences to date.
-  3833    -- Number of days to serve on the aggregate of
              a 10½ year sentence -- that is 8 years under
              Middlesex No. 89-2018 plus 2½ years under
   ____     Middlesex Nos. 99-1193-001, 002, 004, and 006.
    850    -- Number of days already served beyond the com-
              bined sentences imposed on the petitioner.
```

---

* Numerical equivalents for the dates at issue have been excerpted from a sentence calculation calendar, portions of which are reproduced in the addendum attached to this bail petition at pages designated ADD-1 thru ADD-5.

-6-

ARGUMENT

Generally, to establish the right to release on recognizance or surety the petitioner must demonstrate: (1) that the petition presents a "substantial question" as to the constitutionality of the prisoner's detention, Aronson v. May, ___ U.S. ___, 85 S.Ct. 3, 5 (1964); (2) "that a denial of bail could leave the petitioner without remedy" given how much time will be expended in adjudicating his substantial claims, Marino v. Vasquez, supra, 812 F.2d at 509, or given other "extraordinary circumstances ... that make the grant of bail necessary to make the habeas remedy effective", Iuteri v. Nardoza, 662 F.2d 159, 161 (2nd Cir. 1981); and (3) that there is little risk that the petitioner will flee, given the surety or other conditions the court could impose, Marino v. Vasquez, supra, 812 F.2d at 508-509. Application of the foregoing standards clearly indicate that the instant petition for stay of execution and bail pending resolution of the habeas corpus petition should be allowed.

I.   FACTORS PRESENTED FOR REVIEW

a.   Nature and Circumstances of the Offense:

The facts underlying the offenses for which the petitioner was convicted are set out in the change of plea transcripts and are reproduced in petitioner's record appendix at RA 19-38 -- Middlesex Indictment Nos. 99-1193-001 through 99-1193-008; RA 79-82 -- Middlesex Indictment Nos. 89-2016 through 89-2018, respectively.

-7-

b.  Potential Penalty Faced by the Petitioner:

As indicated above, the petitioner has already been sentenced and is now serving an aggregate term of incarceration of 10½ years, with a sentence effective date, according to the Commonwealth, of December 1, 2000. (Exhibit "9-A")  As of October 5, 2004, the Commonwealth determined that petitioner would be discharged from his 6 to 8 year sentence on January 22, 2005, to his 2½ year from-and-after sentence. (See "inmate sentence Listing", Exhibit "9-B")  Conversely, according to the petitioner's calculations, he has already served all of his sentences in toto, and is some 850 days beyond his release date for all sentences when sentence deductions already accrued pursuant to G.L. c. 127, § 129D, are included.  In addition, petitioner has a three year term of probation to serve upon his discharge from the aggregated 10½ year sentences at issue. (See Exhibit 7, entry # 15)

c.  Family Ties and Length of Residence in the Community:

The petitioner has been a life-long resident of the Commonwealth of Massachusetts.  Additionally, the petitioner's entire family resides in Massachusetts.  Petitioner's sister Cathy owns a home in Rochester, MA.  His sister Annmarie owns a home in Brockton, MA.  Petitioner's fiancee Louise and her children reside in Middleboro, MA.  Petitioner's family also own rental properties in Brockton.  Should this court entertain granting bail, the petitioner would be released to three years of supervised probation and would defer approval of his residence to

-8-

his probation officer.

d.  Financial Resources:

The petitioner is presently indigent.  Petitioner's family
are average working people without the financial means to assist
the petitioner to any great degree.  The instant matter has
put the petitioner's family to considerable expense.

e.  Employment Record:

The petitioner has been gainfully employed throughout his
adult life.  He possesses a General Educational Development
(G.E.D.) Certificate -- High School equivalency, and many
licenses and certifications in the construction trades, e.g.,
welding, hoisting, scaffolding, air driven power tools, etc.
Petitioner is also a member in good standing with the Boston
area construction unions and would be gainfully employed in the
construction trades upon his release or bail, as well as super-
vised by probation personnel from Middlesex County for three
years.

f.  History of Mental Illness:

The petitioner has no history of mental illness.

g.  Reputation:

The petitioner's reputation in the community is one of
honesty and generosity.  Petitioner was a hard working individ-
ual in pursuit of his goals.  Prior to this incident petitioner
rented a home in Southboro, MA, paid taxes, assisted the communi-
ty, and obeyed the laws of the commonwealth.

h.  Record of Convictions:

The petitioner's prior criminal record is extensively

-9-

addressed in the change of plea transcripts contained in the record appendix which accompanies this motion at RA 11-18, 72-73; and petitioner's affidavit in support of his motion to correct an illegal sentence at RA 68, ¶ 3.  Succinctly, petitioner was initially convicted of armed robbery in 1980 for which he received a 20 year sentence to Concord Reformatory.  Thereafter, on May 13, 1993, petitioner pleaded guilty to several charges stemming from a 1989 motor vehicle accident, death resulting, for which he received two 10 to 10½ year sentences, run concurrently, with a 6 to 8 year sentence to run from-and-after, the 10 to 10½ year sentences, suspended for five years supervised probation.  Finally, during the five year period of probation, petitioner was again arrested in 1999 for several motor vehicle infractions for which he pleaded guilty, had his 6 to 8 year suspended sentence invoked, and received two 2½ year sentences to run concurrently and from-and-after the completion of his previously imposed 6 to 8 year term, with a three year period of supervised probation to take effect from-and-after the completion of the 2½ year sentences.  Although petitioner's 1980 offense was a crime of violence, and death resulted from the motor vehicle accident which occurred in 1989, it is clearly evident from the record that the petitioner is plagued by an alcohol addiction which he has addressed while incarcerated and will continue to address while serving his from-and-after 3 year term of supervised probation under Middlesex Indictment No. 99-1193-003.

-10-

i.  Illegal Drug Distribution or Present Drug Dependency:

The petitioner has no history of illegal drug distribution or present drug dependency.

j.  Flight to Avoid Prosecution:

The petitioner has no defaults for failure to appear in court on his record.  Petitioner further states that should he be granted bail pending appeal he will be placed on supervised probation by the Middlesex County Probation Department under Middlesex Indictment No. 99-1193-003.

II.  OTHER FACTORS

a.  Danger to Any Other Person or to the Community:

Although the Commonwealth may allege that the petitioner represents a danger to the community by virture of the offenses underlying his criminal convictions, petitioner will be returning to the community within the next 2½ years -- i.e., discharge from his 6 to 8 year sentence on December 24, 2004, to begin serving a 2½ year Middlesex Jail sentence, and thereafter, serving a 3 year term of supervised probation under Middlesex Indictment No. 99-1193-006.  (Exhibit "7", entry # 15)

b.  Possible Further Criminal Acts While Appeal is Pending:

Although the Commonwealth may speculate in this area, the petitioner would be gainfully employed and under supervised probation under Middlesex Indictment No. 99-1193-003 pending the disposition of his appeal from the denial of his motion to correct an illegal sentence and he would not engage in any form of criminal activity.

-11-

    c.  <u>Likelihood of Success on the Merits of the Appeal</u>:

The petitioner asserts that because his right to due process of law was violated in that the sentences underlying the issue at bar did not comport with specific performance to the terms of the plea agreement entered into between the parties, the denial of petitioner's motion to correct an illegal sentence cannot stand.  In further support hereof, the petitioner states he has heretofore prepared and filed his memorandum in support of his petition for a writ of habeas corpus, raising the following arguments for review:

    i.  It is clear on the face of the record that the sentence at issue does not comport with specific performance to the terms of the defendant's plea agreement and, therefore, violates due process of law;

   ii.  Resentencing under terms approximating specific performance to the plea agreement is required to cure the due process deprivation at bar.

In addition, the petitioner submits that there are other criteria which this court may, but is not required to, consider in evaluating the instant motion.  For example, "... release pending appeal should be granted, notwithstanding the sentence imposed, unless any of the following circumstances preclude such release: 1) the appeal is frivolous; 2) the appeal is taken for delay ..." <u>United States v. Tallent</u>, 407 F.Supp. 896, 897 (N.D.Ga. 1975), quoting <u>Leary v. United States</u>, 431 F.2d 85, 87-88 (5th Cir. 1970).  See also, <u>Government of the Virgin Islands v. Callwood</u>, 296 F.Supp. 943 (D.C.V.I. 1969)(discretion should be exercised in favor of bail pending appeal); and

-12-

<u>United States v. Provensano</u>, 605 F.2d 85 (3rd Cir. 1979)("...
bail should be denied under the Bail Reform Act only as a matter
of last resort.").

The petitioner recognizes that the sentence imposed on him
would not expire according to the Commonwealth's calculations
for another 2½ years, which as the argument goes would mitigate
against his release pending appeal.  Nevertheless, petitioner
respectfully refers this court to the following observation
regarding bail pending appeal from <u>Commonwealth v. Hodge</u>, (No.
1) 406 N.E.2d 1010, 1014 (Mass. 1979):

> The practice is grounded in rudimentary
> notions of justice, for the right of appeal,
> which our law accords all persons convicted
> of crime, would otherwise be made nugatory in
> the case of a short sentence, and would be
> impaired in the case of a larger sentence:
> The conviction may be reversible, but the time
> spent in prison is not.

citing <u>Commonwealth v. Levin</u>, 388 N.E.2d 1207, 1213 (Mass. 1979).

WHEREFORE, the petitioner respectfully prays this Honor-
able Court exercise its discretion and stay the further execu-
tion of the remainder of the sentences imposed on him; and
FURTHERMORE, that the petitioner be granted reasonable bail
pending the decision on his petition for a writ of habeas
corpus.

Dated: <u>DECEMBER 20, 2004</u>          Respectfully submitted,

Gregory M. Donnelly, <u>pro se</u>
Petitioner
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

*Duplicate Mitt*

### MITTIMUS TO Middlesex House of Correction (Billerica)

**Docket #MICR1999-1193-001**

To the Sheriff of said County of **Middlesex**, his deputies, the Officers hereinafter named and the Superintendent of the **Middlesex House of Correction (Billerica)**

**GREETING:**

**Whereas,** by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at **Cambridge** within and for the County of **Middlesex**, on the **2nd day of April** in the year of our Lord **2002.**
**Gregory M Donnelly**
now in the custody of the Sheriff of said County of **Middlesex**, convicted of the crime of:

090:024:2a.3   Unauthorized use of MV, 2d offns                08/06/1999

for which crime the said **Gregory M Donnelly** was sentenced to be confined in the **Middlesex House of Correction (Billerica).**

We therefore, **command you,** the said Sheriff, Deputies and Officers of the Court to remove the said **Gregory M Donnelly** from the Jail in **Cambridge** the said County of **Middlesex**, to the **Middlesex House of Correction (Billerica)**, and **we command you,** the said Superintendent to receive the said **Gregory M Donnelly** and immediately thereon to cause the said **defendant** to be confined therein for a term of **TWO and ONE-HALF YEARS** as aforesaid.

**This sentence to run from end after the sentence now being served in said Institution.**

**WITNESS, Suzanne V. DelVecchio,** Chief Justice of said Court and the seal thereof at **Cambridge** aforesaid, this **2nd day of April** in the year of our Lord **2002.**

..................................................
Deputy Assistant Clerk

### RETURN

Middlesex, SS.

Cambridge
_____2002

In obedience to the within warrant, I have conveyed the within named defendant to the **Middlesex House of Correction (Billerica)**, and delivered him to the Superintendent thereof with a copy of this warrant.

VICTIM WITNESS FEE OF $60 IMPOSED THIS DAY.

Deputy Sheriff, of said County
Officer of the Court named within.

EXHIBIT "3"

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

### MITTIMUS TO Middlesex House of Correction (Billerica)

**Docket #MICR1999-1193-002**

To the Sheriff of said County of **Middlesex**, his deputies, the Officers hereinafter named and the Superintendent of the **Middlesex House of Correction (Billerica)**

### GREETING:

**Whereas**, by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at **Cambridge** within and for the County of **Middlesex**, on the **2nd day of April** in the year of our Lord **2002**.

### Gregory M Donnelly

now in the custody of the Sheriff of said County of **Middlesex**, convicted of the crime of:

| 265:015B:b | Assault, dangerous weapon | 08/06/1999 |
|---|---|---|

for which crime the said **Gregory M Donnelly** was sentenced to be confined in the **Middlesex House of Correction (Billerica)**.

We therefore, **command you**, the said Sheriff, Deputies and Officers of the Court to remove the said **Gregory M Donnelly** from the Jail in **Cambridge** the said County of **Middlesex**, to the **Middlesex House of Correction (Billerica)**, and **we command you**, the said Superintendent to receive the said **Gregory M Donnelly** and immediately thereon to cause the said **defendant** to be confined therein for a term of **TWO and ONE-HALF YEARS** as aforesaid.

**This sentence to run concurrent with the sentence imposed this day in 99-1193-001.**

**WITNESS, Suzanne V. DelVecchio,** Chief Justice of said Court and the seal thereof at **Cambridge** aforesaid, this **2nd day of April** in the year of our Lord **2002**.

..................................................
Deputy Assistant Clerk

### RETURN

Middlesex, SS.

Cambridge
_____ 2002

In obedience to the within warrant, I have conveyed the within named defendant to the **Middlesex House of Correction (Billerica)**, and delivered him to the Superintendent thereof with a copy of this warrant.

Deputy Sheriff, of said County
Officer of the Court named within.

EXHIBIT "4"

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

### MITTIMUS TO Middlesex House of Correction (Billerica)

Docket #MICR1999-1193-004

To the Sheriff of said County of **Middlesex**, his deputies, the Officers hereinafter named and the Superintendent of the **Middlesex House of Correction (Billerica)**

GREETING:

**Whereas**, by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at **Cambridge** within and for the County of **Middlesex**, on the **2nd day of April** in the year of our Lord **2002**.
### Gregory M Donnelly
now in the custody of the Sheriff of said County of **Middlesex**, convicted of the crime of:

090:024:1a1.1 Operate MV under influence, alcohol/intoxicant      08/06/1999

for which crime the said **Gregory M Donnelly** was sentenced to be confined in the **Middlesex House of Correction (Billerica)**.

We therefore, **command you**, the said Sheriff, Deputies and Officers of the Court to remove the said **Gregory M Donnelly** from the Jail in **Cambridge** the said County of **Middlesex**, to the **Middlesex House of Correction (Billerica)**, and **we command you**, the said Superintendent to receive the said **Gregory M Donnelly** and immediately thereon to cause the said **defendant** to be confined therein for a term of **TWO and ONE-HALF YEARS** as aforesaid.

This sentence to run concurrent with the sentence imposed this day in 99-1193-001.

**WITNESS, Suzanne V. DelVecchio**, Chief Justice of said Court and the seal thereof at **Cambridge** aforesaid, this **2nd day of April** in the year of our Lord **2002**.

........................................................
/Deputy Assistant Clerk

### RETURN

Middlesex, SS.

Cambridge
_____2002

In obedience to the within warrant, I have conveyed the within named defendant to the **Middlesex House of Correction (Billerica)**, and delivered him to the Superintendent thereof with a copy of this warrant.

Deputy Sheriff, of said County
Officer of the Court named within.

EXHIBIT "5"

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

### MITTIMUS TO **Middlesex House of Correction (Billerica)**

<div align="right">

**Docket #MICR1999-1193-006**

</div>

To the Sheriff of said County of **Middlesex**, his deputies, the Officers hereinafter named and the Superintendent of the **Middlesex House of Correction (Billerica)**

<div align="right">

**GREETING:**

</div>

**Whereas,** by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at **Cambridge** within and for the County of **Middlesex**, on the **2nd day of April** in the year of our Lord **2002**.

<div align="center">

**Gregory M Donnelly**

</div>

now in the custody of the Sheriff of said County of **Middlesex**, convicted of the crime of:

**Operating MV after Revocation of License for Motor Vehicle Homicide    8/6/1999**

for which crime the said **Gregory M Donnelly** was sentenced to be confined in the **Middlesex House of Correction (Billerica)**.

We therefore, **command you**, the said Sheriff, Deputies and Officers of the Court to remove the said **Gregory M Donnelly** from the Jail in **Cambridge** the said County of **Middlesex**, to the **Middlesex House of Correction (Billerica)**, and **we command you**, the said Superintendent to receive the said **Gregory M Donnelly** and immediately thereon to cause the said **defendant** to be confined therein for a term of **TWO and ONE-HALF YEARS** as aforesaid.

**This sentence to run concurrent with the sentence imposed this day in 99-1193-001.**

**WITNESS, Suzanne V. DelVecchio,** Chief Justice of said Court and the seal thereof at **Cambridge** aforesaid, this **2nd day of April** in the year of our Lord **2002**.

<div align="right">

...........................................................
Deputy Assistant Clerk

</div>

<div align="center">

**RETURN**

</div>

Middlesex, SS.

<div align="right">

Cambridge
_____2002

</div>

In obedience to the within warrant, I have conveyed the within named defendant to the **Middlesex House of Correction (Billerica)**, and delivered him to the Superintendent thereof with a copy of this warrant.

<div align="right">

Deputy Sheriff, of said County
Officer of the Court named within.

</div>

<div align="right">

EXHIBIT "6"

</div>

MAS-20020121

10/31/2
02:57

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

# MICR1999-01193
# Commonwealth v Donnelly, Gregory M

| | | | | |
|---|---|---|---|---|
| File Date | 09/22/1999 | Status | Disposed (sentenced) (dsenimp) | |
| Status Date | 04/02/2002 | Session | 5 - Crim 5 (10B Cambridge) | |
| Jury Trial | Yes | Origin | I - Indictment | |
| Lead Case | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Trial Deadline | 09/28/2000 | Deadline Status | Deadline active since return date | Status Date | 09/30/1999 |
| | | Custody Status | | Start Date | |
| Weapon | | Substance | | Prior Record | Unknown |
| Arraignment | 09/29/1999 | PTC Deadline | | Pro Se Defendant | No |

## OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 08/06/1999 | 090:024:2a.3 | Guilty plea | 04/02/2002 |
| | Unauthorized use of MV, 2d offns | | | |
| 2 | 08/06/1999 | 265:015B:b | Guilty plea | 04/02/2002 |
| | Assault, dangerous weapon | | | |
| 3 | 08/06/1999 | 265:015B:b | Guilty plea | 04/02/2002 |
| | Assault, dangerous weapon | | | |
| 4 | 08/06/1999 | 090:024:1a1.1 | Guilty plea | 04/02/2002 |
| | Operate MV under influence, alcohol/intoxicant | | | |
| 5 | 08/06/1999 | 090:024:2a.1 | Filed (guilty plea) | 04/02/2002 |
| | Operate MV recklessly/negligently, endangerment | | | |
| 6 | 08/06/1999 | 090:023 | Guilty plea | 04/02/2002 |
| | Operate MV after license revocation/suspension | | | |
| 7 | 08/06/1999 | 090:025 | Filed (guilty plea) | 04/02/2002 |
| | Refuse to give name, liscense, reg, fail to stop MV for police officer | | | |
| 8 | 08/06/1999 | 268:032:B | Filed (guilty plea) | 04/02/2002 |
| | Resisting a police officer making a lawful arrest | | | |

## PARTIES

**Defendant**
Gregory M  Donnelly
Gender: Male
Active 09/22/1999

**Private Counsel 542793**
Anthony Annino, III
101 Tremont Street #800
Boston, MA 02108
Phone: 617-426-1100
Fax:
Withdrawn 09/21/2000

**Private Counsel 558312**
Rosemary Curran Scapicchio
4 Longfellow Place
Suite 3703
Boston, MA 02114
Phone: 617-263-7400
Fax: 617-742-5761
Active 05/24/2000 Notify

EXHIBIT "7"

MAS-20020121

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

# MICR1999-01193
## Commonwealth v Donnelly, Gregory M

| Date | Paper | Text |
|------|-------|------|
| 04/21/2000 | | Continued until 05/24/2000 Question of Counsel |
| 04/21/2000 | | Reporter present: Debbie Belanger |
| 05/19/2000 | | Habeas corpus for Deft at MCI at Concord for 5/24/00 |
| 05/24/2000 | | Appearance of Deft's Atty: Rosemary Curran Scapicchio. Filed In Court |
| 06/23/2000 | 5.0 | Motion by Deft: to advance and continue filed in court and allowed (Graham,J) |
| 06/23/2000 | | Continued until 6-26-00 at 9AM status |
| 06/28/2000 | | Continued until 07/14/2000 Status |
| 06/28/2000 | | Reporter present: John Lynch |
| 07/14/2000 | | Continued until 07/26/2000 Status |
| 07/14/2000 | | Reporter present: John Lynch |
| 07/26/2000 | | Continued until 08/29/2000 LC |
| 07/26/2000 | | Reporter present: Paula Connelly |
| 08/29/2000 | | Continued until 09/20/2000 LC |
| 08/29/2000 | | Reporter present: John Lynch |
| 09/13/2000 | | Habeas corpus for Deft at MCI at Concord for9/20/00 |
| 10/19/2000 | | Habeas corpus for Deft at Old Colony at Bridgewater for 10/27/00 |
| 10/24/2000 | 6.0 | Motion by Deft To Suppress With Memorandum And Affidavit In Support.] |
| 10/24/2000 | 7.0 | Motion by Deft: To Suppress Statements Given Under The Influence With Memorandum Of Law And Affidavit In Support. |
| 10/27/2000 | | Continued until 11-29-00 Motion to Suppress |
| 10/27/2000 | | Reporter present: Bob Jacques |
| 11/29/2000 | | Continued until 12/18/2000 Motion to Suppress |
| 11/29/2000 | | Reporter present: Debbie Belanger |
| 12/12/2000 | | Habeas corpus for Deft at Old Colony Correctional Center 12/18/00 |
| 12/18/2000 | | Continued until 1-10-01 Motion to Suppress |
| 12/18/2000 | | Reporter present: Debbie Belanger |
| 01/04/2001 | | Habeas corpus for Deft at Old Colony Bridgewater for 1/10/01 |
| 01/10/2001 | 8.0 | Habe: returned wo/service |
| 01/10/2001 | | Continued until 01/18/2001 Motion to Suppress |
| 01/10/2001 | | Reporter present: John Lynch |
| 01/12/2001 | | Habeas corpus for Deft at Old Colony C.C. in Bridgewater for 1/18/01 |
| 01/18/2001 | | Sent to 12B Motion to Suppress |
| 01/18/2001 | | Continued until 02/08/2001 ATD |
| 01/18/2001 | | Reporter present: John Lynch |
| 01/18/2001 | | Motion (P#7) Motion To Suppress Held and taken under advisement. (Neel, J.) Case rescheduled to 2/8/01 for assignment of trial date in 6B. |
| 02/02/2001 | | Motion (P#6) Denied See Memorandum of Decision (Both sides notified) |
| 02/02/2001 | 9.0 | Memorandum Of Decision And Order On Motion To Suppress For the reasons stated above, the defendant Gregory M. Donnelly's motion to suppress his August 6, 1999 Emerson Hospital medical records is DENIED. Both Sides Notified. (Stephen E. Neel, Justice) |
| 02/08/2001 | | Continued until 3-16-01 Status & 5-30-01 Trial |
| 02/08/2001 | | Reporter present: Rick Romanow |
| 03/13/2001 | 10.0 | Affidavit in support of motion to suppress |

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

# MICR1999-01193
## Commonwealth v Donnelly, Gregory M

| Date | Paper | Text |
|------|-------|------|
| | | when unemployed. (3) Not to operate motor vehicle until Registry of MV reinstates Deft's License. This sentence to take effect from and after the expiration of the sentence Imposed this day in #99-1193-001. (Charles M. Grabau, R. A. J.) |
| 04/02/2002 | | Defendant warned per Chapter 278, Sec 29D of alien status |
| 04/02/2002 | | Attested copy of Indictment to Billerica House of Correction Records. |
| 04/02/2002 | | Abstract sent to RMV |
| 04/02/2002 | | Reporter present: LaVallee, Carol |
| 04/30/2002 | 16.0 | Defendant files Motion to Revise and Revoke Sentence Pursuant To Mass. R. Crim.P. 29 Sentence, with Affidavit (copy sent to Judge Grabau) |
| 05/01/2002 | | Motion # 16 , The defendants Motion is timely filed.  The defendant motion to Postpone or Delay action on the instant motion until he begins serving the House of Correcton Sentence is Denied in my Discretion.  The Defendant  has an additional 30 days from this Order by which to supplement the supporting affidavit.  I fno Additional affidavit is filed. The instant Motion will be acted on.  (Charles Grabau, Regional Administrative Justice) |
| 05/28/2002 | 17.0 | Supplement Affidavit Of Defendant Gregory Donnelly In Support Of His Motion To Revoke And Revise, with Affidavit Sentence (copy sent to Judge Charles Grabau) |
| 05/29/2002 | | Motion # 16 After Review of the Supplemental Affidavit filed on May 28, 2002 I Deny the Defendants Motion under Rule 29 in the exercise of my Discretion.  Grabau, J |
| 06/26/2002 | | Duplicate Mittimus issued to Old Colong Correctional Center |

## ADMINISTRATIVE CHRONOLOGY

NAME _Donnelly, Gregory_                    IDENTIFIER: _C-47732_

| Date | |
|---|---|
| 9-8-88 | Paroled to Residential Alcohol Program ㉔ |
| 6-19-89 | Revoked |
| 6-20-89 | Ret (effect: 6-6-89) |
| 7/28/89 | Concord Class bd, Gardner VOTe 3/0 |
| 7-31-89 | Cambridge S.C. + Ret'd (# 89-2014 to 89-2022) Pled Guilty to Manslaughter |
| 8-11-89 | Concord D.C. + Ret'd (# 8947CR1562) |
| 8-14-89 | SUPERINTENDENT'S DECISION: NCCI- GARDNER |
| 8-14-89 | COMMISSIONER'S DECISION: NCCI-GARDNER |
| 8-14-89 | TRANSFER TO: NCCI-GARDNER |
| 8/21/89 | Overstate at need |
| 8/21/89 | Oted - Thayer Hall. Rev 1/90, resolve (C.O.P.) |
| 8-25-89 | To Gardner DC + ret'd (#8763CR1939) Probation revoked. (~~sentence exspires~~) 2yrs H/C CC (not rec'd) ㉕ |
| 9-6-89 | To Camb S.C. & ret'd (#892014) Cont'd   9-29-89   ㉞ |
| 9-29-89 | To Cambridge SC & ret'd; # 89-2014 cont'd 10-5-89 ⓓⓦ |
| 10-25-89 | Hate to Cambridge SC & ret'd; # 89-2014 cont'd 10-17-89 ⓓⓦ |
| 11-17-89 | Hate To Cambridge SC + REJ'd; #89-2014. |
| 11-20-89 | ~~to~~ Hate To Cambridge SC + RET'd; |
| 12-4-89 | Hate to Cambridge SC. + ret'd #89-2014 Cont'd until 12/11/89 ~~see same Hate~~ (pg) |
| 12-11-89 | To Cambridge Sup. Ct. & remanded. ㉔ |
| 1-10-90 | returned from remand. |
| 1-24-90 | Rec'd forthwith to MCI. awespire COD 4/15/95 |
| 12-12-94 | Trans MCI Shirley med ㉔ |
| 5-1-95 | UTR Bd: rec. remain at MCI-Shirley (med), rev. 11/95 |
| 10-25-95 | Parole board (office). Parole denied. AR 7/96          EXHIBIT "8-A" |
| 11-17-95 | Unit team Recommends Inmate placement at Smec. Rev 5-96   L/ |

## ADMINISTRATIVE CHRONOLOGY

NAME: _Donnelly Gregory_    IDENTIFIER: _C47732_

| DATE | INITIALS | |
|------|----------|--|
| 1-9-95 | GWL | COD to Concord Sentence 4/15/ on P.V warrant (eff 1-9-95) |
| 3-29-95 | | Hobe Lowell SC & rets MICV 90-018= |
| 5-1-95 | | Continued Hobe to be forwarded Unit team recommends remand 5yr med. Rv 11/95 |
| 5-10-95 | | Supers decision: reman Sh (med) |
| 5-7-95 | | On hobe to Lowell SC + rets. MICV 90 01833. Cont - no date Hobe to Cambridge S.C & rets. MICV 95 0233 Civil - under advisement. Remand |
| 7-15-95 | | Supers decision. modifyd from Shirly (min) scur S/t prog Rv 3/9, |
| 1-10-96 | | From Shirly (me) |
| 1-10-96 | | ORI update |
| 2-6-96 | Sh | Hobe to Camb. Sup Court - taken und advisement |

EXHIBIT "8-B"

5

## ADMINISTRATIVE CHRONOLOGY

NAME: _Donnelly, Gregory_            IDENTIFIER: _C47732_

| DATE | INITIALS | |
|------|----------|---|
| 8-2-96 | TB | PBV — Reserve after Completion of CRA program S/D; S/J/as frequent Urine, Report to Probation not after release, not before & reserve not before 9-30-9, frequent Urines, all, money voluve work 2 weeks |
| 8-30-96 | JMS | OdI npleted |
| 8-27-96 | JMS | Cl bd rec remain due & reserve date No 2/97 |
| 7-12-96 | RB (m) | Commissioner Approved Class Board of 2-16- |
| 9/20/96 | | Met w/ attorney Ed Gaffney attorney given copies of adm. Chronology C47732 w/ Parole consent copy PV warrant copy memo re: PV warrant execution Copy Sentence Lesting W47826 (hw) |
| 9-23-96 | RB | Superintendent Approved Class Bd of 8-29 |
| 10-2-96 | MC | Paroled |
| 11-5-96 | SH | 6part & prior 6part and mitt sent to MCI-Concord Archives |

EXHIBIT "8-C"

ADMINISTRATIVE CHRONOLOGY

Name: Donnelly, Gregory                     Identifier: C472?

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| Date | Initial | |
|------|---------|---|
| 7-17-98 | SH | Revoked |
| 7-22-98 | SH | Ret'd to con (eff 7-22-98) |
| 8-25-98 | SD | Sent Sentence listing and D.F.S. Sheet 3+0 |
| | | Inmate and folder Audit. |
| 10-1-98 | GP | Moved to Minsham O/c + ret # 9858CR1318 |
| 10-16-98 | RG | Case Dismissed - Not Guilty |
| | | CCC Board Recommends MCI Plymouth (3+0) |
| 10-26-98 | CL | SUPERINTENDENT'S DECISION: Plymouth |
| 11-5-98 | | COMMISSIONER'S DECISION: approved Plymouth Minimum |
| 11-23-98 | CL | Transferred to Plymouth Minimum |
| 12-18-98 | DM | Paroled |
| 8-19-99 | | Revoked |
| 9-19-99 | | Ret'd Concord (eff: 8-10-99) |
| 9-15-99 | KS | dates sent / folder audited |
| 8-12-99 | GP | Marlboro O/c + ret 99-1184 Cont No date |
| 9-3-99 | GP | Marlboro O/c + ret 99-184 Cont 10-6-99 |
| 9-24-99 | Lg | CCC Board recommends 3-0 NCCI (4) |
| 9-29-99 | GP | CAM sk + ret Cont 11-3-99 |
| 10/8/99 | KS | SUPERINTENDENT'S DECISION: NOR Level 4 |
| 10/15/99 | KS | COMMISSIONER'S DECISION: MCI NORFOLK Level 4 |
| 11-2-99 | GP | SSC + ret 99-11105 - Cont 11-30-99 |
| 12-1-99 | CL | Final Placement Concord Pl/F/Level 4 |

EXHIBIT "8-D"

```
                    Inmate Sentence Listing
              W68860        DONNELLY,GREGORY M
Report Date:2004 1005 12:35:51
```
A\\

```
------------------------------------------------------------------
                       Sentence Unit: A
------------------------------------------------------------------
Sent #: 1        Statute:   DUI  90      24L   1                    741
                       DUI - Injury resulting
    Off. Date:  19890603
   Sent. Type:  State Prison                        PE:    20021130
     Imposed:   20000127                            Min:   20061130
     Invoked:   20001201         6Y TO 8Y           Max:   20081130
  Jail Credit:  0                                   Gcd:   20050818
   Effective:   20001201
       Court:   SUFFOLK SUPERIOR COURT
      Docket:   99-11105

                                   6 Months Earn Good Time Restrictions.
     6 Months Probation Restrictions.     6 Months Statutory good Time
     6 Months Work Release Restrictions.  Restrictions.
     6 Months Parole Restrictions.        6 Months Camp Time Restrictions.
                                   6 Months Furlough Restrictions.
------------------------------------------------------------------
Sent #: 2        Statute:   2ND  90      24    2    a               710
                       USING M/V WITHOUT AUTHORITY
    Off. Date:  19990806
   Sent. Type:  MIDDLESEX                           PE:
     Imposed:   20020402                            Min:
     Invoked:                    TO 2Y 6M           Max:
  Jail Credit:  0                                   Gcd:
   Effective:            F&A 1
       Court:   MIDDLESEX CAM SUP CRT
      Docket:   MICR-1999-1193-001

     Held As Warrant

                              Statutory good Time Restrictions.


------------------------------------------------------------------
Sent #: 3        Statute:       265    15B    b                     171
                     ASSAULT BY MEANS OF DANGEROUS WEAPON
    Off. Date:  19990806
   Sent. Type:  MIDDLESEX                           PE:
     Imposed:   20020402                            Min:
     Invoked:                    TO 2Y 6M           Max:
  Jail Credit:  0                                   Gcd:
   Effective:            F&A 1
       Court:   MIDDLESEX CAM SUP CRT
      Docket:   MICR-1999-1193-002

     Held As Warrant

                              Statutory good Time Restrictions.


                                        EXHIBIT "9-A"
```

```
                        Inmate Sentence Listing
                   W68860        DONNELLY,GREGORY M
Report Date:2004 1005 12:35:51
-----------------------------------------------------------------------------
                          Sentence Unit:  A
       --------------------------------------------------------------------
Sent #: 4        Statute:  1ST    90       24     1     a          1 741
                          DUI, 1ST, EFF. 5-27-94

    Off. Date:  19990806
    Sent. Type:  MIDDLESEX                               PE:
      Imposed:  20020402                                 Min:
      Invoked:                     TO 2Y 6M              Max:
  Jail Credit:  0                                        Gcd:
    Effective:           F&A 1
        Court:  MIDDLESEX CAM SUP CRT
       Docket:  MICR-1999-1193-004

       Held As Warrant



       --------------------------------------------------------------------
Sent #: 5        Statute:        90       23                        710
                         OPER. M/V AFTER SUSP. OR REV. OF LICENSE

    Off. Date:  19990806
    Sent. Type:  MIDDLESEX                               PE:
      Imposed:  20020402                                 Min:
      Invoked:                     TO 2Y 6M              Max:
  Jail Credit:  0                                        Gcd:
    Effective:           F&A 1
        Court:  MIDDLESEX CAM SUP CRT
       Docket:  MICR-1999-1193-006

       Held As Warrant                60 Days Earn Good Time Restrictions.
       60 Days Probation Restrictions.    Statutory good Time Restrictions.
       60 Days Work Release Restrictions.
       60 Days Parole Restrictions.       60 Days Furlough Restrictions.

    Paroled       Revoked    Returned       Escaped      Returned
    --------      --------   ---------      --------     ---------

                                          Combined dates as of    20040914 11:04

                                          --------------------------------------
        Time on parole:        0                 Original   Revised    Adjusted
    Dead time(parole):         0          PE Date :  20021130          20020506
  Dead time (escape):          0
         Earned time:     207.50          Minimum :  20061130          20060506
          Forfeitures:       .0           Maximum :  20081130          20080506
         Restorations:       .0           GCD Date:  20050818          20050122
```

EXHIBIT "9-B"

SENTENCE CALCULATION CALENDAR

(5,115 -- 5,479)
1997

(5,480 -- 5,884)
1998

SENTENCE CALCULATION CALENDAR

(4,384 -- 4,748)
1995

(4,749 -- 5,114)
1996

SENTENCE CALCULATION CALENDAR

2001
(6,576 -- 6,940)

2002
(6,941 -- 7,035)

SENTENCE CALCULATION CALENDAR

1999
(5,845 -- 6,209)

2000
(6,210 -- 6,575)

ADD-2

SENTENCE CALCULATION CALENDAR

**2005** (8,037 -- 8,401)

**2006** (8,402 -- 8,766)

SENTENCE CALCULATION CALENDAR

**2003** (7,306 -- 7,670)

**2004** (7,671 -- 8,036)

SENTENCE CALCULATION CALENDAR

2009
(9,498 -- 9,862)

SENTENCE CALCULATION CALENDAR

2010
(9,863 -- 10,227)

SENTENCE CALCULATION CALENDAR

2007
(8,767 -- 9,131)

2008
(9,132 -- 9,497)

ADD-4

SENTENCE CALCULATION CALENDAR

2013
(10,959 -- 11,323)

2014
(11,324 -- 11,688)

SENTENCE CALCULATION CALENDAR

2011
(10,228 -- 10,592)

2012
(10,593 -- 10,958)

ADD-5

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GREGORY M. DONNELLY

## DEFENDANTS

BERNARD BRADY, ACTING SUPERINTENDENT, OLD COLONY CORRECTIONAL CENTER, BRIDGEWATER, MA 02324

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    PLYMOUTH
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    PLYMOUTH
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04-12706

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GREGORY M. DONNELLY, pro se
OLD COLONY CORRECTIONAL CENTER

ATTORNEYS (IF KNOWN)

THOMAS F. REILLY, ATTORNEY GENERAL
COMMONWEALTH OF MASSACHUSETTS

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury – Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  |  | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Petitioner Donnelly is proceeding under 28 U.S.C. § 2254. Donnelly maintains that the state criminal sentence under which he presently stands committed is in violation of due process of law and therefore violates the Fourteenth Amendment to the U.S. Const.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☒ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions):

NONE -- NOT APPLICABLE    JUDGE _____    DOCKET NUMBER _____

DATE    DECEMBER 20, 2004    SIGNATURE OF ATTORNEY OF RECORD    Gregory Donnelly

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATTACHMENT 3

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)   GREGORY M. DONNELLY versus
    BERNARD BRADY, ACTING SUPERINTENDENT, OLD COLONY CORRECTIONAL CENTER

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
    COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ___   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    _X_   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ___   V.     150, 152, 153.

    04 - 12706 RWZ

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
    HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    _____ NONE -- NOT APPLICABLE _____

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
    COURT?
                                                          YES ☐      NO ☒

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                          YES ☐      NO ☒
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
            NOT APPLICABLE                                YES ☐      NO ☐

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
    28 USC §2284?
                                                          YES ☐      NO ☒

7.  DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
    COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"),  RESIDING IN MASSACHUSETTS RESIDE IN THE
    SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                          YES ☒      NO ☐

    A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

          EASTERN DIVISION  ☒        CENTRAL DIVISION  ☐        WESTERN DIVISION  ☐

    B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
          GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?
                                       NOT APPLICABLE
          EASTERN DIVISION  ☐        CENTRAL DIVISION  ☐        WESTERN DIVISION  ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____ GREGORY M. DONNELLY      _Gregory Donnelly_____

ADDRESS  OLD COLONY CORRECTIONAL CENTER, ONE ADMINISTRATION RD., BRIDGEWATER, MA 02324

TELEPHONE NO.  NOT APPLICABLE _____

(Att3Cover sheet local.wpd - 11/27/00)