UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGORY DONNELLY
      PETITIONER,

V.

BERNARD BRADY, SUPERINTENDENT )
OLD COLONY CORRECTION CENTER, )
      RESPONDENT, )
               )

CIVIL ACTION

NO. 04-12706-RWZ

FILED
CLERKS OFFICE
2005 FEB -9  P 3: 20
U.S. DISTRICT COURT
DISTRICT OF MASS.

FEBRUARY 4, 2005

## PETITIONER'S RESPONCE TO THE RESPONDENT'S MOTION FOR AN ENLARGEMENT OF TIME IN WHICH TO RESPOND TO PETITION.

NOW COMES THE PETITIONER GREGORY M. DONNELLY, ACTING **PRO SE**, HEREBY SUBMITS PETITIONER'S RESPONCE TO THE RESPONDENT'S MOTION FOR ENLARGEMENT OF TIME.

1) THIS PETITION DOES ARISE FROM A 1993 PLEA AGREEMENT TO WHICH WAS BREACHED BY THE PROSECUTOR'S OFFICE (MIDDLESEX DISTRICT ATTORNEY).

2) THIS PETITIONER GAVE UP HIS RIGHT TO A JURY TRIAL ON PROMISES BY THE PROSECUTOR, CRISPIN BIRNBAUM, (MIDDLESEX ASSISTANT DISTRICT ATTORNEY). (SEE EXHIBIT A ).

3) CRISPIN BIRNBAUM IS NOW IN THE ATTORNEY GENERAL'S OFFICE WORKING AS AN ASSISTANT ATTORNEY GENERAL.

4) THE ATTORNEY GENERAL'S OFFICE HAS BEEN INVOLVED WITH THE PETITIONER'S LITIGATION SINCE 1995 AND CRISPIN BIRNBAUM HAS BEEN SERVED WITH FILINGS IN THIS MATTER AND IS ON THE DOCKET ENTRIES LISTED IN THE ATTORNEY GENERAL'S OFFICE IN LOWER STATE COURT LITIGATION. (SEE EXHIBIT D ).

5) THE PETITIONER AFTER LENGTHY NEGOTIATIONS BETWEEN THE PROSECUTOR, CRISPIN BIRNBAUM, THE JUDGE REGINA QUINLAN, THE DEFENCE ATTORNEY, JOHN D FITZPATRICK, THE FAMILY OF THE VICTIMS, AGREED TO THE FOLLOWING SENTENCE, TWO SENTENCES OF TEN

7) THIS PETITIONER HAS ALWAYS NOTIFIED ALL PARTIES AND EXHAUTED EVERY POSSIBLE AVENUE INCLUDING FOLLOWING APPEALS COURT AND SUPERIOR COURTS RULINGS, ATTORNEY'S ADVISE AND REPRESENTATION, DOC, PAROLE DIRECTION FOR YEARS SINCE 1995 TO SEEK THE PROMISES MADE TO PETITIONER SINCE THE PLEA AGREEMENT BREACH BY THE PROSECUTOR'S.

8) THIS CIVIL ACTION HAS BEEN BROUGHT TO THE U.S. DISTRICT COURT AFTER YEARS OF ENLARGEMENTS OF TIMES, RESPONDENTS/DEFENDANT'S MANY ATTORNEY CHANGES OR NOTICE OF APPEARANCE'S, BEING PUSHED FROM ONE COURT TO ANOTHER, CONFUSION OF DOCKET ENTRIES ALL ON THE PART OF THE RESPONDENT/DEFENDANT NEVER ALLOWING THIS PETITIONER TO CORRECT THE VIOLATION OF DUE PROCESS ENTITLED TO PETITIONER UNDER THE FOURTEETH AMENDMENT TO THE U.S. CONSTITUTION MANDATES AFTER PROMISE OR PLEA AGREEMENT BY THE PROSECUTOR

IN THIS CASE.

9) THE DELAY IN THE DISPISITION IN A HABEAS CORPUS PETITION INHERENTLY PREJUICE THE PETITIONER SINCE THIS PETITIONER HAS ALREADY SERVED HIS SENTENCE IN FULL.

WHEREFORE, I RESPECTFULLY ASK THIS HONORABLE COURT TO HEAR THIS PETITION WITHOUT DELAYS FROM THE RESPONDENT.

*Gregory Donnelly*
GREGORY DONNELLY, PRO. SE.
269 TREBLE COVE RD
BILLERICA, MA. 01862.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED BY FIRST CLASS MAIL A COPY OF THE ABOUE BY PLACING IN THE INSTITUTIONAL MAIL BOX ADDRESSED, RANDALL E RAVITZ, ASSISTANT ATTORNEY GENERAL, CRIMINAL BUREAU, ONE ASHBURTON PLACE, BOSTON. MA. 02108.

*Gregory Donnelly*
FEBRUARY 4, 2005

Pages 1 - 25

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                    Superior Court Department

of the Trial Court

Nos. 89-2016 - 89-2018

Commonwealth

vs.

Gregory M. Donnelly

BEFORE: Quinlan, J.

May 13, 1993

APPEARANCES:

Crispin Birnbaum, Assistant District Attorney, for the

Commonwealth.

John Fitzpatrick, Esquire, for the defendant.

Elizabeth L. Buchanan

Certified Verbatim Reporter

EXHIBIT

A

RA 71

4

indictment charging you with motor vehicle homicide, operating under the influence; 89-2017, this indictment charging you with motor vehicle homicide, operating under the influence; and 89-2018, this indictment charging you with operating under the influence of liquor -- that is as to all three indictments, when I said -- operating under the influence of liquor, I should have stated; and -- the last one is operating under the influence of liquor, serious injury to a person.

Do you at this time wish to retract your not guilty plea to each of these indictments, sir?

THE DEFENDANT:  Yes, I do.

THE CLERK:  What is your plea?

THE DEFENDANT:  Guilty.

THE CLERK:  Will you raise your right hand, please, sir?

(Defendant sworn.)

THE CLERK:  Please take the witness stand over here, sir, and watch your step getting in.

RA 73

6

A   No, I haven't.

Q   Are you aware of any mental illness or condition you have as of now?

A   No, I'm not.

Q   Are you on any medication today?

A   No, I'm not.

Q   Have you taken any drugs or alcohol today?

A   No; I haven't.

Q   Now, you understand that the three indictments against you -- two of them allege motor vehicle homicide while under the influence of intoxicating liquor, and one alleging operating under the influence of alcohol while causing bodily injury?

A   Yes, I understand.

Q   And the first two indictments, you understand, relate to Mr. Danielson and his son, and the third indictment relates to injuries caused to Mr. Lambert?

A   Yes, I understand that.

Q   Now, the plea that you are now asking that I accept has been the product of some negotiations between your attorney and the District Attorney; are you aware of that?

A   Yes, I am.

8

sentence will be suspended for a period of five

years, supervised probation.

    That conditions of that supervised--

probation are that the defendant lose his license;

that he not operate -- that he lose his right to

operate a motor vehicle in Massachusetts; and that

he undergo alcohol education or treatment programs

as directed by his probation officer in the

department in this building.

    THE COURT: Mr. Fitzpatrick.

    MR. FITZPATRICK: Your Honor, just

as an addendum, my understanding is the -- if

this is accepted by the Court, the Court will

consider any treatment Mr. Donnelly has been

undergoing and has in fact undergone in prison

with respect to that last part of the probation

conditions. That's all.

    THE COURT: On the alcohol

treatment.

    MR. FITZPATRICK: Yes. My

understanding is, the Court might be willing to

consider it.

Q  (By the Court) Mr. Donnelly, having heard the

agreement as set forth by the Assistant District

RA 77

10

right to face your accusers and question them, and

any other witnesses who may appear against you,

and your right to present evidence in your own

defense?

A   Yes.

Q   Do you also understand that by pleading guilty you

give up your right to exercise your privilege

against self-incrimination and to appeal any

motions to suppress or issues of law that have

arisen up to this point?

A   Yes, your Honor.

Q   Do you also understand that you are giving up your

right to be presumed innocent of these charges

until you are proven guilty beyond a reasonable

doubt by the Commonwealth?

A   Yes, your Honor.

        THE COURT:   Ms. Birnbaum, if you

would briefly set forth the facts, considering

that I have heard a great deal of those facts

through the evidence that was presented at the

trial which was mis-tried yesterday.

        MS. BIRNBAUM:   Thank you, your

Honor.   If the Commonwealth proceeded through

another trial in this matter, we would produce

RA 79

12

family's produce truck, which was a white Mitsubishi box truck.

Mr. Lambert unavoidably crashed into the Danielsons' pickup truck. Mr. Lambert sustained serious bodily injury and was hospitalized a number of weeks, and underwent a number of operations.

Because of this collision, the Danielsons' pickup truck, because it was hit with such force by the Lambert truck, swung around 360 degrees. The force of that centrifugal force caused the passenger door on the Danielson truck to fly open.

Witnesses saw Mr. Danielson fly out of the pickup truck and land on the ground, where he died. Witnesses then saw David Danielson ejected from the pickup truck through the same passenger door and land on the ground where many witnesses tried to revive him through CPR, and were unfortunately unable to.

David Danielson died of his injuries quite shortly thereafter at the Emerson Hospital.

The defendant's car proceeded down

RA 81

14

should be added to those already given?

A    No, I don't.

Q    Do you plead guilty willingly, freely, and voluntarily?

A    Yes, I do.

Q    Has anyone forced you to plead guilty?

A    No, they haven't.

Q    Have any promises or threats been made which have induced you to plead guilty?

A    No, there haven't.

Q    Has your lawyer explained to you the elements of the crimes to which you are pleading guilty?

A    Yes, he has.

Q    Have you had enough time to fully discuss your case, your rights, your defenses, and possible consequences of this plea with your attorney?

A    Yes, I have.

Q    Has your lawyer discussed and explained to you all the options available to you in the event that you choose to proceed to trial?

A    Yes, he has.

Q    Do you feel that your lawyer has acted in your best interests?

A    Yes.

16

on all three of these indictments.

The Commonwealth would strongly urge the Court to adopt the agreed recommendation— which we have proposed, which has come to the Court after lengthy consideration and discussion, I think, by all sides, it's fair to say, but especially for the Commonwealth, there is one family that has undergone a tremendous strain.

Present in the Court today is Marion Danielson, who has prepared an impact statement. It's very brief, and I would ask the Court to entertain Mrs. Danielson today, because this is her only opportunity to speak on this very, very personal matter.

THE COURT: Mrs. Danielson may come forward. Mrs. Danielson.

MRS. DANIELSON: Today is May 9th, 1993. 3 years, 11 months ago, on June 3rd, 1989, a series of events began that have permanently changed my daughter's life and mine.

Since that day, for the rest of my life, I will endure the pain and memory of losing my husband Steven and my son David. A choice was made that I had no decision on, but I have to live

18

how to make.

Choices mean either yes or no, right or wrong. There is no such meaning in this plea. So here is my choice for the plea.

My choice is that a drunk driver not be allowed on the streets. I would choose to have David and Steve go with Shelby and me to get ice cream on June 3rd. I would choose that they never drive down Route 2. I would choose that two policemen not come to my door at 6 o'clock on June 3rd.

I would choose to have Steve take the pictures this Saturday for Shelby's senior prom, and then hand her a rose at her graduation in June.

I would choose to spend yesterday, Mother's Day, celebrating David's sixteenth birthday, instead of writing this impact statement.

These are the choices that are offered to me. They're the only choices I would have wanted to make.

Thank you.

THE COURT:        Thank you, Mrs.

RA 87

terms of whether or not that should be credited to his sentence.

THE COURT:  If in fact I follow the recommendation, then it will be without prejudice to his resolving that dispute, or seeking to resolve that dispute by further proceedings, whether here or on the civil side of the Court; and also without prejudice to the Commonwealth taking whatever position they deem appropriate.

MR. FITZPATRICK:  With respect to Greg's feelings about this case, your Honor, there's not much more that can be added to what has just been said.

He has spent every day since June 3rd, 1989 in a cell, in a jail cell; and he will spend several more years in a jail cell. Not a day has gone by, or a night, nor will a day or a night go by, without him thinking about what happened on that horrible day.

By his actions today, and by his words, he's taking fully responsibility for what happened. It was a terrible day. Greg just wants the Court to know, and wants the family to know, that he will never be the same again. Again, this

22

particularly the Danielson family, is a major
consideration in my agreeing to accept the
recommendation.

However, I am going to accept it as
represented to the Court. You may impose
sentence.

THE CLERK: Okay. Mr. Donnelly,
please stand, sir.

89-2016 and -17. Gregory M.
Donnelly, you will harken to the sentences the
Court has awarded against you. The Court, having
duly considered your offenses, orders that you be
punished by confinement in the Massachusetts
Correctional Institution at Cedar Junction for
terms not exceeding ten and a half years or less
than ten years.

Each of these sentences are to be
served concurrently, and each of these sentences
are to take effect forthwith, notwithstanding the
sentence or sentences now being served at M.C.I.
Concord.

Good time in the amount of 1,174
days will be so noted on the mittimuses that will
accompany you to said institution.

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUPERIOR COURT
DEPARTMENT

MIDDLESEX DIVISION
NO. 95-02633

Gregory Donnelly,
  Plaintiff

AFFIDAVIT OF
JOHN D. FITZPATRICK

v.

William Coalter,
  Defendant

The undersigned hereby states and deposes on oath the
following:

1.    I am a practicing attorney, and a member in good standing of
the Massachusetts bar.

2.    On May 13, 1993, I represented Gregory Donnelly, the
Plaintiff in the above-captioned matter, in a criminal case.

3.    On May 13, 1993, I negotiated a plea agreement on behalf of
Mr. Donnelly with respect to the charges then outstanding aginst
him (two indictments of motor vehicle homicide, M.G.L. chapter 90,
section 24G, and one indictment for operating under the influence,
causing serious bodily injury), referred to herein as "the Plea
Agreement."

4.    The Plea Agreement was that Mr. Donnelly would plead guilty
to the above charges, and the Commonwealth would recommend that:
a) on the motor vehicle homicide indictments, Mr. Donnelly would
receive two sentences of ten to ten-and-one-half years at

-1-

RA 94

EXHIBIT
B

MCI-Cedar Junction ("the Cedar Junction sentences"), to be served concurrently, b) the Cedar Junction sentences were to take effect immediately, c) on the indictment for operating under the influence, causing serious bodily injury, Mr. Donnelly would receive a suspended sentence of six to eight years at MCI-Cedar Junction, suspended for five years, to be served from and after the Cedar Junction sentences, e) Mr. Donnelly would receive jail credit for 1,174 days served to date, and f) all prior sentences that Mr. Donnelly was serving were to be eliminated ("forthwithed") by the Cedar Junction sentences.

5.    The Plea Agreement was accepted by the sentencing judge (Quinlan, J.), the assistant district attorney on the case (Crispin Birnbaum, Esq.), Mr. Donnelly and myself.

6.    I was of the belief that as a result of the Plea Agreement, the only sentences Mr. Donnelly had to serve before release from incarceration were the Cedar Junction sentences, and that as of May 13, 1993, Mr. Donnelly had credit of 1,174 days served on the Cedar Junction sentences.

7.    Upon information and belief, the believed results of the Plea Agreement described in paragraph 6 of this affidavit were critical factors in the structuring of the Plea Agreement, and led to the wording of the mittimus for the Cedar Junction sentences.

Signed under the pains and penalties of perjury this 28ᵗʰ day of
_____, 1995.

John D. Fitzpatrick, Esq.
65A Atlantic Ave.
Boston, MA  02110
(617) 742-8010

-2-

RA 95

13

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CRIMINAL ACTION
Nos. 99-11105A
and 99-11105B

COMMONWEALTH

V.

GREGORY M. DONNELLY

DEFENDANT'S AFFIDAVIT IN SUPPORT OF
MOTION TO CORRECT AN ILLEGAL SENTENCE

I, Gregory M. Donnelly, being duly sworn, according to law, depose and say:

1.  I am the defendant in the above-captioned and numbered matters.

2.  I make this affidavit in support of my motion to correct an illegal sentence from my own personal knowledge and belief.

3.  Succinctly stated, on or about 1980 I was convicted for the offense of armed robbery in Plymouth County, and, there-after, sentenced to a term of 20 years to be served at the Massachusetts Correctional Reformatory at Concord (hereafter the "Concord sentence"), commitment number C-47732.

4.  Thereafter, on or about June 3, 1989, I was again arrested as the result of a motor vehicle accident, death resulting, Middlesex County Indictment Nos. 89-2016 through 89-2018.

5.  As the result of said arrest, a parole detainer was lodged against me under my previously imposed 20 year Concord sentence.

6.  After a lengthy period of proceedings regarding the Middlesex Indictment Nos. 89-2016 through 89-2018, I entered into a plea agreement with the Commonwealth.  In exchange for my pleas of guilty, the sentences imposed would be as follows:

> a) two 10 to 10½ year terms at MCI-Cedar Junction under Indictment Nos. 89-2016 and 89-2017, to run concurrent with each other, and that they would "forthwith" the 20 year Concord sentence imposed as the result of my 1980 conviction for armed robbery in Plymouth County; and,

RA 68

EXHIBIT
C

-2-

        b) a 6 to 8 year term at MCI-Cedar Junction
        under Indictment No. 89-2018, that said sen-
        tence be suspended and run from and after
        the incarcerated portion of the 10 to 10½
        year sentence, and that this sentence be
        suspended for five years, supervised pro-
        bation.

(See attached copy of change of plea and sentencing transcript,
Middlesex County Indictment Nos. 89-2016 through 89-2018, pages
7 - 8, marked as Exhibit A)

    7.   That I relied on the said plea agreement negotiated
between John D. Fitzpatrick, my attorney, and the Commonwealth,
and changed my pleas to guilty. (See attached affidavit of
John D. Fitzpatrick, Esquire, marked as Exhibit B)

    8.   That the Court (Quinlan, J.), in fact, sentenced me to
serve 10 to 10½ years at MCI-Cedar Junction under Middlesex
Indictment Nos. 89-2016 and 89-2017, "forthwith", so as to
extinguish the previously imposed 20 year Concord sentence;
with a sentence of 6 to 8 years at MCI-Cedar Junction under
Middlesex County Indictment No. 89-2018, and that said 6 to 8
year sentence take effect from and after the expiration of the
sentences imposed on #89-2016 and #89-2017, and that said sen-
tence be suspended for a period of five years, supervised pro-
bation. (Exhibit A, pgs. 22 - 24)

    9.   Thereafter, as the result of my attempt to obtain jail
credits concerning my 10 to 10½ year sentences, the Massachusetts
Appeals Court ruled that at the time of imposition of the 10
to 10½ year sentences my parole on the 20 year Concord sentence
had not been revoked.  Therefore, at the time of the imposition
of the 10 to 10½ year sentences, my 20 year Concord sentence
could not have been "forthwithed" or extinguished.  The Appeals
Court also held that the balance of the said 20 year Concord
sentence remained to be served at the completion of my 10 to
10½ year Middlesex County sentences. (See attached copy of
decision, Commonwealth v. Donnelly, 37 Mass.App.Ct. 1117 (1993)
(Donnelly II), Docket No. 93-P-1149, issued under Rule 1:28,
at pages 3 - 5, marked as Exhibit C)

    10.  After notice of the Appeals Court's decision in
Donnelly II, Thomas F. Reilly, then District Attorney for Middle-
sex County, rather than move to vacate and reimpose the 10 to
10½ year sentences to enable the court to "forthwith" my 20 year
Concord sentence per his initial agreement, wrote to the Parole
Board to ensure the activation of the remainder of my 20 year
Concord sentence at the completion of my 10 to 10½ year Middle-
sex County sentences. (See attached letters between Mr. Reilly

MAS-20020121

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

10/31/2002
01:26 AM

# MICR1989-02016
## Commonwealth v Donnelly, Gregory M

| | | | |
|---|---|---|---|
| File Date | 10/09/1992 | Status | Disposed (sentenced) (dsenimp) |
| Status Date | 05/13/1993 | Session | 4 - Crim 4 (8B Cambridge) |
| Jury Trial | Unknown | Origin | I - Indictment |
| Lead Case | MICR1989-02016 | | |

| | | | | |
|---|---|---|---|---|
| Trial Deadline | | Deadline Status | Status Date | |
| | | Custody Status | Start Date | |
| Weapon | | Substance | Prior Record | Unknown |
| Arraignment | | PTC Deadline | Pro Se Defendant | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 06/03/1989 | 090:024G:a | Guilty plea | 05/13/1993 |
| | Homicide by MV, under influ intox & recklss/neglgnt | | | |

### PARTIES

**Defendant**
Gregory M Donnelly
Gender: Male
Active 10/09/1992

**Plaintiff**
Commonwealth
Gender: Unknown
Active 10/09/1992

**Public Counsel 550059**
John D Fitzpatrick
Fitzpatrick & Warrenbrand
1 McKinley Square
Boston, MA 02109
Phone: 617-720-2286
Fax: 617-723-1710
Withdrawn 07/31/2002

**Private Counsel 344100**
James E Methe
1350 Main Street
Bank Boston Building 10th floor
Springfield, MA 01103
Phone: 413-746-9257
Fax: 413-732-5828
Active 07/31/2002 Notify

**District Atty's Office 545595**
Crispin Birnbaum
Mass Atty General's Office
200 Portland Street
Trial Division 3rd floor
Boston, MA 02114
Phone: 617-727-2200
Fax: 617-727-3076
Active 10/09/1992 Notify

*EXHIBIT D*

### ENTRIES

| Date | Paper | Text | |
|---|---|---|---|
| 10/09/1992 | | See docket sheets for previous entries. | |
| 10/09/1992 | 24.0 | ORDER THAT THE FOLLOWING ENTRY BE MADE FROM THE APPEALS COURT THE DEFENDANTS CONVICTIONS OF MOTOR VECHICLE HOMICIDE WHILE OPERATING UNDER THE INFLUENCE OF LIGUOR AND OPERATION UNDER THE INFLUENCE OF | RA 3 |

MAS-20020121

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

10/31/2002
01:26 AM

# MICR1989-02016
## Commonwealth v Donnelly, Gregory M

| Date | Paper | Text |
|------|-------|------|
| | 44.0 | J. |
| 04/26/1993 | 45.0 | Defendants Motion for funds. photographs. Motion Allowed up to $290.00 By the Court, Quinlan, J. |
| 04/26/1993 | 46.0 | Defendants motion for Exculpatory Evidence. Crimiani Records of Commonwealths Witnesses Motion Allowed. By the Court, Quinlan, J. |
| 04/29/1993 | 47.0 | Defendants Motion for Access to Exhibits. Allowed, Quinlan, J. |
| 05/05/1993 | 47.5 | Habeas corpus for Deft at MCI Gardner. |
| 05/10/1993 | 48.0 | Defendants Motion for Sequestration of Witnesses. Allowed, Quinlan, J. |
| 05/10/1993 | 49.0 | Defendants Motion to be free of handcuffs, shackles and prison clothes. Allowed, Quinlan, J,. |
| 05/10/1993 | 50.0 | Defenants Motion for individual examinations of Jurors. Allowed in part and Denied in part. Quinlan, J. |
| 05/10/1993 | 51.0 | Defenants Motion in Limine. I. Denied as to 1-3 and Allowed as to 4. Quinlan, J. |
| 05/10/1993 | 52.0 | Defenants Motion in Limine 2. Allowed in part and Denied in Part. Quinlan, J. |
| 05/10/1993 | 53.0 | Defendants Motion in Limine #3. Allowed in part and denied in part. Quinlan, J. |
| 05/10/1993 | 54.0 | Defendants Motion in Limine #4 Statements reflecting demeanor may be admitted up to time defendant placed in handcuffs. Quinlan,J. |
| 05/10/1993 | 55.0 | Defenants Motion in Limine 5. |
| 05/10/1993 | 56.0 | Defendants Motion in Limine # 6 Allowed. Quinina, J. |
| 05/10/1993 | 57.0 | Defendants Motion in Limime #7 Allowed, Quinlan, J. |
| 05/10/1993 | 58.0 | Defenants Motion in Limine # 8 Allowed in part and deferred in part. Quinlan, J. |
| 05/10/1993 | 59.0 | Defendants Motion in Limine #9 Deferred until close of Commonwealths case. Quinaln, J. |
| 05/10/1993 | 60.0 | Commonwealths motion to exclude references to Steven Danielsons driving history or probation record. Allowed, Quinlan, J. |
| 05/10/1993 | 61.0 | Commonwealths Motion in Limine to admit evidence of defendants intoxication and aggressive state of mind. Subject to Commonwealth establishing a proper foundation , the motion is allowed as to observations of the defendants demeanor with respect to incidents in 1 and 2. Incident 3 is excluded. Quinlan, J. |
| 05/10/1993 | 62.0 | Commonwealths List of Potential Witnesses. |
| 05/10/1993 | 63.0 | Defenatns Motion for temporary remand of defendant. Allowed, Quinlan, J. |
| 05/10/1993 | 64.0 | Commonwealths Motion in Limine to exclude references to first trial. Allowed, Quinlan, J. |
| 05/10/1993 | 65.0 | Commonwealths Motion in Limine to exclude evidence of a telephone call to Trooper Sennott from Chief Unsworth. Denied, Quinlan, J. |
| 05/10/1993 | 65.5 | Defendants Motion for use of struck system and for additional peremtory challenges. |
| 05/11/1993 | 66.0 | Proposed Stipulation of the Parties. |
| 05/12/1993 | 67.0 | Defenants Motion for funds and order for expedited transcription of |

RA
5

MAS-20020121

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

10/31/2002
01:26 AM

### MICR1989-02016
### Commonwealth v Donnelly, Gregory M

| Date | Paper | Text |
|------|-------|------|
| 03/07/1994 | | Motion #78 Denied. By the Court, Quinlan, J., |
| 03/28/1994 | 81.0 | Defendants Notice of Appeal from the Denial of Motion for Post Conviction Relief. |
| 04/11/1994 | | Two Revised Copies of Docket Entries , Copy of Denied Motion for Post Conviction Relief sent to Nancy Turck Foley This Day. |
| 11/04/1994 | 82.0 | Rescript rec'd from Appeals Court: Ordered, that the following entry be made in the docket; viz.,-Remanded to the Superior Court for Recalcuation of Defendant's Jail Credit |
| 02/08/1995 | | Letter from defendant. |
| 04/01/1995 | | Sentence credit given as per 279:33A: 139 credit days (see letter to institution dated 4/1/95) |
| 04/28/1995 | 82.1 | Motion by Deft: for Appointment of Counsel |
| 04/28/1995 | 82.2 | Motion by Deft: to Correct Sentence-Judge McHugh notified |
| 05/30/1995 | | Having ordered that the letter be treated as a motion for post-conviction relief and having reviewed the "motion" and opposition thereto, the motion is Denied. The deft has been given the 139 days jail credit as directed by the Appeals Court (Regina L Quinlan, Justice) |
| 05/30/1995 | 83.0 | Petition for writ of habeas corpus ad-tetificandum filed in court |
| 05/30/1995 | | Motion (P#83) denied (Robert H. Bohn, J) Copy sent to defendant |
| 07/31/2002 | 84.0 | Appointment of Counsel James E Methe |

/5