UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GREGORY DONNELLY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BERNARD BRADY, )<br>)<br>Respondent. )<br>) | Civil Action No. 04-12706-RWZ |

### RESPONDENT'S MOTION FOR A FURTHER ENLARGEMENT OF TIME IN WHICH TO RESPOND TO PETITION

Respondent Bernard Brady (the "Respondent"), hereby respectfully moves this Court to enlarge until March 25, 2005 the time in which he must answer or otherwise respond to the petition for a writ of habeas corpus (the "Petition") filed by Petitioner Gregory Donnelly (the "Petitioner"). The Respondent's response was originally due on February 3, 2005, and he previously moved to extend this deadline to March 4, 2005. In support of this Motion, the Respondent states as follows:

1. The Petition arises from a 1993 conviction in the Middlesex County, Massachusetts, Superior Court.

2. The Petition includes serious allegations and references complex areas of law.

3. The Massachusetts Attorney General's Office did not receive a copy of the Petition until February 1, 2005, two days before the Respondent's initial deadline for filing a response. The Petition had apparently been forwarded to the United States Attorney's Office, rather than the Attorney General's Office.

4. Counsel for the Respondent has still not yet obtained the necessary documents from the district attorney's office that prosecuted the criminal case referenced above, despite having requested such documents one month ago. Counsel must receive and have sufficient time to review such documents in order to respond sufficiently to the Petition.

5. In fact, counsel's review of those documents that are currently available raised several questions regarding potentially dispositive issues, which questions cannot be answered without the aforementioned documents from the district attorney's office.

6. For example, while the available dockets reflect that the Petitioner filed multiple Applications for Leave to Obtain Further Appellate Review ("ALOFARs") with the Massachusetts Supreme Judicial Court, it is important for the Respondent's counsel to determine whether such ALOFARs advanced those arguments that the Petitioner has advanced in his Petition. This cannot be determined without a review of the ALOFARs themselves.

7. Moreover, it is necessary for the Respondent's counsel to determine the exact nature of, arguments raised in, and filing date of the motion to correct sentence filed by the Petitioner in the trial court in order to assess any ramifications it may have on the habeas corpus process. A copy of the motion itself is thus needed.

8. Allowance of this Motion will enable counsel for the Respondent to aid the Court most thoroughly and effectively and will not prejudice any party.

**WHEREFORE,** the Respondent requests that this Court enlarge the time in which he must answer or otherwise respond to the Petition until March 25, 2005.

THOMAS F. REILLY
Attorney General

_____
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Dated: March 4, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on March 4, 2005, by first-class mail, postage prepaid, upon:

Gregory Donnelly
Middlesex House of Correction
269 Treble Cove Road
Billerica, MA 01862

pro se

_____
Randall E. Ravitz

3