**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Clerk's Office
USDC, Mass.
Date 3/28/01
By _____
Deputy Clerk

| | |
|---|---|
| GREGORY DONNELLY,<br><br>    Petitioner,<br><br>v.<br><br>BERNARD BRADY,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)    **Civil Action No. 04-12706-RWZ**<br>)<br>)<br>)<br>)<br>) |

## RESPONDENT'S MOTION FOR A FURTHER ENLARGEMENT OF TIME IN WHICH TO RESPOND TO PETITION

Respondent Bernard Brady (the "Respondent"), hereby respectfully moves this Court to enlarge until April 15, 2005 the time in which he must answer or otherwise respond to the petition for a writ of habeas corpus (the "Petition") filed by Petitioner Gregory Donnelly (the "Petitioner"). The deadline for the Respondent's response was originally February 3, 2005 and, upon prior motions, was extended to March 25, 2005. In support of this Motion, the Respondent states as follows:

1.    The Petition arises from a 1993 conviction in the Middlesex County, Massachusetts, Superior Court.

2.    The Petition includes serious allegations and references complex areas of law.

3.    The Massachusetts Attorney General's Office did not receive a copy of the Petition until February 1, 2005, two days before the Respondent's initial deadline for filing a response. The Petition had apparently been forwarded to the United States Attorney's Office, rather than the Attorney General's Office.

4.     The Respondent requires an additional enlargement of time for filing its response because the handicap described in its prior requests for enlargement is still present. That is, the Respondent still has not yet obtained the necessary documents from the Middlesex District Attorney's Office regarding the underlying prosecution.

5.     The Respondent's failure to obtain said documents is not due to any lack of diligence in seeking them. Specifically, undersigned counsel's office first requested such documents upon receiving the Petition in early February 2005. Since then, counsel's office has contacted the District Attorney's Office numerous times and through various means in efforts to obtain such materials. As recently as the day before the filing of the instant Motion, the District Attorney's Office maintained that it remained unable to locate its files concerning the underlying prosecution of the Petitioner.

6.     In addition to the efforts described above, undersigned counsel's office has sought to obtain copies of documents from the Clerk's Offices at the Massachusetts Supreme Judicial Court ("SJC") and Appeals Court. The materials possessed by both Clerk's Offices are limited. Moreover, some SJC files are currently in storage and will not be available for perhaps another week or two. Similarly, certain Appeals Court files have either been discarded or are being converted to electronic format and will thus not be accessible before April 2005.

7.     In its prior motion for an enlargement, undersigned counsel indicated that its review of available documents raised questions regarding potentially dispositive issues, which questions could not be answered without the documents described above. Such questions remain, but the impediment caused by the lack of documentation has not been removed.

8.     In particular, in its prior motion for an enlargement, the Respondent identified the importance of determining the exact nature of, arguments raised in, and filing date of the motion

2

to correct sentence filed by the Petitioner in the Middlesex Superior Court. Nevertheless, the Respondent has remained unable to obtain a copy of said motion.

9.    The Respondent requires the documentation described above in part to make an assessment regarding whether a Motion to Dismiss is appropriate. Further, if the Respondent files an Answer in lieu of a Motion to Dismiss, such documents will be necessary in order to comply with Rule 5 of the Rules Governing Section 2254 Cases.

10.    Allowance of this Motion will thus enable counsel for the Respondent to aid the Court most thoroughly and effectively and will not prejudice any party.

**WHEREFORE,** the Respondent requests that this Court enlarge the time in which he must answer or otherwise respond to the Petition until April 15, 2005.

THOMAS F. REILLY
Attorney General

Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  March 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on March 25, 2005, by first-class mail, postage prepaid, upon:

Gregory Donnelly (pro se)
Middlesex House of Correction
269 Treble Cove Road
Billerica, MA  01862

Randall E. Ravitz