## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————— )
GREGORY DONNELLY,                    )
                                     )
      Petitioner,                )
                                     )
v.                                   )        Civil Action No. 04-12706-RWZ
                                     )
BERNARD BRADY,                       )
                                     )
      Respondent.                )
———————————————————— )

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO DISMISS PETITION

Respondent Bernard Brady (the "Respondent"), hereby submits this memorandum of law in support of his Motion to Dismiss Petition (the "Motion").[1]  The Habeas Corpus Petition (the "Petition") filed by Petitioner Gregory Donnelly (the "Petitioner") is improper, because it does not comply with the timing requirements applicable to such petitions.

## BACKGROUND

While the Petitioner apparently filed his Petition when he was confined at the Old Colony Correctional Center in Bridgewater, Massachusetts (Pet.), he is currently an inmate at the Middlesex County House of Correction in Billerica, Massachusetts (Pet'r's Resp. Resp't's Mot. Enlargement at 5; Pet'r's Opp'n Resp't's Mot. Further Enlargement at 4.).

In 1980, prior to the incident giving rise to the conviction attacked in the Petition, the Petitioner was convicted of armed robbery, in violation of M.G.L. c. 265, § 17, and sentenced to serve a term of twenty years at the Massachusetts Correctional Institution at Cedar Junction

---

[1] Since the petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition.  Should this Court rule that the Petitioner may proceed with his habeas corpus action, the

("MCI-Cedar Junction"). <u>Commonwealth v. Donnelly</u>, 37 Mass. App. Ct. 1117, 641 N.E.2d 1366 (1994), a true and accurate copy of which is attached hereto as <u>Exhibit O</u>. Approximately eight years later, he was convicted of driving while intoxicated, in violation of M.G.L. c. 90, § 24. <u>Id.</u> As a result of that conviction, the Petitioner received a two-year sentence in a house of correction, ninety days of which were to be served and the balance of which was to be suspended for two years. <u>Id.</u>

Then, while on probation and parole, the Petitioner was involved in a motor vehicle collision resulting in two fatalities, the incident that ultimately gave rise to the conviction attacked in his Petition. As a result of the incident, the Petitioner was indicted on several criminal charges. <u>Id.</u> A parole revocation warrant was issued on June 6, 1989, but no final revocation hearing was held. <u>Id.</u> Moreover, on August 25, 1989, the Petitioner's probation was terminated and he was sentenced to serve two years in a house of correction, less the ninety days he had already served. <u>Id.</u> He was convicted on January 10, 1990 of two counts of motor vehicle homicide while intoxicated, in violation of M.G.L. c. 90, § 24G, and one count of causing serious bodily injury with a motor vehicle while intoxicated, in violation of M.G.L. c. 90, § 24L. <u>Id.</u>

The Massachusetts Appeals Court (the "Appeals Court") reversed his convictions for motor vehicle homicide while intoxicated and causing serious bodily injury with a motor vehicle while intoxicated, and remanded those matters to the Superior Court for a new trial. (Middlesex Docket 1989-02016, a true and accurate copy of which is attached hereto as <u>Exhibit A</u>.) <u>Commonwealth v. Donnelly</u>, 33 Mass. App. Ct. 189, 201, 597 N.E.2d 1060, 1068 (1992), a true and accurate copy of which is attached hereto as <u>Exhibit M</u>. The Massachusetts Supreme

---

Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

Judicial Court ("SJC") denied further appellate review of the Appeals Court's decision on

October 1, 1992.  Commonwealth v. Donnelly, 413 Mass. 1107, 600 N.E.2d 1000 (1992) (table

decision), a true and accurate copy of which is attached hereto as Exhibit N.

A new trial in the Middlesex County Superior Court was commenced in May 1993, but it

ended in a mistrial.  (Middlesex Docket 1989-02016; Middlesex Docket 1989-02017, a true and

accurate copy of which is attached hereto as Exhibit B; Middlesex Docket 1989-02018, a true

and accurate copy of which is attached hereto as Exhibit C.)  On May 13, 1993, the Petitioner

pled guilty, withdrew that plea, and then entered a new guilty plea pursuant to a plea agreement.

(Middlesex Docket 1989-02016; Middlesex Docket 1989-02017; Middlesex Docket 1989-

02018.)  His guilty plea was accepted and his sentence was imposed by the Honorable Regina L.

Quinlan.  (Middlesex Docket 1989-02016; Middlesex Docket 1989-02017; Middlesex Docket

1989-02018.)  On two charges of motor vehicle homicide while intoxicated, he was sentenced to

serve two concurrent terms of between ten and ten and a half years at MCI-Cedar Junction.

(Middlesex Docket 1989-02016; Middlesex Docket 1989-02017.)  In connection with one of the

charges, the docket reflects the Court's order that "[t]his sentence to take effect forthwith

notwithstanding the sentence now being served at M.C.I., Concord."  (Middlesex Docket 1989-

02016.)  On a charge of operating a motor vehicle recklessly or negligently and endangering

others, he was sentenced to a suspended term of between six and eight years at MCI-Cedar

Junction and a five-year probationary term, to commence from and after the expiration of the

sentence on the other motor vehicle charges.  (Middlesex Docket 1989-02018.)  The Petitioner

was also given credit for 1174 days of time served (Middlesex Docket 1989-02016; Middlesex

Docket 1989-02017), was barred from operating a motor vehicle in Massachusetts, and was

ordered to submit to evaluation for alcohol treatment if deemed necessary by the Probation

Department.

On June 2, 1993, the Petitioner filed a Motion for Jail Time, which was denied on June

23, 1993, without prejudice to his ability to seek declaratory relief through a civil action.

(Middlesex Docket 1989-02016; Middlesex Docket 1989-02017.)  He filed a Notice of Appeal of

that decision on July 6, 1993 (Middlesex Docket 1989-02016; Middlesex Docket 1989-02017),

and his appeal was entered on the docket of the Appeals Court on August 26, 1993 (Appeals Ct.

Docket 1993-P-1149, a true and accurate copy of which is attached hereto as Exhibit H).  He also

did file a civil action seeking declaratory relief on July 14, 1993, but that action was dismissed

on September 15, 1993.  (Middlesex Docket 1993-04083, a true and accurate copy of which is

attached hereto as Exhibit D.)  Additionally, on October 6, 1993, the Petitioner filed a Motion to

Amend, and a motion for reconsideration of the court's denial of His Motion for Jail Time and

for leave to file an Amended Motion for Post Conviction Relief.  (Middlesex Docket 1989-

02016.)  The latter motion was denied on December 1, 1993.  (Id.)  He then filed a Supplemental

Motion for Reconsideration of His Motion for Jail Time on December 6, 1993, as well as a

Motion for Post-Conviction Relief on December 13, 1993.  (Id.)  The Motion for Post-

Conviction Relief was denied on March 7, 1994, and the Petitioner filed a Notice of Appeal of

that decision on March 28, 1994.  (Id.)  On November 4, 1994, the Appeals Court remanded the

Petitioner's case to the Superior Court for recalculation of his jail credit time.  (Id.; Appeals Ct.

Docket 1993-P-1149.)  Donnelly, 37 Mass. App. Ct. 1117, 641 N.E.2d 1366.  The Petitioner

nevertheless filed an Application for Leave to Obtain Further Appellate Review of the Appeals

Court's decision on November 18, 1994, which application was denied by the SJC on January 4,

1995.  (SJC Docket FAR-07551, a true and accurate copy of which is attached hereto as Exhibit

I.) Commonwealth v. Donnelly, 419 Mass. 1103, 646 N.E.2d 409 (1995) (table decision), a true and accurate copy of which is attached hereto as Exhibit P. The Superior Court awarded him credit for 139 days of time served on April 1, 1995. (Middlesex Docket 1989-02016.)

Then, on or about April 13, 1995, the Petitioner filed a letter to Justice Quinlan that, in part, raised issues concerning his sentence. (Letter from Donnelly to Quinlan of 4/13/95 & Order, a true and accurate copy of which is attached hereto as Exhibit U.) The Petitioner also filed a Motion to Correct Sentence in the Middlesex Superior Court on April 28, 1995. (Middlesex Docket 1989-02016; 1995 Mot. Correct Sentence, a true and accurate copy of which is attached hereto as Exhibit V.) He argued in his motion that his "concurrent and from and after sentences [were] duplici[t]ous, and therefore constitute[ed] double jeopardy." (1995 Mot. Correct Sentence at 1.) In a May 3, 1995 Opposition, the Commonwealth responded to the arguments raised in both the Petitioner's letter and the Motion to Correct Sentence. (Commonwealth's Opp'n Def.'s Mot. Correct Sentence & Deft.'s Letter Treated as Mot, a true and accurate copy of which is attached hereto as Exhibit W.) In a May 30, 1995 Order on the margin of the Petitioner's letter, Justice Quinlan stated as follows: "Having ordered that the letter be treated as a motion for post-conviction relief and having reviewed the 'motion' and opposition thereto, the motion is denied. The defendant has been given the 139 days jail credit as directed by the Appeals Court." (Middlesex Docket 1989-02016; Letter from Donnelly to Quinlan of 4/13/95 & Order.)

On the same date that the Petitioner filed his Motion to Correct Sentence, he petitioned for a state writ of habeas corpus in the Middlesex Superior Court. (Middlesex Docket 1995-02633, a true and accurate copy of which is attached hereto as Exhibit E.) The relief he requested was denied by the Superior Court on October 30, 1995, and he filed a Notice of

Appeal on November 8, 1995. (Id.) The Appeals Court affirmed the denial of habeas corpus

relief in a July 31, 1996 decision. Commonwealth v. Donnelly, 41 Mass. App. Ct. 1102, 668

N.E.2d 381 (1996), a true and accurate copy of which is attached hereto as Exhibit Q. Further

appellate review was denied by the SJC on October 2, 1996. (SJC Docket FAR-08709, a true

and accurate copy of which is attached hereto as Exhibit J.) In re Donnelly, 423 Mass. 1108, 671

N.E.2d 951 (1996) (table decision), a true and accurate copy of which is attached hereto as

Exhibit R.

On August 6, 1999, after his release, the Petitioner was again arrested and charged in

Middlesex County with several motor vehicle offenses. (Middlesex Docket 1999-01193, a true

and accurate copy of which is attached hereto as Exhibit F.) As a result, on April 2, 2002, he

pled guilty and was sentenced on two counts of assault with a dangerous weapon, in violation of

M.G.L. c. 265, § 15B, and one count of each of the following: unauthorized use of a motor

vehicle as a second offense, in violation of M.G.L. c. 90, § 24; driving while intoxicated, in

violation of M.G.L. c. 90, § 24; driving negligently or recklessly, in violation of M.G.L. c. 90, §

24; driving after license suspension or revocation, in violation of M.G.L. c. 90, § 23; failure to

stop, in violation of M.G.L. c. 90, § 25; and resisting arrest, in violation of M.G.L. c. 268, § 32.

(Id.) The charges of driving negligently or recklessly, failure to stop, and resisting arrest were

placed on file. (Id.) On the charge of assault with a deadly weapon, the Petitioner was required

to post a $100 bond and was placed on probation for three years. (Id.) On the remaining

charges, he was sentenced to serve concurrent terms of two and one-half years in a house of

correction, to take effect from and after the expiration of the sentence that he was then serving.

(Id.) The Petitioner filed a Motion to Revise and Revoke Sentence Pursuant to Mass. R. Crim. P.

29 in that case on April 30, 2002, and it was denied on May 29, 2002. (Id.)

In the meantime, on January 27, 2000, the Petitioner's probation in connection with his May 13, 1993 Middlesex County conviction was transferred to the Suffolk County Superior Court, and a final probation surrender hearing was held. (Suffolk Docket 1999-11105, a true and accurate copy of which is attached hereto as Exhibit G.) At that time, the court found the Petitioner in violation of the terms and conditions of his probation and ordered the suspended sentence imposed. (Id.) The Docket noted as follows: "Court orders suspended sentence imposed. May 13, 1993 to take effect as follows: MCI Cedar Junction – max: eight years, min: six years. This sentence said Defendant is presently serving." (Id.)

On October 16, 2002, the Petitioner filed a pro se Motion to Correct an Illegal Sentence in the Suffolk Superior Court under the case number assigned to his probation case. (Id.; 2002 Mot. Correct Sentence, a true and accurate copy of which is attached hereto as Exhibit X.) In a letter dated October 31, 2002, the Middlesex District Attorney's Office advised the Honorable Charles T. Spurlock, Regional Administrative Justice for the Suffolk Superior Court, that that motion related to "a Middlesex case in which probation has been transferred to Suffolk." (Letter from Grant to Spurlock of 10/31/02, a true and accurate copy of which is attached hereto as Exhibit Y, at 1.) The District Attorney's Office "respectfully suggest[ed] that the present motion to correct the sentence should be assigned to Justice Quinlan, who imposed it." (Id. at 2.) Justice Quinlan was copied on the letter. (Id.) Justice Spurlock denied the motion without a hearing on October 30, 2002, and his decision was entered on the docket of the Suffolk Superior Court case. (Suffolk Docket 1999-11105.) The Petitioner filed a Motion for Reconsideration of that decision on November 22, 2002, which was denied without a hearing on December 4, 2002. (Id.) He then filed a Notice of Appeal of the decision on December 16, 2002. (Id.)

On December 18, 2002, Justice Quinlan issued an "Order on Defendant's Motion to Correct Sentence" under the number of the Middlesex County case giving rise to the Petitioner's May 13, 1993 conviction.  (Order on Def.'s Mot. Correct Sentence, a true and accurate copy of which is attached hereto as Exhibit Z.)  The Order stated in its entirety as follows:  "Having reviewed the defendant's motion, the Commonwealth's opposition and the decisions of the Appeals Court and in light of the issues having previously been rejected by the Appeals Court, the defendant's Motion to Correct Sentence is DENIED."  (Id.)  The Petitioner on June 12, 2003 obtained leave to file a notice of appeal of that decision out of time, and that appeal became part of the appeal of Justice Spurlock's decisions.  (Appeals Ct. Docket 2002-P-0186, a true and accurate copy of which is attached hereto as Exhibit K; Middlesex Docket 1989-02016.)

On August 17, 2004, in a Memorandum and Order Pursuant to Rule 1:28, the Appeals Court affirmed Justice Spurlock's denial of the Petitioner's Motion to Correct Sentence and Motion to Reconsider, as well as Justice Quinlan's decision of December 18, 2002.  (Appeals Ct. Docket 2002-P-0186; Middlesex Docket 1989-02016.)  Commonwealth v. Donnelly, 61 Mass. App. Ct. 1121, 813 N.E.2d 584 (2004), a true and accurate copy of which is attached hereto as Exhibit S.  The Petitioner continued to pursue his appeal by filing an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the SJC on September 7, 2004, which was denied on October 27, 2004.  (SJC Docket FAR-14358, a true and accurate copy of which is attached hereto as Exhibit L; Appeals Ct. Docket 2002-P-0186.)  Commonwealth v. Donnelly, 442 Mass. 1111, 816 N.E.2d 1222 (2004) (table decision), a true and accurate copy of which is attached hereto as Exhibit T.

The Petition at issue was filed in the United States District Court on December 28, 2004.

8

## ARGUMENT

**The Petition is time-barred.**

    A.    <u>The Petition was required to be filed within a one-year limitations period.</u>

The Petition was required to be filed within the one-year limitations period applicable to habeas corpus petitions challenging state convictions. This requirement was imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which added the following provisions to Title 28 of the U.S. Code:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d), <u>as amended by</u> AEDPA, P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

In cases where the conviction at issue became final prior to AEDPA's effective date of April 24, 1996, courts have afforded a one-year grace period for those incarcerated to file habeas corpus petitions. See, e.g., Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999) (concluding that one-year grace period should be afforded where cause of action accrued before April 24, 1996). See also Rogers v. United States, 180 F.3d 349, 355 & n.13 (1st Cir. 1999) (recognizing one-year grace period for motions pursuant to 28 U.S.C. § 2555 and concluding that period ended on April 24, 1997). The tolling provision contained in § 2244(d)(2) has likewise been made applicable to this judicially-crafted grace period. See, e.g., Gaskins, 183 F.3d at 10 (noting trend of circuit and district courts in applying tolling provision to grace period); Huenefeld v. Maloney, 62 F. Supp. 2d 211, 218 (D. Mass. 1999) ("[T]he tolling provisions of § 2244(d)(2) do apply to the judge made grace period.").

Given that the judgment at issue was entered prior to AEDPA's effective date, the limitations period for the Petitioner ended on April 24, 1997, unless it was tolled by the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. § 2244(d)(2). See, e.g., Gaskins, 183 F.3d at 9; Rogers, 180 F.3d at 355 & n.13.

B.    The limitations period was not tolled during the first year after AEDPA's effective date.

The one-year limitations period following AEDPA's effective date was not tolled by the pendency of any motion within the ambit of 28 U.S.C. § 2244(d)(2).[2] This is evident from a proper analysis of the underlying procedural history.

_____

[2] The Petitioner's petition for a state writ of habeas corpus would not have tolled the limitations period, because such a petition cannot be used to attack a conviction on the merits. See Sheriff of Suffolk County v. Pires, 438 Mass. 96, 99-100, 777 N.E.2d 1231,1233-34 (2002) (stating that state writ of habeas corpus cannot be used to challenge merits of criminal conviction).

At first blush, the underlying dockets may appear to be subject to two different interpretations. The first is as follows: Justice Quinlan's May 30, 1995 Margin Order disposed of the Petitioner's April 13, 1995 letter, but not his April 28, 1995 Motion to Correct Sentence; the April 28, 1995 motion was finally disposed of by Justice Quinlan's decision on December 18, 2002; and Justice Quinlan's December 18, 2002 decision was thus unrelated to the October 16, 2002 Motion to Correct an Illegal Sentence, which motion was disposed of solely by Justice Spurlock's October 30, 2002 decision. Under this interpretation, the April 28, 1995 Motion to Correct Sentence remained pending during AEDPA's first year of effectiveness. The second interpretation is this: Justice Quinlan's May 30, 1995 Margin Order disposed of both the April 13, 1995 letter and the April 28, 1995 Motion to Correct Sentence; and both Justice Spurlock's October 30, 2002 decision and Justice Quinlan's December 18, 2002 decision disposed of the October 16, 2002 Motion to Correct an Illegal Sentence, because it was filed in Suffolk, but the District Attorney took steps to have it decided by Justice Quinlan. Under that interpretation, the April 28, 1995 Motion to Correct Sentence was thus not pending on AEDPA's effective date.[3]

The second interpretation, that the April 28, 1995 Motion to Correct Sentence was decided in 1995 and not in 2002, must be found correct for several reasons. First, Justice Quinlan's May 30, 1995 Margin Order indicated that it took into account the Commonwealth's Opposition (Letter from Donnelly to Quinlan of 4/13/95 & Order), and the Commonwealth's Opposition addressed both the April 13, 1995 letter and the April 28, 1995 Motion to Correct Sentence (Commonwealth's Opp'n Def.'s Mot. Correct Sentence & Deft.'s Letter Treated as

---

[3] The fact that Justice Quinlan's December 18, 2002 decision was entitled an "Order on Defendant's Motion to Correct Sentence" should not be construed as an indication that it disposed of the April 28, 1995 "Motion to Correct Sentence," rather than the October 16, 2002 "Motion to Correct an Illegal Sentence." The latter motion was often referred to by the courts as a Motion to Correct Sentence, perhaps to avoid any appearance of conceding that the

Mot.).  Second, Justice Quinlan stated in her December 18, 2002 decision that the issues before

her had been addressed by the Appeals Court (Order on Def.'s Mot. Correct Sentence), but the

Appeals Court had never addressed the double-jeopardy and duplicity claims raised in the

Petitioner's April 28, 1995 Motion to Correct Sentence (1995 Mot. Correct Sentence).  See

Donnelly, 41 Mass. App. Ct. 1102, 668 N.E.2d 381; Donnelly, 37 Mass. App. Ct. 1117, 641

N.E.2d 1366.  Third, Justice Quinlan's December 18, 2002 decision was rendered only about two

months after the filing of the October 16, 2002 Motion to Correct an Illegal Sentence and Justice

Spurlock's decision on that motion, while it was handed down more than seven years after the

filing of the April 28, 1995 Motion to Correct Sentence.  (Middlesex Docket 1989-02016;

Suffolk Docket 1999-11105.)  Fourth, the appeal of Justice Quinlan's December 18, 2002

decision was entered on the same docket as and heard together with the appeal of Justice

Spurlock's decisions without any need for a motion to consolidate.  (Appeals Ct. Docket 2002-P-

0186.)  Fifth, this interpretation is consistent with the recitation of the facts presented by the

Commonwealth in its filings to the Appeals Court, which recital was not challenged by the

Petitioner.  (Notice of Appearance as Counsel for Commonwealth, a true and accurate copy of

which is attached hereto as Exhibit AA, at 1 ("On receipt of [the April 13, 1995 letter of the

District Attorney's Office], both the motion judge and the plea judge denied the same motion to

correct the sentence." (emphasis in original) (citations omitted)); Commonwealth's Br. & Supp'l

R. App. to Appeals Ct., a true and accurate copy of which is attached hereto as Exhibit DD, at 5-

9 (stating that, "[o]n December 18, 2002, having received the copy of the Commonwealth's

letter, the plea judge [Justice Quinlan] also denied the same motion to correct the sentence [that

had been denied by Justice Spurlock]," and that the appellate prosecutor's "notice of appearance

---

sentence imposed was in fact "illegal."  (Suffolk Docket 1999-11105; Appeals Ct. Docket 2002-P-0186.)  Donnelly,
61 Mass. App. Ct. 1121, 813 N.E.2d 584.

pointed out that both the motion judge and the plea judge had denied the same motion to correct the sentence").)  Indeed, rather than pointing out any error in that factual recitation, the Petitioner appeared to acknowledge its accuracy.  (Def.'s Mot. Strike, a true and accurate copy of which is attached hereto as Exhibit BB, at 1-4 (indicating that Justice Quinlan's decision related to Motion to Correct an Illegal Sentence that had never been placed on Middlesex Superior Court's docket); Def.'s Aff. Supp. Mot. Strike, a true and accurate copy of which is attached hereto as Exhibit CC, ¶ 10 ("I never received notice from anyone that my motion to correct an illegal sentence had also been filed in Middlesex County for consideration by Justice Quinlan."), ¶ 13 ("[H]ad I received notice of Justice Quinlan's denial of my motion to correct an illegal sentence, I would have timely filed a motion for reconsideration, as well as a timely notice of appeal from Justice Quinlan's denial(s), as I did in Suffolk County from Justice Spurlock's orders denying my said motions.").)

It is clear that the Petitioner's April 28, 1995 Motion to Correct Sentence was disposed of by Justice Quinlan on May 30, 1995.  Thus, neither this motion nor any other motion for collateral relief was pending during the first year after AEDPA's effective date, and the Petitioner's limitations period ended on April 24, 1997.

C.      The Petition was not filed within the applicable limitations period.

The Petition at issue was not filed until more than seven years after the one-year grace period afforded to him ended on April 24, 1997.  The fact that the Petitioner sought additional collateral review years after that date does not impact this analysis.  The tolling provisions contained in 28 U.S.C. § 2244(d)(2) do not provide for a limitation period that has already expired to be restarted and then tolled.  See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (concluding that AEDPA's limitations period was not tolled by new trial motion because,

by the time it was filed, the one-year period had already expired); <u>Dunker v. Bissonnette</u>, 154 F.

Supp. 2d 95, 103 (D. Mass. 2001) (stating that state-court motion filed after AEDPA's limitation

period expired did not "revive" statute of limitations).  Thus, the Petitioner's filing of his Petition

on December 28, 2004 remains well beyond any deadline afforded to him.  The Petition's lack of

timeliness necessitates its dismissal.  <u>See, e.g.</u>, <u>Voravongsa v. Wall</u>, 349 F.3d 1, 8 (1st Cir. 2003)

(affirming dismissal of petition that was not timely filed).

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should allow the Respondent's Motion and dismiss

the Petition in its entirety.

Respectfully submitted,

THOMAS F. REILLY
Attorney General


 /s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  April 15, 2005


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served on April 15, 2005, by
first-class mail, postage prepaid, upon:

Gregory Donnelly
Middlesex House of Correction
269 Treble Cove Road
Billerica, MA  01862


pro se                                           /s/ Randall E. Ravitz
                                                Randall E. Ravitz

14