Gregory Donnelly
Billerica H.O.C.
269 Treble Cove Rd
Billerica, MA. 01862

U.S. District Court Judge, Rya W. Zobel
United States District Court for Massachusetts
1 Courthouse Way
Boston, MA. 02210

July 5, 2005

RE: Gregory Donnelly v. Bernard Brady
U.S.D.C. Civ. No 04-12706 RWZ

Dear U.S. District Court Justice, Rya W. Zobel,

Your Honor, I'm writing you respectfully asking that you please take under consideration the following applying such facts to this petitioner's application for a writ of Habeas Corpus - 28 U.S.C. sec 2254 and Petitioner's opposition to the Respondent's Motion to Dismiss Petition filed with this Honorable Court;

1) After many years of litigation in the Massachusetts State Courts following diligently the advise, directions, and orders of all State Courts and Attorney's in the above matter to correct my sentence, the Commonwealth (Middlesex Ass. District Attorney, Marguerite T. Grant) has

Finally admitted during oral arguments before the Massachusetts Appeals Court on Dec 1, 2003 that a "Mistake" had been made regarding my sentencing plea promise, further, Marguerite Grant (Commonwealth) stated to the Massachusett Appeal Court Justices that this "Mutual Mistake" or "Misunderstanding" was made between Middlesex Superior Court Judge Regina Quinlin and the Ass. District Attorney Crispin Birnbaum (see Notice of Oral Argument's Exhibits A and B)

2) During the oral arguments in this case on December 1, 2003 visa phone conference from Massachusetts State Prison, Old Colony Correctional Center (OCCC), Middlesex District Attorney's Office, and the Massachusetts Appeals Court,... Mass. App Ct. Justice Brown asked this Petitioner, "was there a promise made regarding my sentence agreement,"?... I answered "Yes", Mass. App. Ct. Justice Brown then asked Ass. District Attorney Marguerite T. Grant, "was there a promise made to Donnelly regarding his sentence"? Marguerite Grant (Ass. District Attorney) answered "Yes", but there was a "Mutual Mistake or Misunderstanding" between the

HONORABLE, RYA W. ZOBEL
PAGE THREE

Sentencing Judge Regina L. Quinlan and the Ass District Attorney Crispin Birnbaum at the time of said plea agreement."... Mass. App. Ct. Justice Brown then stated "Why didn't you just correct the sentence" (See Mass. App. Ct. 2003-P-186, EXHIBIT C, Reply Brief, EXHIBIT D, and App Ct Order Denying Rule 30 Motion to Correct Sentence, EXHIBIT E.

3) The Massachusetts Appeals Court Order (EXHIBIT E) writes; "The Commonwealth was not mistaken as to the applicable law", Sentencing Agreement. — If this be the facts then this Petitioner was Sandbaged — Bait and Switched to plead guilty. There was "NO" confusion as to the promises made by the Prosecutor to this Petitioner (See Petitioner's Affidavit, EXHIBIT F) or Petitioner's attorney (See Defense Attorney's Affidavit EXHIBIT G.) in exchange for Petitioner's Guilty Plea. This plea agreement promise took all morning with all parties involved including the sentencing judge (Regina Quinlan) and the victims family of

OF THIS TRAGEDY (MOTOR VEHICLE HOMICIDE), (SEE, SENTENCING TRANSCRIPTS EXHIBIT H)

4) THIS PETITIONER FILED APPLICATION FOR FURTHER APPELLATE REVIEW WITH THE MASSACHUSETTS SUPREME JUDICAL COURT (SEE EXHIBIT I), RECEIVING ON OCTOBER 27, 2004 THE S J C NOTICE OF DENIAL OF F.A.R. APPLICATION (SEE EXHIBIT J).

5) THE MASSACHUSETTS APPEALS COURT ADOPTED THE REMEDY OF "SPECIFIC PERFORMANCE" "WHEN A PLEA RESTS IN ANY SIGNIFICANT DEGREE ON A PROMISE OR AGREEMENT OF THE PROSECUTOR", SEE COMM V. PARZYCK, 41 MASS APP CT. 195 (1996), QUOTING FROM UNITED STATES V. KURKCULER 918 F. 2ND 295, 300 (1ST CIR 1990), (SEE pgs 9-14 PETITIONER'S APPLICATION FOR F.A.R., MASS SUPREME JUDICIAL COURT EXHIBIT I., NOTE: COMM V. PARZYCK 41 MASS APP CT. 195 (1996) CAME DOWN ONE MONTH AFTER THE MASS. APP. CT. RULED ON COMM. V. DONNELLY, 41 MASS APP CT 1101 (1996), ALSO SEE PETITIONER'S

MEMORANDUM IN SUPPORT OF PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS ... 28 U.S.C. SEC 2254, PAGES 6-9.

6) THIS PETITIONER HAS CLEARLY DEMOSTRATED HIS CONSTANT AND DILIGENT PURSUITE IN THE CORRECTION OF HIS SENTENCE IN THE NUMEROUS FILINGS, ATTORNEY REPRESENTATIONS/ADVISE, AND FOLLOWING ALL MASS STATE COURTS ORDERS IN THIS CASE FROM THE ONSET OF THE BREACH OF HIS PLEA PROMISES AT SENTENCING.

7) PETITIONER'S UNDERSTANDING OF MASS R. CRIM. P. 30 IS THAT ALTHOUGH PETITIONER HAS FILED NUMEROUS MOTIONS/PETITION'S IN THIS MATTER TO SEEK THE PROMISES MADE TO HIM AT SENTENCING (SEE EXHIBITS F, G, & H) IN EXCHANGE FOR HIS GUILTY PLEA, MASS. R. CRIM. P. 30, PROVIDE[S] REMEDIES FOR PERSONS WHO HAVE BEEN IMPRISONED IN VIOLATION OF STATE AND FEDERAL LAWS (SEE PETITION PAGES 9-14) AS IN THIS CASE, "THERE ARE NO TIME LIMITATIONS FOR FILING A RULE 30

MOTION, AND AN INDIVIDUAL CAN FILE MULTIPLE RULE 30 MOTIONS" (SEE, MASS R. CRIM. P. 30), THE MASSACHUSETTS SUPREME JUDICIAL COURT HAS HELD THAT A RULE 30 MOTION IS THE "EXCLUSIVE VEHICLE FOR POSTCONVICTION RELIEF" IN MASSACHUSETTS. LEASTER V. COMM. 432 N.E. 2ND 708 (MASS 1982), (RODRIGEEZ V. SPENCER, U.S. COURT OF APPEALS, NO. 03-2139

8) ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 (A.E.D.P.H.) ALLOWS ONE YEAR FROM THE DATE OF THE DENIAL OF YOUR "DIRECT APPEAL" TO FILE A FEDERAL HABE. AT FIRST GLANCE THAT WOULD SEEM TO PREVENT PETITIONER FROM USING A HABE., HOWEVER, PETITIONER "NEVER" HAD A DIRECT APPEAL IN THE FIRST PLACE, FURTHER, ON OCTOBER 27, 2004 THE S.J.C. OF MASSACHUSETTS DENIED THE DUE PROCESS CLAIM (SEE EXHIBITS I-J) WHICH WAS THE ONLY TIME DURING THE YEARS OF DILIGENT LITIGATION IN THIS CASE PETITIONER'S ISSUE WAS ADDRESSED BY THE STATE COURT, HENCE, THAT IS THE DATE

PETITIONER'S DIRECT APPEAL/APPEAL BREACH OCCURRED. (SEE EXHIBITS I AND J PAGES 9-14, AND PAGES 14-18.

## CONCLUSION

WHEREFORE: THIS HONORABLE COURT SHOULD DENY RESPONDENTS MOTION TO DISMISS PETITIONER'S WRIT FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. SEC 2254 AND GRANT DONNELLY'S PETITION FOR WRIT OF HABEAS CORPUS, ORDERING SPECIFIC ENFORCEMENT TO THE TERMS OF SENTENCING PROMISE (EXHIBITS F, G, H) AND SEE PETITION PAGES 14-18)

DATED JULY 5, 2005

RESPECTFULLY SUBMITTED

*Gregory Donnelly*

GREGORY DONNELLY, PRO SE
269 TREBLE COVE RD
BILLERICA, MASS. 01862

# CERTIFICATE OF SERVICE

I, GREGORY DONNELLY, DO HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE PLEADING ON THE ATTORNEY FOR THE RESPONDENT, BY MAILING SAID FIRST CLASS POSTAGE PAID ADDRESSED,

RANDALL RAVITZ
ASS ATTORNEY GENERAL
CRIMINAL BUREAU
ONE ASHBURTON PLACE
BOSTON, MA. 02108

DATED July 5, 2005

_____
GREGORY DONNELLY, PRO SE.