**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                          )
**GREGORY DONNELLY,**                      )
                                                          )
         **Petitioner,**                           )
                                                          )
**v.**                                                   )          **Civil Action No. 04-12706-RWZ**
                                                          )
**BERNARD BRADY,**                        )
                                                          )
         **Respondent.**                        )
_____)

## RESPONDENT'S SUPPLEMENTARY BRIEF
## IN SUPPORT OF HIS MOTION TO DISMISS PETITION

Pursuant to this Court's Order dated July 14, 2005, Respondent Bernard Brady (the "Respondent"), hereby submits this supplementary brief in support of his motion to dismiss the habeas corpus petition (the "Petition") filed by Petitioner Gregory Donnelly (the "Petitioner"). This brief begins by clarifying the Respondent's position regarding the Petitioner's action and this action's present procedural posture. It then sets forth a detailed chronology of the litigation of the Petitioner's criminal cases in the Massachusetts courts, as requested by the Court. Based on that chronology, the Respondent then reiterates the argument advanced in the Respondent's Motion to Dismiss Petition that the Petitioner's action is barred by the applicable statute of limitations.

## CLARIFICATION OF THE RESPONDENT'S POSITION AND
## THE PROCEDURAL POSTURE OF THIS ACTION

At the outset, the Respondent seeks to clarify his position regarding the Petitioner's habeas corpus action and this action's present procedural posture. The Respondent respectfully notes that, contrary to the suggestion in the Court's Order of July 14, 2005, he has not waived his

right to dispute the merits of the Petition.  Rather, the Respondent moved to dismiss the Petition

on statute of limitations grounds prior to filing an answer in order to have the case disposed of at

the outset based on a fatal defect in the Petition, thereby saving the parties and the Court the

burden of having to litigate an unsustainable Petition on the merits.  The Respondent reserved his

right to brief the merits of the Petition in the event that his Motion to Dismiss Petition is denied.

Specifically, the Respondent indicated as follows in footnote 1 of his Memorandum of Law in

Support of His Motion to Dismiss Petition:

> Since the petition must be dismissed for the grounds stated herein, the
> Respondent does not address herein the merits of the Petition.  Should this
> Court rule that the Petitioner may proceed with his habeas corpus action,
> the Respondent respectfully requests the opportunity to file an answer and
> a proposed scheduling order for the parties to brief the merits of the
> Petition.

(Mem. Supp. Mot. Dismiss Pet. at 1 n.1.)

The use of a motion to dismiss in this manner is entirely appropriate in a habeas corpus

case, as in other civil litigation.  The Advisory Committee Notes to Rule 5 of the Rules

Governing Section 2254 Cases (the "Habeas Corpus Rules"), which deals with responses to

petitions, state as follows:

> The revised rule does not address the practice in some districts, where the
> respondent files a pre-answer motion to dismiss the petition.  But revised
> Rule 4 permits that practice and reflects the view that if the court does not
> dismiss the petition [after preliminary review], it may require (or permit)
> the respondent to file a motion.

Habeas Corpus Rule 5 advisory comm. notes to 2004 am.  The filing and disposition of a pre-

answer motion to dismiss is also provided for under Federal Rule of Civil Procedure 12(b)(6),

which may be applied to this proceeding pursuant to Habeas Corpus Rule 11.  Habeas Corpus

Rule 11 ("The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any

statutory provisions or these rules, may be applied to a proceeding under these rules.").

Indeed, it is well-established that "an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim," provided that "the facts that establish the defense [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice . . . [and] the facts so gleaned . . . conclusively establish the affirmative defense." In re Colonial Mortgage Bankers Corp., 324 F.3d at 16; see also Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001) (noting well-settled concept that "affirmative defenses . . . may be raised in a motion to dismiss an action for failure to state a claim.").

Such motions are, in fact, the proper method for testing the legal sufficiency of an initial pleading. Hall v. Virginia, 385 F.3d 421, 427 (4th Cir. 2004) ("[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint."); Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) ("A Rule 12(b)(6) motion is intended to test the legal sufficiency of the complaint."); Riddle v. Egensperger, 266 F.3d 542, 550 (6th Cir. 2001) ("[A] motion to dismiss for failure to state a claim upon which relief can be granted . . . tests the legal sufficiency of the plaintiff's complaint."); De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 69 (2nd Cir. 1996) ("'A motion to dismiss is designed to test the legal sufficiency of the complaint, and thus does not require the Court to examine the evidence at issue.'" (quoting Carey v. Mount Desert Island Hosp., 910 F. Supp. 7, 9 (D. Me. 1995)); In Re Healthcare Compare Corp. Secs. Litig., 75 F.3d 276, 279 (7th Cir. 1996) (referring to "motions to dismiss that test the legal sufficiency of a complaint"); Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1084 (5th Cir. 1984) ("Of course, a motion to dismiss under Rule 12 is the proper method of testing the legal sufficiency of the complaint."); North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983) ("The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of the

complaint."); <u>Peck v. Hoff</u>, 660 F.2d 371, 374 (8th Cir. 1981) ("A motion to dismiss under Rule 12(b)(6) is the usual and proper method of testing the legal sufficiency of the complaint.").

When such a motion has been brought, dismissal may be ordered where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>see also, e.g.</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (stating that dismissal may be allowed where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); <u>In re Colonial Mortgage Bankers Corp.</u>, 324 F.3d at 15 (indicating that dismissal is allowable "if the plaintiff's factual averments hold out no hope of recovery on any theory adumbrated in [his] complaint"); <u>Berner</u>, 129 F.3d at 25 (stating that decision on motion to dismiss requires determination of "whether the pleading encompasses any set of facts that would entitle the plaintiff to relief"); <u>Correa-Martinez</u>, 903 F.2d at 52 (stating that dismissal is allowable "if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory").

In this case, the Respondent's Motion to Dismiss Petition raised an affirmative defense arising from statutory law. The facts supporting that defense are entirely ascertainable through public records and clearly establish that the Petitioner's action is not cognizable. Accordingly, the Respondent's invocation of the statute of limitations through a motion to dismiss prior to addressing the merits of the Petition was proper. Moreover, the allowance of that motion is warranted, as made clear in the chronology and argument that follows. In particular, the Respondent calls attention to Section III of the chronology, as that section is most directly relevant to the statute of limitations issue.

The Respondent nevertheless continues to reserve his right to address the merits of the Petition through an Answer and further briefing should the Court deny his Motion to Dismiss Petition. The Respondent expects that, in that event, such briefing would be limited to the issues raised in the Petition – that is, whether the Petitioner's due process rights under the U.S. Constitution's Fourteenth Amendment were violated by his allegedly being "deprived of the benefit to specific performance to the terms of the 'forthwith' state sentencing scheme" imposed at his 1993 sentencing. (Pet. ¶ 12.)

## CHRONOLOGY

I.    **The Petitioner's Convictions Prior to the Conviction Attacked in the Petition**

A.    The 1980 Conviction

On July 15, 1980, a Plymouth County, Massachusetts, grand jury returned indictments against the Petitioner for armed robbery, in violation of M.G.L. c. 265, § 17, and assault and battery by means of a dangerous weapon, in violation of M.G.L. c. 265, § 15B. (Plymouth Docket Nos. 74020 & 74021, true and accurate copies of which are attached hereto as Exhibit EE.)[1]  At his July 18, 1980 arraignment, the Petitioner pled not guilty to both charges. (Id.)  A jury was empanelled on September 4, 1980. (Id.)  The following day, the jury found him guilty on both charges, and he was sentenced to serve a term of twenty years on the armed robbery charge and ten years on the assault and battery charge. (Id.)  He was given forty-two days of credit toward his twenty-year armed robbery sentence. (Id.)  See also Commonwealth v. Donnelly, 37 Mass. App. Ct. 1117, 641 N.E.2d 1366 (1994), Exhibit O.

During his initial incarceration on these 1980 convictions and certain additional convictions, the Petitioner was awarded 198.5 days of earned time resulting from training,

---

[1]  Exhibits A through DD were filed with the Respondent's Motion to Dismiss Petition. Exhibits beginning with Exhibit EE accompany this Supplementary Brief.

employment and education.  (DOC Reports, true and accurate copies of which are attached

hereto as <u>Exhibit FF</u>, at 7.)

      B.     <u>The 1988 Conviction</u>

Following his release,[2] the Petitioner was involved in an October 22, 1987 driving

incident that resulted in his arrest.  He was arraigned on the following charges in the Gardner,

Massachusetts, District Court on November 18, 1987:  operating under the influence of liquor, in

violation of M.G.L. c. 90, § 24; operating a motor vehicle without a license, in violation of

M.G.L. c. 90, § 10; providing a false name to a police officer, in violation of M.G.L. c. 268, §

34; and operating after the revocation of a license or right to operate, in violation of M.G.L. c.

90, § 23.  (Gardner Docket No. 8763-CR-1939, a true and accurate copy of which is attached to

the accompanying Appendix as <u>Exhibit GG</u>.)  He pled not guilty.  (<u>Id.</u>)  On January 15, 1988, he

was found guilty on all charges.  (<u>Id.</u>)  On the charge of operating under the influence of liquor,

he received a sentence of two years in a house of correction, ninety days of which was to be

served forthwith and the balance of which was to be suspended for two years.  (<u>Id.</u>)  On the

charge of operating after the revocation of a license or right to operate, he received a sentence of

sixty days in a house of correction, to be served concurrently with the sentence on the charge of

operating under the influence of liquor.  (<u>Id.</u>)  The other convictions were filed.  (<u>Id.</u>)

During his initial incarceration on this 1987 conviction, the Petitioner was awarded 112.5

days of earned time resulting from training, employment and education.  (DOC Reports, <u>Exhibit</u>

<u>FF</u>, at 8.)  On September 8, 1988, the Petitioner was paroled to a residential alcohol program.

---

[2] The date of the Petitioner's release is not clear.  Records supplied to the Respondent's counsel by the
Massachusetts Department of Correction list the Petitioner's date of release as May 25, 1990.  Clearly, though, he
had been released at least as early as October 22, 1987.  The Respondent will supply to the Court any additional or
clearer information that he is able to obtain.

(Administrative Chronology, a true and accurate copy of which is attached hereto as Exhibit HH, at 1.)

## II.    The Litigation Leading to the Conviction Attacked in the Petition

A.    The 1989 Arrest, and Initial Trial and Convictions in 1990

On June 3, 1989, while the Petitioner was on probation and parole, he was involved in a motor vehicle collision resulting in two fatalities and was arrested.  Commonwealth v. Donnelly, 37 Mass. App. Ct. 1117, 641 N.E.2d 1366 (1994), Exhibit O.  As a result, a parole revocation warrant was lodged against the Petitioner effective June 6, 1989 with respect to the sentence arising from his 1980 conviction.  Id.  However, no final revocation hearing was ever held.  Id.

On July 18, 1989, a Middlesex County, Massachusetts, grand jury returned nine indictments against the Petitioner arising from the June 3, 1989 motor vehicle collision. Specifically, he was charged with the following:  two counts of felony motor vehicle homicide, in violation of M.G.L. c. 90, § 24G, one count of operating a motor vehicle while intoxicated causing serious bodily injury, in violation of M.G.L. c. 90, § 24L, one count of operating under the influence of an intoxicating substance, one count of operating to endanger, one count of assault, and two counts of manslaughter.  See also Commonwealth v. Donnelly, 33 Mass. App. Ct. 189, 190-91 & n.1, , 597 N.E.2d 1060, 1061-62 n.1 (1992).

As a consequence of these indictments, on August 25, 1989, the Petitioner's probation in connection with his 1988 conviction was terminated, and he was ordered to serve the remainder of the house of correction sentence that had been imposed on that conviction.  (Gardner Docket No. 8763-CR-1939.)  That remainder totaled two years, less ninety days.  (Id.)  See also Commonwealth v. Donnelly, 37 Mass. App. Ct. 1117, 641 N.E.2d 1366 (1994), Exhibit O.

Following a trial on the charges arising from the June 3, 1989 motor vehicle collision, the Petitioner was found guilty on January 10, 1990 of both counts of felony motor vehicle homicide and each count of the following: operating while intoxicated causing serious bodily injury, operating under the influence, operating to endanger, and assault. Commonwealth v. Donnelly, 33 Mass. App. Ct. 189, 190-91 & n.1, , 597 N.E.2d 1060, 1061-62 n.1 (1992). He was found not guilty on the remaining counts. Id. On January 24, 1990, he was sentenced on the vehicular homicide convictions to two consecutive terms of between thirteen and fifteen years at MCI-Cedar Junction "forthwith . . . [t]he defendant having spent 4 days in confinement prior to such sentence awaiting and during trial." (Middlesex Indictments & Initial Dockets, true and accurate copies of which are attached hereto as Exhibit II.) The trial judge later revised and revoked the vehicular homicide sentences, ordering that they run concurrently. (Order of Feb. 28, 1990, a true and accurate copy of which is attached hereto as Exhibit JJ) On the conviction for operating while intoxicated causing serious bodily injury, he was sentenced to a term of between fourteen and one-half to fifteen years at MCI-Cedar Junction, suspended for six years, beginning from and after the sentences on the vehicular homicide convictions. (Middlesex Indictments & Initial Dockets, Exhibit II.) As probation conditions, the court prohibited him from using alcohol or driving. (Id.)

The Petitioner appealed his 1990 convictions to the Massachusetts Appeals Court (the "Appeals Court"). In an August 18, 1992 decision, that court reversed his convictions for motor vehicle homicide and operating while intoxicated causing serious bodily injury, remanded the case to the Superior Court for a new trial on those charges, and affirmed the convictions on the remaining counts. (Middlesex Docket 1989-02016, Exhibit A.) Commonwealth v. Donnelly, 33 Mass. App. Ct. 189, 201, 597 N.E.2d 1060, 1068 (1992), Exhibit M. The Massachusetts

Supreme Judicial Court ("SJC") denied further appellate review of the Appeals Court's decision

on October 1, 1992. <u>Commonwealth v. Donnelly</u>, 413 Mass. 1107, 600 N.E.2d 1000 (1992)

(table decision), <u>Exhibit N</u>.

      B.    <u>The Conviction Attacked in the Petition:  The 1993 New Trial and Conviction
Arising from the 1989 Arrest</u>

On May 10, 1993, a new trial on the charges of felony motor vehicle homicide and the

charge of operating while intoxicated causing serious bodily injury was commenced in the

Middlesex County Superior Court before the Honorable Regina L. Quinlan and a jury.  However,

a mistrial was declared on May 12, 1993.  (Middlesex Docket 1989-02016; Middlesex Docket

1989-02017, a true and accurate copy of which is attached hereto as <u>Exhibit B</u>; Middlesex

Docket 1989-02018, a true and accurate copy of which is attached hereto as <u>Exhibit C</u>.)  On May

13, 1993, the Petitioner pled guilty, withdrew that plea, and then entered a new guilty plea

pursuant to a plea agreement.  (Middlesex Docket 1989-02016; Middlesex Docket 1989-02017;

Middlesex Docket 1989-02018.)  His guilty plea was accepted and a sentence was imposed by

Justice Quinlan.  (Middlesex Docket 1989-02016; Middlesex Docket 1989-02017; Middlesex

Docket 1989-02018.)  On the charges of motor vehicle homicide while intoxicated, he was

sentenced to serve two concurrent terms of between ten and ten and a half years at MCI-Cedar

Junction.  (Middlesex Docket 1989-02016; Middlesex Docket 1989-02017.)  In connection with

one of the charges, the docket reflects the Court's order that "[t]his sentence to take effect

forthwith notwithstanding the sentence now being served at M.C.I., Concord."  (Middlesex

Docket 1989-02016.)  On the charge of operating while intoxicated causing serious bodily

injury, he was sentenced to a suspended term of between six and eight years at MCI-Cedar

Junction and a five-year probationary term, to commence from and after the expiration of the

sentence on the other motor vehicle charges.  (Middlesex Docket 1989-02018.)  The Petitioner

was also given credit for 1174 days of time served between his June 3, 1989 arrest and the

August 18, 1992 reversal of his convictions (Middlesex Docket 1989-02016; Middlesex Docket

1989-02017), was barred from operating a motor vehicle in Massachusetts, and was ordered to

submit to evaluation for alcohol treatment if deemed necessary by the Probation Department.

**III.    The Petitioner's State-Court Litigation Regarding His Sentence and Jail Time Credits**

On June 2, 1993, the Petitioner filed a Motion for Jail Time, in which he sought credit for

the time in between the Appeals Court's overturning of his conviction on August 18, 1992 and

his pleading guilty on May 13, 1993. (Middlesex Docket 1989-02016; Middlesex Docket 1989-

02017.) Donnelly, 37 Mass. App. Ct. 1117, 641 N.E.2d 1366. His motion was denied on June

23, 1993, without prejudice to his ability to seek declaratory relief through a civil action.

(Middlesex Docket 1989-02016; Middlesex Docket 1989-02017.) He filed a Notice of Appeal of

that decision on July 6, 1993 (Middlesex Docket 1989-02016; Middlesex Docket 1989-02017),

and his appeal was entered on the docket of the Appeals Court on August 26, 1993 (Appeals Ct.

Docket 1993-P-1149, Exhibit H). He also filed a civil action seeking declaratory relief on July

14, 1993, but that action was dismissed on September 15, 1993. (Middlesex Docket 1993-

04083, Exhibit D.) Additionally, on October 6, 1993, the Petitioner filed a Motion to Amend,

and a motion for reconsideration of the court's denial of His Motion for Jail Time and for leave

to file an Amended Motion for Post Conviction Relief. (Middlesex Docket 1989-02016.) The

latter motion was denied on December 1, 1993. (Id.) He then filed a Supplemental Motion for

Reconsideration of His Motion for Jail Time on December 6, 1993, as well as a Motion for Post-

Conviction Relief on December 13, 1993. (Id.) The Motion for Post-Conviction Relief was

denied on March 7, 1994, and the Petitioner filed a Notice of Appeal of that decision on March

28, 1994. (Id.) On November 4, 1994, the Appeals Court remanded the Petitioner's case to the

Superior Court for recalculation of his jail credit time.  (Id.; Appeals Ct. Docket 1993-P-1149.)

Donnelly, 37 Mass. App. Ct. 1117, 641 N.E.2d 1366.  The Petitioner nevertheless filed an

Application for Leave to Obtain Further Appellate Review of the Appeals Court's decision on

November 18, 1994, which application was denied by the SJC on January 4, 1995.  (SJC Docket

FAR-07551, Exhibit I.)  Commonwealth v. Donnelly, 419 Mass. 1103, 646 N.E.2d 409 (1995)

(table decision), Exhibit P.  The Superior Court awarded him credit for 139 days of time served

on April 1, 1995.  (Middlesex Docket 1989-02016.)

Then, on or about April 13, 1995, the Petitioner filed a letter to Justice Quinlan that, in

part, raised issues concerning his sentence.  (Letter from Donnelly to Quinlan of 4/13/95 &

Order, Exhibit U.)  The Petitioner also filed a Motion to Correct Sentence in the Middlesex

Superior Court on April 28, 1995.   (Middlesex Docket 1989-02016; 1995 Mot. Correct

Sentence, Exhibit V.)  He argued in his motion that his "concurrent and from and after sentences

[were] duplici[t]ous, and therefore constitute[ed] double jeopardy."  (1995 Mot. Correct

Sentence at 1.)  On the same date that the Petitioner filed his Motion to Correct Sentence, he

petitioned for a state writ of habeas corpus in the Middlesex Superior Court.  (Middlesex Docket

1995-02633, Exhibit E.)  In a May 3, 1995 Opposition, the Commonwealth responded to the

arguments raised in both the Petitioner's letter to Justice Quinlan and his Motion to Correct

Sentence.  (Commonwealth's Opp'n Def.'s Mot. Correct Sentence & Deft.'s Letter Treated as

Mot., Exhibit W.)

In a May 30, 1995 Order on the margin of the Petitioner's letter, Justice Quinlan stated as

follows:  "Having ordered that the letter be treated as a motion for post-conviction relief and

having reviewed the 'motion' and opposition thereto, the motion is denied.  The defendant has

been given the 139 days jail credit as directed by the Appeals Court."  (Middlesex Docket 1989-

02016; Letter from Donnelly to Quinlan of 4/13/95 & Order.)  It is clear that Justice Quinlan's

May 30, 1995 Margin Order disposed of both the Petitioner's April 13, 1995 letter and his April

28, 1995 Motion to Correct Sentence, as the Margin Order indicated that it took into account the

Commonwealth's Opposition (Letter from Donnelly to Quinlan of 4/13/95 & Order), and the

Commonwealth's Opposition addressed both the April 13, 1995 letter and the April 28, 1995

Motion to Correct Sentence (Commonwealth's Opp'n Def.'s Mot. Correct Sentence & Deft.'s

Letter Treated as Mot.).

     The Petitioner's petition for a state writ of habeas corpus was denied by the Superior

Court on October 30, 1995, and he filed a Notice of Appeal of that decision on November 8,

1995.  (Id.)  The Appeals Court affirmed the denial of habeas corpus relief in a July 31, 1996

decision.  Commonwealth v. Donnelly, 41 Mass. App. Ct. 1102, 668 N.E.2d 381 (1996), Exhibit

Q.  Further appellate review was denied by the SJC on October 2, 1996.  (SJC Docket FAR-

08709, Exhibit J.)  In re Donnelly, 423 Mass. 1108, 671 N.E.2d 951 (1996) (table decision),

Exhibit R.

     Also on October 2, 1996, the Petitioner was paroled from state custody.  (Administrative

Chronology, Exhibit HH, at 3.)  His parole was revoked on July 17, 1998, and he was returned to

confinement effective July 22, 1998.  (Id. at 4.)  The Petitioner was again paroled on December

18, 1998.  (Id.)  During his initial incarceration on his May 13, 1993 convictions, the Petitioner

was awarded 122.5 days of earned time resulting from training, employment and education.

(DOC Reports, Exhibit FF, at 9.)

     On August 6, 1999, the Petitioner was arrested once more and charged in Middlesex

County with the following offenses:  two counts of assault with a dangerous weapon, in violation

of M.G.L. c. 265, § 15B; one count of unauthorized use of a motor vehicle as a second offense,

in violation of M.G.L. c. 90, § 24; one count of driving while intoxicated, in violation of M.G.L. c. 90, § 24; one count of driving negligently or recklessly, in violation of M.G.L. c. 90, § 24; one count of driving after license suspension or revocation, in violation of M.G.L. c. 90, § 23; one count of failure to stop, in violation of M.G.L. c. 90, § 25; and one count of resisting arrest, in violation of M.G.L. c. 268, § 32.  (Middlesex Docket 1999-01193, Exhibit F.)

In light of these charges, his parole was revoked on August 19, 1999.  (Administrative Chronology, Exhibit HH, at 4.)  On January 27, 2000, the Petitioner's probation in connection with his May 13, 1993 Middlesex County conviction was transferred to the Suffolk County Superior Court, and a final probation surrender hearing was held.  (Suffolk Docket 1999-11105, Exhibit G.)  At that time, the court found the Petitioner in violation of the terms and conditions of his probation and ordered the imposition of the sentence that had been suspended in 1993. (Id.)  The Docket noted as follows:  "Court orders suspended sentence imposed.  May 13, 1993 to take effect as follows:  MCI Cedar Junction – max: eight years, min: six years.  This sentence said Defendant is presently serving."  (Id.)

On April 2, 2002, the Petitioner pled guilty to and was sentenced on the following counts arising from his August 6, 1999 arrest:  two counts of assault with a dangerous weapon; one count of unauthorized use of a motor vehicle as a second offense; one count of driving while intoxicated; one count of driving negligently or recklessly; one count of driving after license suspension or revocation; one count of failure to stop; and one count of resisting arrest (Middlesex Docket 1999-01193, Exhibit F.)  The charges of driving negligently or recklessly, failure to stop, and resisting arrest were placed on file.  (Id.)  On the charge of assault with a deadly weapon, the Petitioner was required to post a $100 bond and was placed on probation for three years.  (Id.)  On the remaining charges, he was sentenced to serve concurrent terms of two

and one-half years in a house of correction, to take effect from and after the expiration of the sentence that he was then serving. (Id.) The Petitioner filed a Motion to Revise and Revoke Sentence Pursuant to Mass. R. Crim. P. 29 in that case on April 30, 2002, and it was denied on May 29, 2002. (Id.)

On October 16, 2002, the Petitioner filed a pro se Motion to Correct an Illegal Sentence in the Suffolk Superior Court under the case number assigned to his probation case. (Id.; 2002 Mot. Correct Sentence, Exhibit X.) In a letter dated October 31, 2002, the Middlesex District Attorney's Office advised the Honorable Charles T. Spurlock, Regional Administrative Justice for the Suffolk Superior Court, that that motion related to "a Middlesex case in which probation has been transferred to Suffolk." (Letter from Grant to Spurlock of 10/31/02, Exhibit Y, at 1.) The District Attorney's Office "respectfully suggest[ed] that the present motion to correct the sentence should be assigned to Justice Quinlan, who imposed it." (Id. at 2.) Justice Quinlan was copied on the letter. (Id.)

As a result of the letter from the District Attorney's Office to the two justices, both justices issued rulings denying the Petitioner's October 16, 2002 Motion to Correct an Illegal Sentence. Specifically, Justice Spurlock denied the motion without a hearing on October 30, 2002, and his decision was entered on the docket of the Suffolk Superior Court case. (Suffolk Docket 1999-11105.) The Petitioner filed a Motion for Reconsideration of that decision on November 22, 2002, which was denied without a hearing on December 4, 2002. (Id.) He then filed a Notice of Appeal of the decision on December 16, 2002. (Id.) Additionally, on December 18, 2002, Justice Quinlan issued an "Order on Defendant's Motion to Correct Sentence" under the number of the Middlesex County case giving rise to the Petitioner's May 13, 1993 conviction. (Order on Def.'s Mot. Correct Sentence, Exhibit Z.) The Order stated in its

entirely as follows: "Having reviewed the defendant's motion, the Commonwealth's opposition and the decisions of the Appeals Court and in light of the issues having previously been rejected by the Appeals Court, the defendant's Motion to Correct Sentence is DENIED." (Id.) The Petitioner on June 12, 2003 obtained leave to file a notice of appeal of Justice Quinlan's decision out of time, and that appeal was consolidated with the appeal of Justice Spurlock's decisions. (Appeals Ct. Docket 2002-P-0186, Exhibit K; Middlesex Docket 1989-02016.)

There should be no doubt that Justice Quinlan's December 18, 2002 Order disposed of the Petitioner's October 16, 2002 Motion to Correct an Illegal Sentence, and not his April 28, 1995 Motion to Correct Sentence. First, Justice Quinlan stated that the issues before her had been addressed by the Appeals Court (Order on Def.'s Mot. Correct Sentence), and the Appeals Court had never addressed the double-jeopardy and duplicity claims raised in the Petitioner's April 28, 1995 Motion to Correct Sentence (1995 Mot. Correct Sentence). See Donnelly, 41 Mass. App. Ct. 1102, 668 N.E.2d 381; Donnelly, 37 Mass. App. Ct. 1117, 641 N.E.2d 1366. Second, Justice Quinlan's December 18, 2002 decision was rendered only about two months after the filing of the October 16, 2002 Motion to Correct an Illegal Sentence, while it was handed down more than seven years after the filing of the April 28, 1995 Motion to Correct Sentence. (Middlesex Docket 1989-02016; Suffolk Docket 1999-11105.) Third, the appeal of Justice Quinlan's December 18, 2002 decision was entered on the same docket as and heard together with the appeal of Justice Spurlock's decisions without any need for a motion to consolidate. (Appeals Ct. Docket 2002-P-0186.) Fourth, the Commonwealth's filings in the Appeals Court stated that the Petitioner's October 16, 2002 Motion to Correct an Illegal Sentence was disposed of by both Justice Spurlock and Justice Quinlan, and these statements were never challenged by the Petitioner. (Notice of Appearance as Counsel for Commonwealth,

Exhibit AA, at 1 ("On receipt of [the October 31, 2002 letter of the District Attorney's Office], both the motion judge and the plea judge denied the same motion to correct the sentence." (emphasis in original) (citations omitted)); Commonwealth's Br. & Supp'l R. App. to Appeals Ct., Exhibit DD, at 5-9 (stating that, "[o]n December 18, 2002, having received the copy of the Commonwealth's letter, the plea judge [Justice Quinlan] also denied the same motion to correct the sentence [that had been denied by Justice Spurlock]," and that the appellate prosecutor's "notice of appearance pointed out that both the motion judge and the plea judge had denied the same motion to correct the sentence").)[3]  In fact, the Petitioner appeared to acknowledge the accuracy of such statements.  (Def.'s Mot. Strike, Exhibit BB, at 1-4 (indicating that Justice Quinlan's decision related to Motion to Correct an Illegal Sentence that had never been placed on Middlesex Superior Court's docket); Def.'s Aff. Supp. Mot. Strike, Exhibit CC, ¶ 10 ("I never received notice from anyone that my motion to correct an illegal sentence had also been filed in Middlesex County for consideration by Justice Quinlan."), ¶ 13 ("[H]ad I received notice of Justice Quinlan's denial of my motion to correct an illegal sentence, I would have timely filed a motion for reconsideration, as well as a timely notice of appeal from Justice Quinlan's denial(s), as I did in Suffolk County from Justice Spurlock's orders denying my said motions.").)

In an August 17, 2004 Memorandum and Order, the Appeals Court affirmed Justice Spurlock's denial of the Petitioner's Motion to Correct Sentence and Motion to Reconsider, as well as Justice Quinlan's decision of December 18, 2002.  (Appeals Ct. Docket 2002-P-0186; Middlesex Docket 1989-02016.)  Commonwealth v. Donnelly, 61 Mass. App. Ct. 1121, 813 N.E.2d 584 (2004), Exhibit S.  The Petitioner continued to pursue his appeal by filing an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the SJC on

---

[3] Within a corresponding parenthetical in his Memorandum of Law in Support of His Motion to Dismiss Petition, the Respondent mistakenly referred to the date of the letter from the District Attorney's Office as April 13, 1995.

September 7, 2004.  (SJC Docket FAR-14358, <u>Exhibit L</u>; Appeals Ct. Docket 2002-P-0186.)

<u>Commonwealth v. Donnelly</u>, 442 Mass. 1111, 816 N.E.2d 1222 (2004) (table decision), <u>Exhibit</u>

<u>T</u>.  His ALOFAR was denied on October 27, 2004.  <u>Id.</u>

      As the Respondent observed in his Memorandum of Law in Support of His Motion to

Dismiss Petition, the underlying dockets may appear at first blush to be subject to the following

alternate interpretation:  Justice Quinlan's May 30, 1995 Margin Order disposed of the

Petitioner's April 13, 1995 letter, but not his April 28, 1995 Motion to Correct Sentence; the

Petitioner's October 16, 2002 Motion to Correct an Illegal Sentence was disposed of solely by

Justice Spurlock's October 30, 2002 decision; and the Petitioner's April 28, 1995 Motion to

Correct Sentence was not disposed of until Justice Quinlan's decision on December 18, 2002.

(Attached hereto as <u>Exhibit KK</u> is a chart reflecting the better interpretation and the alternate

interpretation of the litigation history.)  As argued in the Respondent's Memorandum and

established in the foregoing chronology, this interpretation cannot be found correct.  The

following is a summary of the factors discussed above that must be found to militate against such

an interpretation:  Justice Quinlan's May 30, 1995 Margin Order indicated that it took into

account the Commonwealth's Opposition, which Opposition addressed both the Petitioner's

April 13, 1995 letter and his April 28, 1995 Motion to Correct Sentence; Justice Quinlan's

December 18, 2002 decision stated that the issues before her had been addressed by the Appeals

Court, but the Appeals Court had never addressed the double-jeopardy and duplicity claims

raised in the Petitioner's April 28, 1995 Motion to Correct Sentence; Justice Quinlan's December

18, 2002 decision was rendered much closer in time to the Petitioner's October 16, 2002 Motion

to Correct an Illegal Sentence than to his April 28, 1995 Motion to Correct Sentence; the appeal

of Justice Quinlan's December 18, 2002 decision was entered on the same docket as and heard

---

(Mem. Supp. Mot. Dismiss Pet. at 12.)

together with the appeal of Justice Spurlock's decisions without any need for a motion to consolidate; and the Commonwealth's filings in the Appeals Court stated that the Petitioner's October 16, 2002 Motion to Correct an Illegal Sentence was disposed of by both Justice Spurlock and Justice Quinlan, and these statements were never challenged by, and appear to have been acknowledged as accurate by, the Petitioner.

Moreover, and quite importantly, even after the Respondent's Motion to Dismiss Petition noted this alternative interpretation of the litigation history, neither of the Petitioner's two responses to the Motion to Dismiss Petition adopted such an interpretation. (Pet'r's Opp'n Mot. Dismiss Pet.; Letter from Donnelly to Court dated July 5, 2005.) In fact, consistent with his position before the Appeals Court, the Petitioner in no way challenged the interpretation of the docket that the Respondent argued was the correct interpretation. (Pet'r's Opp'n Mot. Dismiss Pet.; Letter from Donnelly to Court dated July 5, 2005.)

During his incarceration on his reinstated May 13, 1993 sentence and his April 2, 2002 sentences, the Petitioner was awarded 230 days of earned time resulting from training, employment and education. (DOC Reports, Exhibit FF, at 11.) He was transferred from Old Colony Correctional Center, a state correctional facility, to the Middlesex House of Correction, at county facility, on December 31, 2004. (Id., at 4.)

IV.    **The Proceedings in the Instant Habeas Corpus Action**

The Petition at issue was filed in the United States District Court on December 28, 2004. On April 15, 2005, the Respondent filed a Motion to Dismiss Petition on the grounds that the Petition had not been filed within the statute of limitations provided for under 28 U.S.C. § 2254. (Resp't's Mot. Dismiss Pet.) As discussed in the foregoing section, within his argument on the statute of limitations issue, the Respondent put forth two potential interpretations of the docket in

the Petitioner's underlying criminal litigation, and then explained that one of those

interpretations must be found correct.  (Id.)  The interpretation favored by the Respondent

yielded the conclusion that no post-conviction or collateral challenge to the Petitioner's

conviction was pending during AEDPA's first year of effectiveness, thus making the filing of his

Petition more than one year after AEDPA's effective date untimely.  (Id.)

 The Respondent additionally indicated in his Motion to Dismiss Petition that, in light of

the grounds for dismissal of the Petition, he would not address the merits of the Petition at that

time.  (Id.)  He requested the opportunity to file an answer and a proposed scheduling order for

the parties to brief the merits of the Petition in the event that his Motion to Dismiss Petition was

denied.  (Id.)

 The Petitioner filed an opposition to the Motion to Dismiss Petition on May 16, 2005 and

an additional letter to the Court responding to the Motion to Dismiss Petition on July 8, 2005.

(Pet'r's Opp'n Mot. Dismiss Pet.; Letter from Donnelly to Court dated July 5, 2005.)

Significantly, as noted above, nowhere in either of these responses to the Motion to Dismiss

Petition did the Petitioner adopt the above-referenced alternate view of his litigation history or

otherwise challenge the interpretation of the litigation history supported by the Respondent.

(Pet'r's Opp'n Mot. Dismiss Pet.; Letter from Donnelly to Court dated July 5, 2005.)  Instead,

the Petitioner implied that his one-year limitations period must be found to have commenced on

October 27, 2004, when the SJC denied his ALOFAR with respect to the denial of his October

16, 2002 Motion to Correct an Illegal Sentence by Justice Spurlock on October 30, 2002 and

Justice Quinlan on December 18, 2002.  (Pet'r's Opp'n Mot. Dismiss Pet., at 1-2; Letter from

Donnelly to Court dated July 5, 2005, at 6-7.)  The Petitioner did not address the Respondent's

citation of case law to the effect that an expired period of limitations may not be restarted and

then tolled by the filing of motions for post-conviction or collateral relief (Mem. Supp. Mot.

Dismiss Pet. at 13-14). (Pet'r's Opp'n Mot. Dismiss Pet.; Letter from Donnelly to Court dated

July 5, 2005.)

On July 14, 2005, the Court issued its Order requesting the filing of this Supplementary

Brief.

## **ARGUMENT**

### **The above chronology affirms that the Petition is time-barred.**

Based on the foregoing, it is clear that the Petition was filed beyond the limitations period

applicable to habeas corpus cases challenging state convictions. That statute provides as follows:

(1) A 1-year period of limitation shall apply to an application for a
writ of habeas corpus by a person in custody pursuant to the judgment of a
State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation of the Constitution
or laws of the United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise
of due diligence.

(2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

28 U.S.C. § 2244(d), as amended by AEDPA, P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

In cases where the conviction at issue became final prior to AEDPA's effective date of April 24, 1996, courts have afforded a one-year grace period for those incarcerated to file habeas corpus petitions. See, e.g., Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999) (concluding that one-year grace period should be afforded where cause of action accrued before April 24, 1996). See also Rogers v. United States, 180 F.3d 349, 355 & n.13 (1st Cir. 1999) (recognizing one-year grace period for motions pursuant to 28 U.S.C. § 2555 and concluding that period ended on April 24, 1997). The tolling provision contained in § 2244(d)(2) has likewise been made applicable to this judicially-crafted grace period. See, e.g., Gaskins, 183 F.3d at 10 (noting trend of circuit and district courts in applying tolling provision to grace period); Huenefeld v. Maloney, 62 F. Supp. 2d 211, 218 (D. Mass. 1999) ("[T]he tolling provisions of § 2244(d)(2) do apply to the judge made grace period.").

Given that the judgment attacked in the Petition was entered prior to AEDPA's effective date, the limitations period for the Petitioner ended on April 24, 1997, unless it was tolled by the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. § 2244(d)(2). See, e.g., Gaskins, 183 F.3d at 9; Rogers, 180 F.3d at 355 & n.13.[4] Here, a proper reading of the underlying litigation history establishes that the Petitioner's April 28, 1995 Motion to Correct Sentence was disposed of by Justice Quinlan on May 30, 1995. Thus, neither this motion nor any other motion for collateral

---

[4] The Petitioner's petition for a state writ of habeas corpus would not have tolled the limitations period, because such a petition cannot be used to attack a conviction on the merits. See Sheriff of Suffolk County v. Pires, 438 Mass. 96, 99-100, 777 N.E.2d 1231,1233-34 (2002) (stating that state writ of habeas corpus cannot be used to challenge merits of criminal conviction).

relief was pending during the first year after AEDPA's effective date, and the Petitioner's time for seeking federal habeas relief expired on April 24, 1997.

As the Petition at issue was not filed until more than seven years after this date, it is time-barred. Contrary to the suggestion by the Petitioner (Pet'r's Opp'n Mot. Dismiss Pet., at 1-2; Letter from Donnelly to Court dated July 5, 2005, at 6-7), the fact that the Petitioner sought additional collateral review years after the April 24, 1997 deadline does not impact this analysis. The tolling provisions contained in 28 U.S.C. § 2244(d)(2) do not provide for a limitation period that has already expired to be restarted and then tolled. See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (concluding that AEDPA's limitations period was not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (stating that state-court motion filed after AEDPA's limitation period expired did not "revive" statute of limitations). Thus, the Petition filed on December 28, 2004 remains untimely and must be dismissed. See, e.g., Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003) (affirming dismissal of petition that was not timely filed).

## CONCLUSION

For the foregoing reasons, this Court should allow the Respondent's Motion to Dismiss.

Respectfully submitted,

THOMAS F. REILLY
Attorney General


/s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  August 26, 2005

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served on August 26, 2005, by first-class mail, postage prepaid, upon:

Gregory Donnelly
Middlesex House of Correction
269 Treble Cove Road
Billerica, MA  01862

pro se                                          <u>/s/ Randall E. Ravitz</u>
                                                 Randall E. Ravitz

**EXHIBITS**

EXHIBIT EE.   Docket in connection with <u>Commonwealth v. Gregory Donnelly</u>, Case Nos. 74020 and 74021 in the Plymouth County, Massachusetts, Superior Court ("Plymouth Docket Nos. 74020 & 74021")

EXHIBIT FF.   Booking Search Results, Sentencing Information, and Inmate Sentence Listings concerning Gregory Donnelly supplied by the Massachusetts Department of Correction ("DOC Reports")

EXHIBIT GG.   Docket in connection with <u>Commonwealth v. Gregory Donnelly</u>, Case No. 8763-CR-1939 in the Gardner, Massachusetts, District Court ("Gardner Docket No. 8763-CR-1939")

EXHIBIT HH.   Exhibit 8 to the Habeas Corpus Petition filed by the Petitioner, a Massachusetts Department of Correction Administrative Chronology concerning Gregory Donnelly ("Administrative Chronology")

EXHIBIT II.   Indictments and initially prepared dockets in connection with Commonwealth v. Gregory Donnelly, Case Nos. 1989-02016 through 1989-02018 in the Middlesex County, Massachusetts, Superior Court ("Middlesex Indictments & Initial Dockets")

EXHIBIT II.   Order revising and revoking sentence dated February 28, 1990 in connection with Commonwealth v. Gregory Donnelly, Case No. 1989-02016 in the Middlesex County, Massachusetts, Superior Court ("Order of Feb. 28, 1990")

EXHIBIT KK.   Chart:  Selected Litigation Events, with Better Interpretation and Alternate Interpretation of Activity



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL

ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

August 26, 2005

**Via First-Class Mail**

Ms. Sarah A. Thornton, Clerk
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

      Re:    *Gregory Donnelly v. Bernard Brady*,
            Civil Action No. 04-12706-RWZ

Dear Ms. Thornton:

      Enclosed for filing please find *Respondent's Supplementary Brief in Support of His Motion to Dismiss Petition.* A copy of this document without its Exhibits is being filed electronically, along with a corresponding *Notice of Filing with Clerk's Office.* Please do not hesitate to contact me if you have any questions regarding the enclosed. Thank you for your attention to this matter.

                    Very truly yours,

                    Randall E. Ravitz

cc:    Gregory Donnelly, pro se (via first-class mail)

## **EXHIBITS**

EXHIBIT EE.   Docket in connection with Commonwealth v. Gregory Donnelly, Case
              Nos. 74020 and 74021 in the Plymouth County, Massachusetts, Superior
              Court ("Plymouth Docket Nos. 74020 & 74021")

EXHIBIT FF.   Booking Search Results, Sentencing Information, and Inmate Sentence
              Listings concerning Gregory Donnelly supplied by the Massachusetts
              Department of Correction ("DOC Reports")

EXHIBIT GG.   Docket in connection with Commonwealth v. Gregory Donnelly, Case
              No. 8763-CR-1939 in the Gardner, Massachusetts, District Court
              ("Gardner Docket No. 8763-CR-1939")

EXHIBIT HH.   Exhibit 8 to the Habeas Corpus Petition filed by the Petitioner, a
              Massachusetts Department of Correction Administrative Chronology
              concerning Gregory Donnelly ("Administrative Chronology")

EXHIBIT II.   Indictments and initially prepared dockets in connection with
              Commonwealth v. Gregory Donnelly, Case Nos. 1989-02016 through
              1989-02018 in the Middlesex County, Massachusetts, Superior Court
              ("Middlesex Indictments & Initial Dockets")

EXHIBIT II.   Order revising and revoking sentence dated February 28, 1990 in
              connection with Commonwealth v. Gregory Donnelly, Case No. 1989-
              02016 in the Middlesex County, Massachusetts, Superior Court ("Order
              of Feb. 28, 1990")

EXHIBIT KK.   Chart: Selected Litigation Events, with Better Interpretation and
              Alternate Interpretation of Activity

## **EXHIBIT EE**

# SUPERIOR COURT, CRIMINAL

**COMMONWEALTH**                          **vs.**

INDICTMENT

**NO.** 74020

GREGORY M. DONNELLY
Brockton

| OFFENSE | PLACE | PRESIDING JUSTICE | COUNSEL FOR DEFENDANT |
|---|---|---|---|
| Armed Robbery | Brockton | | |

## DOCKET ENTRIES

| DATE 1980 | |
|---|---|
| July   15 | (1)  Returned into court and ordered filed |
| July 18 | (2)  Appearance of Lehan, for the deft. |
| | (3)  Pleads not guilty |
| | (4)  Order for the transittal of bail |
| | Prince, J. |
| July 18 | (5)  Pre-trial conference report to be filed by August 7, 1980 |
| | Prince, J. |
| July 30 | Appearacne of Mulholland for the Commonwealth |
| | (7)  Bail, 25,000 (real estate) Richard and Patricia Donnelley surety |
| August 14 | (8)  pre-trial conference report filed August 14, 1980 |
| August 28 | (9)  Commonwealth's answers to request fro discovery |
| September 4 | (10)  Certificate of protracted trial |
| | (11)  Jury of 14 empanelled |
| Sept. 5 | (12)  Verdict of Guilty. |
| | (13)  Sentenced to 20 years Massachusetts Correctioanl Institute at Concord  (42 credit days) |
| | (14)  Deft. notified to right of appeal |
| | (15)  Clerks written statement under Supreme Court rule 65 |
| | (16)  Warrent for commitmnet |

**S.A. 1**

BROCKTON, MASS.    Liberty print

# SUPERIOR COURT, CRIMINAL

**COMMONWEALTH**

**VS.**

INDICTMENT

**NO.** 74021

GREGORY M. DONNELLY
Brockton

| OFFENSE | PLACE | PRESIDING JUSTICE | COUNSEL FOR DEFENDANT |
|---|---|---|---|
| Assault and Battery by means of a dangerous weapon | Brockton | | |

### DOCKET ENTRIES

| DATE | | |
|---|---|---|
| 1980 | | |
| July 15 | (1) | Returned into court and ordered filed |
| 18 | (2) | Pleads not guilty |
| | (3) | Order of the transmittal of bail (See 74020) |
| | (4) | Pre-trial conference report to be filed by August 7, 1980 |
| Aug. 14 | (5) | Pre-trial conference report (See 74020) |
| 28 | (6) | Commonwealth's answers to request for discovery (See 74020) |
| Sept. 4 | (7) | Certificate of protracted trial (See 74020) |
| | (8) | Jury of 14 impannelled (See 74020) |
| 5 | (9) | Verdict of guilty |
| | (10) | Sentenced to 10 years at Massachusetts Correctional Instituteat Concord |
| | (11) | Deft. advised of his right to appeal sentence imposed |
| | (12) | Clerks written statement under Supreme Court Rule 65 (See 74020) |
| | (13) | Warrent for commitment |

Taveria, J.

S.A. 2

**EXHIBIT FF**



Massachusetts Department of Correction - [Sentence Info - W_ADM_SEN]

Admiss.  Admis.  Bed Mng  Class  Criminal Rds  Date Comp  Medical  O.V.  Prog. Work  Release  Schedule  Security  Window

Select Inmate Commitment Number  C47732        Select         Search         Today's Date     20050825 14:14

Name  DONNELLY          GREGORY        Comm #  C47732   Inst  OLD COLONY CORRECTIONAL CENTER    DOB  19581220
Status  RELEASE  Unit, Cell, Bed    UNASSIGNED  Sec.Level B    Comm  19800905   PE  19900525   Release Date  19900612

COMBINED RELEASE DATES

PE                Parole/el Total Agg Min         PAE           GCD          RAD/ROR    Manual Date Computation
19820724                                          20000107      19911021                                      Calculate

Sentence Unit                New Unit         Sentence Number  1               New Sentence    Copy To New Sent

Sentence Term    Other Information    History

SENTENCE INFORMATION

Docket #  74020      OBTN #        Court  PLYMOUTH SC-BROCKTON         TERM  YRS  MOS  DAYS       LIFE

Chapter  265        Section  17        Sub-Section           Minimum                    Sep Min Date
Paragraph           Sub-Paragraph        Category            Maximum  20
Type  Reformatory          Set Descr  ARMED ROBBERY            Committed                Probation

Offense Date  19800519   Imposed Date  19800905   Invoked Date  19800905   Time Served        In/PC Credit  42   Effective Date  19900725
From & After          Prior                          Crime On Parole      Crime while incarcerated+HDC   Habitual
Mandatory   Prior   Sentence Computed    Held A Warrant   Crime on Prob/Parole   Crime while incarcerated State   Crime On Escape
Override Invoked Date for EGT Credits               Last Update  20020227  17:53  BMS            BMS

UNIT  Previous    New    SENTENCE  Previous    Next    Clear        Arresting Agency  Description Search    Save    Exit

Record  1/3



Inmate Sentence Listing
C47732    DONNELLY, GREGORY N

Report Date:2005 0825 14:17:02

----------------------------------------------------------------------------
                          Sentence Unit:  A
----------------------------------------------------------------------------

Sent #: 1          Statute:        265      17              140
                                ARMED ROBBERY

   Off. Date:   19800519
   Sent. Type:  Reformatory                              PE:   19820724
   Imposed:     19800905                                 Min:
   Invoked:     19800905         TO 20Y                  Max:  20000724
   Jail Credit: 42                                       Gcd:  19920507
   Effective:   19800725
   Court:       PLYMOUTH SC-BROCKTON
   Docket:      74020

----------------------------------------------------------------------------

Sent #: 2          Statute:        265      15A    b          171

   Off. Date:   19800519
   Sent. Type:  Reformatory                              PE:   19810724
   Imposed:     19800905                                 Min:
   Invoked:     19800905         TO 10Y                  Max:  19900724
   Jail Credit: 42                                       Gcd:  19860615
   Effective:   19800725
   Court:       PLYMOUTH SC-PLYMOUTH
   Docket:      74021

----------------------------------------------------------------------------

Sent #: 3          Statute:        265      19              150
                                UNARMED ROBBERY

   Off. Date:   19791128
   Sent. Type:  Reformatory                              PE:   19820328
   Imposed:     19800929                                 Min:
   Invoked:     19800929         TO 12Y                  Max:  19920928
   Jail Credit: 0                                        Gcd:  19870930
   Effective:   19800929
   Court:       PLYMOUTH SC-BROCKTON
   Docket:      73674

Inmate Sentence Listing

C47732        DONNELLY, GREGORY N

Report Date: 2005 0825 14:17:02

---

Sentence Unit: A

---

| Sent #: 4 | Statute: | 266 | 28 | | 523 |
|---|---|---|---|---|---|

Theft of Motor Vehicle

| Off. Date: | 19791128 | | | | |
|---|---|---|---|---|---|
| Sent. Type: | Reformatory | | | PE: | 19810928 |
| Imposed: | 19800929 | | | Min: | |
| Invoked: | 19800929 | TO 10Y | | Max: | 19900928 |
| Jail Credit: | 0 | | | Gcd: | 19860726 |
| Effective: | 19800929 | | | | |
| Court: | PLYMOUTH SC-BROCKTON | | | | |
| Docket: | 73676 | | | | |

---

| Sent #: 5 | Statute: | 269 | 10 | a | 615 |
|---|---|---|---|---|---|

Firearm

| Off. Date: | 19800704 | | | | |
|---|---|---|---|---|---|
| Sent. Type: | Reformatory | | | PE: | 19811111 |
| Imposed: | 19801112 | | | Min: | |
| Invoked: | 19801112 | TO 2Y 6M | | Max: | 19830511 |
| Jail Credit: | 0 | | | Gcd: | 19820905 |
| Effective: | 19801112 | | | | |
| Court: | PLYMOUTH SC-PLYMOUTH | | | | |
| Docket: | 83290 | | | | |

1 Years Probation Restrictions.

1 Years Work Release Restrictions.

1 Years Parole Restrictions.

1 Years Earn Good Time Restrictions.

1 Years Statutory good Time Restrictions.

1 Years Camp Time Restrictions.

1 Years Furlough Restrictions.

---

| Sent #: 6 | Statute: | 269 | 10 | a | 615 |
|---|---|---|---|---|---|

Firearm

| Off. Date: | 19800704 | | | | |
|---|---|---|---|---|---|
| Sent. Type: | Reformatory | | | PE: | 19811111 |
| Imposed: | 19801112 | | | Min: | |
| Invoked: | 19801112 | TO 2Y 6M | | Max: | 19830511 |
| Jail Credit: | 0 | | | Gcd: | 19820905 |
| Effective: | 19801112 | | | | |
| Court: | PLYMOUTH SC-PLYMOUTH | | | | |
| Docket: | 83291 | | | | |

1 Years Probation Restrictions.

1 Years Work Release Restrictions.

1 Years Parole Restrictions.

1 Years Earn Good Time Restrictions.

1 Years Statutory good Time Restrictions.

1 Years Camp Time Restrictions.

1 Years Furlough Restrictions.

Inmate Sentence Listing

C47732      DONNELLY, GREGORY N

Report Date:2005 0825 14:17:02

---

Sentence Unit: A

---

Sent #: 7          Statute:        266      49                                    512
                              POSS. OF BURGLARIOUS INSTRUMENTS

Off. Date:   19800704
Sent. Type:  Reformatory                                         PE:     19810511
Imposed:     19801112                                            Min:
Invoked:     19801112          TO 2Y 6M                           Max:    19830511
Jail Credit: 0                                                   Gcd:    19820905
Effective:   19801112
Court:       PLYMOUTH SC-PLYMOUTH
Docket:      83292

---

Sent #: 8          Statute:        265      19                                    150
                              UNARMED ROBBERY

Off. Date:   19771125
Sent. Type:  Reformatory                                         PE:     19810928
Imposed:     19800929                                            Min:
Invoked:     19800929          TO 10Y                            Max:    19900928
Jail Credit: 0                                                   Gcd:    19860726
Effective:   19800929
Court:       SUFFOLK SUPERIOR COURT
Docket:      019241

| Paroled | Revoked | Returned | | Escaped | Returned | |
|---------|---------|----------|--|---------|----------|--|

                                        Combined dates as of      20020227 17:57

| | | | | Original | Revised | Adjusted |
|---|---|---|---|---|---|---|
| Time on parole: | 0 | | | | | |
| Dead time(parole): | 0 | PE Date : | | | | 19820724 |
| Dead time (escape): | 0 | Minimum : | | | | |
| Earned time: | 198.50 | | | | | |
| Forfeitures: | .0 | Maximum : | | | | 20000107 |
| Restorations: | .0 | GCD Date: | | | | 19911021 |

```
                         Inmate Sentence Listing
                C47732           DONNELLY, GREGORY N
Report Date: 2005 0825 14:17:02
-----------------------------------------------------------------
                           Sentence Unit:  B
-----------------------------------------------------------------
Sent #: 1          Statute:        90       24    1    A              1  741
                               Subparagraph 1

  Off. Date:  19871022
 Sent. Type:  WORCESTER                                      PE:    19900526
   Imposed:   19890825                                       Min:
   Invoked:   19890825           TO 2Y                       Max:   19910526
Jail Credit:  90                                             Gcd:   19901127
  Effective:  19890527
     Court:   GARDNER DC
    Docket:   8763CR1939A

                         Crime on Parole
```

```
Paroled      Revoked   Returned           Escaped     Returned
--------     -------   --------           -------     --------
                                         Combined dates as of    20020227 18:12

  Time on parole:        0                      Original    Revised    Adjusted
Dead time (parole):      0        PE Date :                            19900525
Dead time (escape):      0
      Earned time:    112.50      Minimum :
      Forfeitures:      .0        Maximum :                            19901108
     Restorations:      .0        GCD Date:                            19900512
```

Inmate Sentence Listing

W47826 DONNELLY,GREGORY

Report Date:2005 0825 14:18:29

Sentence Unit: A

Sent #: 1 Statute: 90 24G a 121

Vehicular Homicide

Off. Date: 19890603
Sent. Type: State Prison PE: 19960607
Imposed: 19930513 Min: 19991007
Invoked: 19930513 10Y TO 10Y 6M Max: 20000407
Jail Credit: 1313 Gcd: 19951215
Effective: 19891008
Court: *MIDDLESEX SUPERIOR COURT
Docket: 89-2016

Crime on Parole
1 Years Probation Restrictions.
1 Years Work Release Restrictions.
1 Years Parole Restrictions.
1 Years Earn Good Time Restrictions.
1 Years Statutory good Time Restrictions.
1 Years Camp Time Restrictions.
1 Years Furlough Restrictions.

Sent #: 2 Statute: 90 24G a 121

Vehicular Homicide

Off. Date: 19890603
Sent. Type: State Prison PE: 19960607
Imposed: 19930513 Min: 19991007
Invoked: 19930513 10Y TO 10Y 6M Max: 20000407
Jail Credit: 1313 Gcd: 19951215
Effective: 19891008
Court: *MIDDLESEX SUPERIOR COURT
Docket: 89-2017

Crime on Parole
1 Years Probation Restrictions.
1 Years Work Release Restrictions.
1 Years Parole Restrictions.
1 Years Earn Good Time Restrictions.
1 Years Statutory good Time Restrictions.
1 Years Camp Time Restrictions.
1 Years Furlough Restrictions.

| Paroled | Revoked | Returned | Escaped | Returned |
|---|---|---|---|---|

Combined dates as of 20020227 21:58

| | |
|---|---|
| Time on parole: | 0 |
| Dead time(parole): | 0 |
| Dead time (escape): | 0 |
| Earned time: | 122.50 |
| Forfeitures: | .0 |
| Restorations: | .0 |

| | Original | Revised | Adjusted |
|---|---|---|---|
| PE Date : | | | 19960205 |
| Minimum : | | | 19990606 |
| Maximum : | | | 19991206 |
| GCD Date: | | | 19950814 |

Inmate Sentence Listing
W68860          DONNELLY, GREGORY M

Report Date: 2005 0825 14:09:36

Sentence Unit: A

| Sent #: 1 | Statute: | DUI | 90 | 24L | 1 | | | 741 |
|---|---|---|---|---|---|---|---|---|

DUI - Injury resulting

| Off. Date: | 19890603 | | | | | | |
|---|---|---|---|---|---|---|---|
| Sent. Type: | State Prison | | | | | PE: | 20021130 |
| Imposed: | 20000127 | | | | | Min: | 20061130 |
| Invoked: | 20001201 | 6Y TO 8Y | | | | Max: | 20081130 |
| Jail Credit: | 0 | | | | | Gcd: | 20050818 |
| Effective: | 20001201 | | | | | | |
| Court: | SUFFOLK SUPERIOR COURT | | | | | | |
| Docket: | 99-11105 | | | | | | |

|  |  |
|---|---|
| 6 Months Probation Restrictions. | 6 Months Earn Good Time Restrictions. |
| 6 Months Work Release Restrictions. | 6 Months Statutory good Time Restrictions. |
| 6 Months Parole Restrictions. | 6 Months Camp Time Restrictions. |
| | 6 Months Furlough Restrictions. |

| Sent #: 2 | Statute: | 2ND | 90 | 24 | 2 | a | | 710 |
|---|---|---|---|---|---|---|---|---|

USING M/V WITHOUT AUTHORITY

| Off. Date: | 19990806 | | |
|---|---|---|---|
| Sent. Type: | MIDDLESEX | | PE: |
| Imposed: | 20020402 | | Min: |
| Invoked: | | TO 2Y 6M | Max: |
| Jail Credit: | 0 | | Gcd: |
| Effective: | F&A 1 | | |
| Court: | MIDDLESEX CAM SUP CRT | | |
| Docket: | MICR-1999-1193-001 | | |

Held As Warrant

Statutory good Time Restrictions.

| Sent #: 3 | Statute: | 265 | 15B | b | | 171 |
|---|---|---|---|---|---|---|

ASSAULT BY MEANS OF DANGEROUS WEAPON

| Off. Date: | 19990806 | | |
|---|---|---|---|
| Sent. Type: | MIDDLESEX | | PE: |
| Imposed: | 20020402 | | Min: |
| Invoked: | | TO 2Y 6M | Max: |
| Jail Credit: | 0 | | Gcd: |
| Effective: | F&A 1 | | |
| Court: | MIDDLESEX CAM SUP CRT | | |
| Docket: | MICR-1999-1193-002 | | |

Held As Warrant

Statutory good Time Restrictions.

Inmate Sentence Listing
W68860          DONNELLY, GREGORY M

Report Date: 2005 0825 14:09:36
------------------------------------------------------------------------------
                                    Sentence Unit:  A
------------------------------------------------------------------------------

Sent #: 4          Statute:     1ST    90       24      1      a              1  741
                            DUI, 1ST, EFF. 5-27-94

   Off. Date:    19990806
 Sent. Type:    MIDDLESEX                                            PE:
    Imposed:    20020402                                           Min:
   Invoked:                       TO 2Y 6M                         Max:
Jail Credit:    0                                                  Gcd:
  Effective:               F&A 1
     Court:    MIDDLESEX CAM SUP CRT
    Docket:    MICR-1999-1193-004

    Held As Warrant


------------------------------------------------------------------------------

Sent #: 5          Statute:          90       23                             710
                            OPER. M/V AFTER SUSP. OR REV. OF LICENSE

   Off. Date:    19990806
 Sent. Type:    MIDDLESEX                                            PE:
    Imposed:    20020402                                           Min:
   Invoked:                       TO 2Y 6M                         Max:
Jail Credit:    0                                                  Gcd:
  Effective:               F&A 1
     Court:    MIDDLESEX CAM SUP CRT
    Docket:    MICR-1999-1193-006

    Held As Warrant                          60 Days Earn Good Time Restrictions.
    60 Days Probation Restrictions.          Statutory good Time Restrictions.
    60 Days Work Release Restrictions.
    60 Days Parole Restrictions.             60 Days Furlough Restrictions.

  Paroled        Revoked    Returned              Escaped      Returned
  --------       --------   ---------             --------     ---------

                                             Combined dates as of     20050111 13:48

     Time on parole:          0             ------------------------------------------
  Dead time (parole):         0                        Original    Revised     Adjusted
  Dead time (escape):         0             PE Date :  20021130                20020414
        Earned time:     230.00             Minimum :  20061130                20060414
       Forfeitures:        .0               Maximum :  20081130                20080414
      Restorations:        .0               GCD. Date:  20050818               20041231

**EXHIBIT GG**

DOCKET

COURT DIVISION
Gardner

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

Gregory Donnelly
Unknown address
112 main st.
Westminster, mass.

☐ Waived
☐ Retained
☒ Assigned
TERMS OF RELEASE rec'd Cks #7241/4242
5,000 1/s or 500 cash Surety

| DATE | PROCEEDING |
|------|-----------|
| 11-18-87 | ☒ Arraigned before J. PHILBIN |
| | ☒ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| | ☐ Advised of right to bail review |
| | ☒ Advised of right to F.I. Jury Trial |
| | ☒ Waives ☐ Requests F.I. Jury Trial |
| | ☐ Warrant issued ☐ Default warrant issued |
| | ☐ Default removed ☐ Warrant recalled |
| | ☐ Warrant issued ☐ Default warrant issued |
| | ☐ Default removed ☐ Warrant recalled |

DEF. DOB
12-30-58

OFFENSE CODE(S)
407/1117/900/116

DATE OF OFFENSE
10/22/87

PLACE OF OFFENSE
Westminster

COMPLAINANT
Robert Cudak (Hawkins,Jr.)

POLICE DEPARTMENT
Westminster

DATE OF COMPLAINT
11/17/87

RETURN DATE AND TIME
Warrant

COUNT-OFFENSE
A. OPERATING UNDER THE INFLUENCE OF LIQUOR C90 S24

| FINE | SURFINE | COSTS | TOTAL DUE |
|------|---------|-------|-----------|
| — | — | 25 | 25. |

| DATE 11-18-87 | PLEA ☒ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
| | ☐ New Plea: ☐ Admits suff. facts | 2 years HC 90 days to be 1-15 |
| | FINDING JUDGE | Served FORTHWITH - w/ PROBATION |
| 1-15-88 | G PHILBIN | 2 years to 1-15-90 - Bal. susp. NO APPEAL |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION DATE |
| | ☐ Appeal of find. & disp. ☐ Appeal of disp. | ☐ Discharged from probation ☐ Dismissed at request of probation |

COUNT-OFFENSE
B. OPERATING A MV WITHOUT A LICENSE C90 S10

| FINE | SURFINE | COSTS | TOTAL DUE |
|------|---------|-------|-----------|

| DATE 11-18-87 | PLEA ☒ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
| | ☐ New Plea: ☐ Admits suff. facts | |
| | FINDING JUDGE | |
| 1-15-88 | G PHILBIN | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION DATE |
| | ☐ Appeal of find. & disp. ☐ Appeal of disp. | ☐ Discharged from probation ☐ Dismissed at request of probation |

COUNT-OFFENSE
C. GIVE FALSE NAME PO C268 S34

| FINE | SURFINE | COSTS | TOTAL DUE |
|------|---------|-------|-----------|

| DATE 11-18-87 | PLEA ☒ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
| | ☐ New Plea: ☐ Admits suff. facts | |
| | FINDING JUDGE | FILED |
| 1-15-88 | G PHILBIN | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION DATE |
| | ☐ Appeal of find. & disp. ☐ Appeal of disp. | ☐ Discharged from probation ☐ Dismissed at request of probation |

COUNT-OFFENSE
D. OP. AFTER LIC. OR RT. TO OP. BEV. C90 S23

| FINE | SURFINE | COSTS | TOTAL DUE |
|------|---------|-------|-----------|

| DATE 11-18-87 | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
| | ☐ New Plea: ☐ Admits suff. facts | 60 days H.C. concurrent |
| | FINDING JUDGE | w/ "A" |
| 1-15-88 | G PHILBIN | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION DATE |
| | ☐ Appeal of find. & disp. Appeal of disp. | ☐ Discharged from probation Dismissed at request of probation |

A TRUE COPY: ATTEST:
Clerk-Magistrate/Asst. Clerk

| CONT. TO | PURPOSE | CONT TO | PURPOSE | DATE | TAPE NO. | START | STOP |
|----------|---------|---------|---------|------|----------|-------|------|
| 11-18-87 | arraign | | | 8-3-89 | S.H. — | NEED HAD MCI | CONCORD |
| 1-15-88 | Trial | **NOTIFY COMPLAINANT** | | 8-25-89 | S.H. — | NEED HAB MCI | CONCORD |
| 1-15-90 | Prob- | | | | | | |
| 7-1989 | S.H. | | | | | | |
| 7-26-89 | S.H. | Habe 7. mcs Concord | | | | | |

S.A. 17

| DATE | DOCKET ENTRIES |
|---|---|
| 11-17-87 | Warrant returned |
| 11-17-87 | Not Drawn |
| 11-18-87 | Cont. to 1-15-1988 For Trial |
| | **NOTIFY COMPLAINANT**    2080A028 11/18/87BAIL    500.00 |
| 11-19-87 1-15-88 | Letter sent Chief Crdak "Until date of 1/15/88 NEED mit |
| 1-15-88 | Mit drawn    4810A028 01/15/88VWAF    25.00 |
| 1-19-88 | ADDITIONAL COURT ACTIVITY |
| 7-7-89 | Notice of Surrender Filed for 7-19-89 |
| 7-11-89 | Habe sent WHC Returnable 7-19-89 |
| 7-19-89 | S.H. Cont. 7-26-89 — Send Habe MCI Concord. |
| 7-19-89 | Hab sent MC2 Concord returnable 7/26/89 |
| 7-27-89 | Habe sent MCI Concord Returnable 8-2-89 |
| 8-2-89 | S.H. 8-25-89 NEED HAB FOR 8-25-89 MCI CONCORD |
| 8-2-89 | Habeas hand to Allen Correa w/ date of 8/25/89 |
| 8-25-89 | **COURT FINDS DEFENDANT IN VIOLATION OF PROBATION** Bal. of Sentence ordered |
| | executed    2year's less 90 days |
| | Lodges mit at MCI Cacord |
| | Need mit —Withdrawn |
| | |
| | |
| | |
| | |
| | |
| | |
| | **A TRUE COPY:**    **ATTEST:** Wu-T Cel    Clerk-Magistrate/Asst. Clerk |
| | S.A. 18 |

**EXHIBIT HH**

## ADMINISTRATIVE CHRONOLOGY

NAME _Donnelly, Gregory_          IDENTIFIER: _C-47732_

| Date | |
|---|---|
| 4-8-88 | Paroled to Residential Alcohol Program (P) |
| 6-19.89 | Revoked |
| 6-20.89 | Ret (effect: 6-6-89) |
| 7/28/89 | Concord C/ass bd , Gardner vote 3/0 |
| 7-31-89 | Cambridge S.C.+ Retd (* 89-2014 to 89-2022) Pled Gulty to Manslaughter |
| 8-11-89 | Concord D.C.+ Ret'd (* 897K21562) |
| 8-14-89 | SUPERINTENDENT'S DECISION: NCCI- GARDNER |
| 8-14-89 | COMMISSIONER'S DECISION: NCCI-GARDNER |
| 8-14-89 | TRANSFER TO: NCCI-GARDNER |
| 8/21/89 | Onstate at need |
| 8/21/89 | Odd - Thompson Hall. Rev 1/90, resche (cop) |
| 8-25-89 | To Gardner oc erct'd (#8763x1939) Probation revoked. (order) Jys H/c oc (nite rec'd) (9b) |
| 9-6-89 | To Camb SC erct'd (#892014) Cont'd 9-29-89 (96) |
| 9.29.89 | To Cambridge SC rret'd; # 89-2014 cont'd 10.5.89 (a) |
| 10.25.89 | Habe to Cambridge SC rret'd; # 89-2014 cont'd 10-17-89 (a) |
| 11-17.89 | Habe To Cambridge SC + Ret'd; #89-2014. |
| 11-20.89 | To Habe To Cambridge SC + Ret'd; |
| 12-4-89 | Habe to Cambridge SC. + ret'd #89-2014 Cont'd until 12/11/89 habe same |
| 12-11-89 | To Cambridge Sup. Ct. & remanded (P) |
| 1-10-90 | returned from remand. |
| 1-24-90 | Rec'd forthwith to mci-cedar CDD 4/15/95 |
| 10-12-94 | Trans mci Shirley med (P) |
| 5-1-95 | WTR Br. nec. at MCI-Shirley (med), rev. 11/95 |
| 10-25-95 | Parole Board (off) Parole denied. AR 7/96    EXHIBIT "8-A" |
| 11-17-95 | Unit team Recommends Enmate placement at smce. Rev 5-96 |

L/

**ADMINISTRATIVE CHRONOLOGY**

NAME: Donnelly Gregory                IDENTIFIER: C47732

| DATE | INITIALS | |
|------|----------|---|
| 1-9-95 | GRL | COD to Concord Sentence 4/15/ on P.V warrant (eff 1-9-95) |
| 3-29-95 | | Habe Lowell SC & retd MICV 90-018- |
| 5-1-95 | | Continued Habe to be forwarded Unit team recommends remain 8h med. Rw 11/95 |
| 5-10-95 | | Supers clemsn: reman Sh (med) |
| 1-7-95 | | On habe to Lowell SC + retd. MICV 90 01833. Cont — no date |
| 7-25-95 | | Habe to Cambridge S.C & retd. MIC V95 0233 Civil - under advisement. Remand |
| 9-15-95 | | Supers densin. modified fr Shirly (min) scsen SIA porg Rw-5/95 |
| 1-10-96 | | Fron Shirly (me) |
| 1-10-96 | | DRI updated |
| 2-6-96 | SN | Habe to Camb. Sup Court - taken und advisement |

EXHIBIT "8-B"

5

## ADMINISTRATIVE CHRONOLOGY

NAME: Donnelly, Gregory          IDENTIFIER: C47732

| DATE | INITIALS | |
|------|----------|---|
| 8·2·96 | MB | PBV - Reserve after Completion of CRP program S/D' S/J/a, frequent Urnes, Report to Probation of Supt release, post before 9- reserve not before 9·30-97 frequent Urines, all, Money restore work 2 weeks |
| 8·20-96 | JMV | Adl I up letd |
| 8-27-96 | JMB | Cl bd rec remain due ∅ reserve date lb 2/97 |
| 7-12-96 | RB | Commissioner Approved Class Board of 2-16- |
| 9/20/96 | (m) | Met w/ attorney Ed Haffney attorney given copies of Adl. Chronology C47732 w/ Parole consent PV warrant copy memo re: PV warrant execution Copy Sentence Hearing W47824 (hw) |
| 9-23-96 | RB | Superintendent Approved Class Bd of 8-29 |
| 10·2·96 | mc | Paroled |
| 11-5-96 | SH | 6 part & prior 6 part and mitt sent to MCI-Concord archives |

EXHIBIT "8-C"

ADMINISTRATIVE CHRONOLOGY

Name: Donnelly, Gregory                    Identifier: C4725

| Date | Initial | |
|------|---------|---|
| 7-17-98 | SH | Revoked |
| 7-22-98 | SH | Ret'd to con (eff 7-22-98) |
| 8-25-98 | SD | Sent Sentence Costing and D.F.S. Sheet ; +0 |
| | | Inmate and folder audit. |
| 10-1-98 | GP | Noticed to Minsham D/c |
| 10-16-98 | N6 | Case Dismissed-not Gov.+ , Ret # 9858 C21318 |
| | | CCC Board Recommends MCI Plymouth (3+0) |
| 10-26-98 | CL | **SUPERINTENDENT'S DECISION:** Plymouth |
| 11-5-98 | | **COMMISSIONER'S DECISION:** approved Plymouth Minimum |
| 11-23-98 | CL | Transferred to Plymouth Minimum |
| 12-18-98 | DM | Paroled |
| 8-19-99 | | Revoked |
| 8-19-99 | | Ret'd Concord (eff: 8-10-99) |
| 9-15-99 | KS | dates sent/folder audited |
| 8-12-99 | GP | Marlboro D/c + ret 99-1184 - Cont No date |
| 9-3-99 | GP | Marlboro D/c + ret 99-114 - Cont 11-6-29 |
| 9-24-99 | KY | CCC Board recommends 3-0 NCCI(4) |
| 9-29-99 | GP | Cam s/c + ret    Cont 11-3-99 |
| 10/8/99 | KS | **SUPERINTENDENT'S DECISION:** NOR Level 4 |
| 10/15/99 | KS | **COMMISSIONER'S DECISION:** MCI NORFOLK Level 4 |
| 11-2-99 | GP | SSC+ret 99-11105- Cont 11-30 99 |
| 12-1-99 | CL | Final Placement Concord PWF Levely |

EXHIBIT "8-D"

**EXHIBIT II**

# Commonwealth of Massachusetts

MIDDLESEX, TO WIT:

At the SUPERIOR COURT, begun and holden

at the CITY OF CAMBRIDGE,                                    within and for the County of Middlesex,

on the          First                    Monday of    July                in the year of our

Lord one thousand nine hundred and eighty   -nine

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present, That
          Gregory M. Donnelly

on the      Third                                  day of     June

in the year of our Lord one thousand nine hundred and eighty   -nine

at      Concord                                  , in the County of Middlesex aforesaid,

did operate a motor vehicle upon a way, as defined in General Laws
Chapter 90 Section 1, or in a place to which the public has a right
of access or upon a way or in a place to which the public has
access as licensees or invitees, while under the influence of
intoxicating liquor, and did operate said motor vehicle negligently
so that the lives or safety of the public might be endangered, and
by such operation so described did cause the death of another person,
to wit: Steven Danielson.

Against the peace of said Commonwealth, and contrary to the form of the statute in such case
made and provided.

A true bill.

*Foreman of the Grand Jury.*

*District Attorney*

**S.A. 8**

D.A.-001

89-2016



Ch 90 S24G
M/V Hom – OUIL

COMMONWEALTH
vs.

PLEA RETRACTED AND PLEA GUILTY.
OFFERED AND ACCEPTED BY THE COURT
COMMONWEALTH MOVES FOR SENTENCE.

SENTENCE MASSACHUSETTS CORRECTIONAL
INSTITUTION _____

Deft. ____ to
Disposition cont'd to
Jan 24, 1990 at 2:00 Court Rm.
* 9B (Evans Hall.)
By the Court   Geof McInnis
Jno. Hughes   Asst. Clerk

JAN 24 1990

SENTENCE _____
INSTITUTION   Cedar Junction
FOR A TERM NOT EXCEEDING _____ 15
YEARS OR LESS

THIS SENTENCE IS DEEMED BY
THE COURT TO HAVE COMMENCED

Ch 90 S24G
M/V Hom – OUIL

COMMONWEALTH
vs.

Gregory M. Donnelly

SUPERIOR COURT,   July   sitting, 189 9
6TH   day – Returned by the Grand Jury
and filed in Court.
_____ Ass't. Clerk.

189 9   July   3/ Dfdts   –   arraigned

and severally plead S not guilty.

189 1989 NOVEMBER 20
CONTINUED UNTIL DECEMBER 11, 1989
FOR TRIAL AT 9:00.

1990 Jan 8
After Charge and before deliberation
Jurors Name and No.
2-4 Zed
6-13 Richardt

1972 June 24
Defendant has been notified by Clerk in open
Court of his right to appeal sentence this day
imposed to the "Appellate Division of the Su-
perior Court" for a review of sentence as provided
by G.L. Chap. 278, Sec. 28A, B, C.

$ 25.00 V.W. Fund in Guilt.

Deft notified of his right to
appeal on his verdict.

1989 Nov 18
Continued until Dec 4, 1992

1993 January 18, 1993

1993 January 26, 1993

Continued April 26, 1993



Ch 90 S24G
M/V Hom – OUIL

COMMONWEALTH

vs.

Gregory M. Donnelly

SUPERIOR COURT,   July   sitting, 198 9
6TH day — Returned by the Grand Jury
and filed in Court.

Robert J. Bethell
Asst. Clerk.

'92

198 9 July 3/ Dddxr  ~/  arraigned

and severally plead S not guilty.

'993
400    A jury is empanelled, viz.

1989 NOVEMBER 20
CONTINUED UNTIL DECEMBER 11, 1989
FOR TRIAL AT 9:00.

1990 Jan 8
After Charge and before deliberation
Jurors Name and No.
2-4  Sea
6-13 Released
4-16 Excused
4-14 Releases

Were withdrawn from panel, Ch.234A,S44
as amended
By the Court
(Mr. Huff)          Henry M. Finocchiaro
'93                        Asst. Clerk

1990 Jan. 10
Verdict – Guilty
Commonwealth for sentence
(cont)

PLEA RETRACTED AND PLEA GUILTY.
OFFERED AND ACCEPTED BY THE COURT.
COMMONWEALTH MOVES FOR SENTENCE.

SENTENCE  MASSACHUSETTS CORRECTIONAL

INSTITUTION  Cedar Junction

FOR A TERM NOT EXCEEDING  Ten
THAN 10 1/2 YEARS OR LESS

THAN  Ten  (20)  YEARS
of Cedar Junction to take effect
forthwith with not additionally
the sentence now being served
at M.C.I. Concord
THIS SENTENCE IS DEEMED BY

THE COURT TO HAVE COMMENCED

ON  THE DEFENDANT

HAVING BEEN IN CONFINEMENT

1174 DAYS MITTS ISSUED

BY THE COURT

Finlay JK Cleary
ASSISTANT CLERK

19.7.3  May 13
Defendant has been notified by Clerk in open
Court of his right to appeal sentence this day
imposed to the "Appellate Division of the Su-
perior Court" for a review of sentence as provided
by G.L. Chap. 278, Sec. 28A,B,C.
(Genesee, J.)

On April Court 26 April 26, 1993
states
On April 19, 1993
Court reverses a
new trial
By the Court
(Zinglow)

1993 May 12
Court orders a
new trial
By the Court
(Zinglow)

S. A. 10

# Commonwealth of Massachusetts

MIDDLESEX, TO WIT:

At the SUPERIOR COURT, begun and holden

at the CITY OF CAMBRIDGE,                     within and for the County of Middlesex,

on the        First                Monday of      July        in the year of our

Lord one thousand nine hundred and eighty  -nine

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present, That
Gregory M. Donnelly

on the      Third                          day of     June

in the year of our Lord one thousand nine hundred and eighty -nine

at      Concord                                , in the County of Middlesex aforesaid,

did operate a motor vehicle upon a way, as defined in General Laws
Chapter 90 Section 1, or in a place to which the public has a right
of access or upon a way or in a place to which the public has access
as licensees or invitees, while under the influence of intoxicating
liquor, and did operate said motor vehicle negligently so that the
lives or safety of the public might be endangered, and by such
operation so described did cause the death of another person, to wit:
David Danielson.

Against the peace of said Commonwealth, and contrary to the form of the statute in such case
made and provided.

A true bill.

*Foreman of the Grand Jury.*

*District Attorney.*

S.A. 11

89-2017

D.A.-001

Ch 90 S24G
MV Hom- QUIL

COMMONWEALTH

vs.

Gregory M. Donnelly

SUPERIOR COURT,        July sitting, 198 9

6TH   day — Returned by the Grand Jury
and filed in Court.

*Robert F. Hull*
Asst. Clerk.

198 9   31   Dfdst.     arraigned
and severally pleads   not guilty.

~~198~~

1989 NOVEMBER 30
CONTINUED UNTIL DECEMBER 11, 1989
FOR TRIAL AT 9:00

1990 Jan 8
After Charge and before deliberation
Jurors Name and No. 8-4

Was withdrawn from panel, Ch.234A,S44
as amended
By the Court

*Henry M. Lawrence*
Asst. Clerk

1990 Jan 10
Verdict - Guilty
Commission moves for sentence
Cont. to Jan 24 1990 for disp

SENTENCE — MASSACHUSETTS CORRECTIONAL

RESTITUTION   Celia Jordan

FOR A TERM NOT EXCEEDING   15   YEARS OR LESS

THEN   13   YEARS.

This sentence to take effect from and after the
expiration of the sentence imposed this day in #89 2010 2

THIS SENTENCE IS DEEMED BY

THE COURT TO HAVE COMMENCED

ON _____, THE DEFENDANT

HAVING BEEN IN CONFINEMENT

4   DAYS. MITTS ISSUED

BY THE COURT

*Mc Hugh*   J. Joseph W Lawrence
ASSISTANT CLERK

19 90   Jan 24
Defendant has been notified by Clerk in open
Court of his right to appeal sentence this day
imposed to the "Appellate Division of the Su-
perior Court" for a review of sentence as provided
by G.L. Chap. 278, Sec. 28A,E.C.
( Mc Hugh   J.)

+ initial rights appealed at

SENTENCE — MASSACHUSETTS CORRECTIONAL

RESTITUTION

FOR A TERM NOT EXCEEDING

YEARS OR LESS
YEARS

THIS SENTENCE IS DEEMED BY

THE COURT TO HAVE COMMENCED

ON _____, THE DEFENDANT

HAVING BEEN IN CONFINEMENT

_____ DAYS. MITTS ISSUED

BY THE COURT

ASSISTANT CLERK

S. A. 12

Ch 90 S246
MV Hom- QUIL

COMMONWEALTH

vs.

Gregory M. Donnelly

SUPERIOR COURT,    July sitting, 1989

6TH day — Returned by the Grand Jury and filed in Court.

_Asst. Clerk._

1989 31 July Defdt is arraigned

and severally pleads not guilty.

~~1989 A jury is empanelled, viz~~

1989 NOVEMBER 20 CONTINUED UNTIL DECEMBER 11, 1989 FOR TRIAL AT 9:00

1990 Jan 8
After Charge and before deliberation
Jurors Name and No. 4
Seal #6-13 The fault
#6-14 then

Was withdrawn from panel, Ch.234A,S44
as amended
By the Court    Asst. Clerk

1990 Jan 10
Verdict-Guilty

1993 May 13

PLEA RETRACTED AND PLEA GUILTY OFFERED AND ACCEPTED BY THE COURT COMMONWEALTH MOVES FOR SENTENCE.

SENTENCE MASSACHUSETTS CORRECTIONAL

INSTITUTION

FOR A TERM NOT EXCEEDING ___ YEARS On LESS THAN ___ YEARS

This sentence to be served concurrently with the sentence imposed this day in # 89-2016

THIS SENTENCE IS DEEMED BY

THE COURT TO HAVE COMMENCED

ON ___ THE DEFENDANT

HAVING BEEN IN CONFINEMENT

___ DAYS MITTS ISSUED

BY THE COURT

ASSISTANT CLERK

19 23 May 13
Defendant has been notified by Clerk in open Court of his right to appeal sentence of this day imposed to the Appellate Division of the Superior Court for review of sentence as provided by G.L. Chap. 278, Sec. 28A,B,C. JJ)

---

SENTENCE MASSACHUSETTS CORRECTIONAL

INSTITUTION

FOR A TERM NOT EXCEEDING
15 ___ YEARS OR LESS
THAN 13 ___ YEARS

to Run concurrent with
# 89-2016

THE DEFENDANT

SENTENCE IS DEEMED BY
COURT TO HAVE COMMENCED

39 DAYS MITTS ISSUED

THE COURT

ASSISTANT CLERK

**S.A.13**

# Commonwealth of Massachusetts

MIDDLESEX, TO WIT:

At the SUPERIOR COURT, begun and holden

at the CITY OF CAMBRIDGE,                    within and for the County of Middlesex,

on the    First                  Monday of    July        in the year of our

Lord one thousand nine hundred and eighty  -nine

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present, That
Gregory M. Donnelly

on the   Third                          day of    June

in the year of our Lord one thousand nine hundred and eighty  -nine

at  Concord                              , in the County of Middlesex aforesaid,

did operate a motor vehicle upon a way, as defined in General Laws
Chapter 90 section 1, or in a place to which the public has access
or upon a way  or in a place to which the public has access as licensee
or invitees, while under the influence of intoxicating liquor, and
did so operate said motor vehicle negligently, so that the lives or safe
of the public might be endangered, and by said operation did cause
serious bodily injury to a person, to wit: Christopher Lambert.

Against the peace of said Commonwealth, and contrary to the form of the statute in such case
made and provided.

A true bill.

*Foreman of the Grand Jury.*

Joseph L. Nylan
Asst. District Attorney
S.A. 14

89-201

D.A.-001

Ch 90 S24L
OUIL - Serious Injury

COMMONWEALTH

vs.

Gregory M. Donnelly

SUPERIOR COURT,        July sitting, 198 9

No. 7 TH day — Returned by the Grand Jury and filed in Court.

_____
Robert F. Sheehan Asst. Clerk.

198 9 July 31 Dfdt. is arraigned

and severally plead and not guilty.

1989 NOVEMBER 20
CONTINUED UNTIL DECEMBER 11, 1909
FOR TRIAL AT 9:00

1990 Jan 8
After charge and before deliberation
Jurors Name and No. 2 TH
____ #2-13, #21 of
#2-11a Deline 11
#4-14 Allgan

Were withdrawn from panel, Ch. 234A, S44
as amended
By the Court
( Murphy, J.)
_____ Gregory M. Ferreira
Asst. Clerk

1990 Jan 24
Verdict — guilty
Comm. moves to enter sentence
Con't to Jan 24, 1990 Disap.

SENTENCE — Cele J. ___ 198 ___ to ___ years.

INSTITUTION, _____ BY THE COURT, ___

FOR AGGRESSIVE PROBATION

THANNOUNCED THE DEFENDANT IN YEARS OF YEARS OF

The sentence is to be of community work, and
the sentence imposed for this 1 on 1989 this the
AS COMMITTED BY SU.

E COURT TO THIS COMMENCED
THE DEFENDANT
BEEN IN CONFINEMENT
DAYS, MITS ISSUED
ISSUED BEEN IN CONFINEMENT
BY THE COURT
_____ J. _____ ASSISTANT CLERK

This sentence to take effect from end after the
expiration of the sentence imposed this day in # 89-201

Sentence suspended for 6 yrs ___ Deft. as Pr. and
1990 Jan 24 ___ E. Probert ___ as Su.
recog. in $100.00, and on ___ 6 yrs.
no Driving + no alcohol
probation.

By the Court
Mr. Prince, J.    George M. Ferreira
bm              Asst. Clerk

1990 Jan 24
Defendant has been notified by Clerk in open
Court of his right to appeal sentence this day
imposed to the "Appellate Division of the Su-
perior Court" for a review of sentences as provided
by G.L. Chap. 278, Sec. 28A, E.C. J.)
( Mr. Murphy, J.)
→ right to appeal verdict

1993 MMay 12
Court Deline o mistrial
By the Court
Mr. Prince J.

S.A. 15

Ch 90 S24L
OUIL - Serious Injury

COMMONWEALTH

vs.

Gregory M. Donnelly

SUPERIOR COURT, July sitting, 1989

___ day — Returned by the Grand Jury and filed in Court.

_____ Asst. Clerk.

1989 July 31 Dfdt. _____ is arraigned

and severally plead _____ guilty.

1989 NOVEMBER 20  A jury is empanelled, viz:
CONTINUED UNTIL DECEMBER 11, 1989
FOR TRIAL AT 9:00

1990 No. 8
After Charge and before deliberation
Jurors Name and No. 2,
_____
#2-12 Juror
#1-14 Juror

Were withdrawn from panel, Ch.234A,S44
as amended
By the Court
( _____ J.)  _____ Asst. Clerk

1990 ___
Verdict — guilty
Comm. moves to enter
Con't To Jan 24, 1990 Disp.

PLEA RETRACTED AND PLEA GUILTY
OFFERED AND ACCEPTED BY THE COURT
COMMONWEALTH MOVES FOR SENTENCE.

SENTENCE MASSACHUSETTS CORRECTIONAL
INSTITUTION _____

FOR A TERM NOT EXCEEDING
eight (8) YEARS, OR LESS
THAN Sep (6) YEARS

This sentence to take effect from end of the
expiration of the sentence imposed this day in #PP-2016

Sentence suspended for three years
1993 May 13 Deft. as Pr. and
_____ as Su.

recog. in $100.00 and on.

probation

1990 ___
Defendant has been notified by Clerk in open
Court of his right to appeal sentence this day
imposed to the "Appellate Division of the Su-
perior Court" for a review of sentence as provided
by G.L. Chap. 278, Sec. 28A, E.C.
( _____ J.)

1993 May 12
By the Court

S.A. 16

**EXHIBIT JJ**

MIDDLESEX, ss.    # Commonwealth of Massachusetts    SUPERIOR COURT

To the Sheriffs of our several Counties, their Deputies, and to
the Superintendent of the Massachusetts Correctional Institution,
Cedar Junction – ~~Concord~~ – Framingham – ~~and Bridgewater~~.

GREETING:

WHEREAS, by the consideration of our Superior Court, holden at Cambridge
within and for the County of Middlesex, on the first Monday of _FEB_ ,
in the year of our Lord one thousand nine hundred and _NINETY_ ,
_GREGORY M. DONNELLY_ ~~now in
custody of the Sheriff of our said County of Middlesex~~, now before the Court by
virtue of Writ of Habeas Corpus, convict of the crime of _M.V. HOM._
_O.U.I.L CHAP. 90 § 24 G_
was on the _28TH_ day of _FEB_ in the year of our Lord
one thousand nine hundred and _NINETY_ , sentenced to
confinement in the Massachusetts Correctional Institution, Cedar Junction –
~~Concord – Framingham, Bridgewater~~, for a term not exceeding _15_ years
or less than _13_ years, and to stand committed accordingly
to said sentence, this sentence is to be served concurrently with the sentence
imposed ~~this day~~ in NO. _89-2016_, ~~this sentence is to be served concurrently
with the sentence now being served in said institution, this sentence is to take
effect from and after the expiration of the sentence now being served in said
institution.~~

This sentence is deemed by the Court to have commenced on _____ .
The defendant having spent _39_ days in confinement prior to such
sentence awaiting and during trial.

WE THEREFORE COMMAND YOU, the said Sheriff and Deputies to remove the said
_DONNELLY_ from our jail in Cambridge, in said County
of Middlesex, to our said Massachusetts Correctional Institution in Cedar Junction
~~Concord – Framingham – Bridgewater~~, and you the said Superintendent to receive the
said _DONNELLY_ and immediately thereon cause him her to be confined
therein for a term of not exceeding _15_ years or less than _13_
years as aforesaid.

And for so doing, this shall be your warrant. And you are to make return of
this warrant with your doings therein to the office of the Clerk of our Superior
Court in Cambridge, as soon as may be.

Witness, _R. Steadman_ , Esquire, at Cambridge, this _28TH_
day of _Feb_ in the year of our Lord one thousand nine hundred and
_NINETY_

_Frederick C. _____
Assistant Clerk

Date of off.

Form #240    3/9/89    S.A. 38

COMMONWEALTH OF MASSACHUSETTS.

MIDDLESEX, SS. ..................................................................................    _228_ 19_90_.

In obedience to this Warrant, I have removed the within-named convict to the Massachusetts Correctional Institution, .................................................................. together with an attested copy of this warrant.

.................................................. *ann) Heggins) SSPO*
~~Deputy~~ Sheriff.

To the Superintendent of the receiving Correctional
Institution:  you are hereby commanded to withdraw from
_____'s inmate savings or personal accounts,
as a court-imposed assessment, the first fifteen/twenty-
five dollars deposited to those accounts, said sum to be
paid to this court for deposit in the Victim/Witness
Assistance Fund pursuant to G. L. C. 258B, as added by

C. 694, Sec. 1 of Acts of 1983.

                    By the Court,

_____

S. A. 39

**EXHIBIT KK**

## SELECTED LITIGATION EVENTS, WITH
## BETTER INTERPRETATION AND ALTERNATE INTERPRETATION OF ACTIVITY

*(Arrows indicate that a motion was disposed of by a given order)*

Better Interpretation                                    Alternate Interpretation

April 13, 2005 –        Letter sent from Petitioner to Justice Quinlan

April 28, 2005 –        Motion to Correct Sentence filed in Middlesex
                        Superior Court

May 30, 1995 –          Order issued by Justice Quinlan on margin of
                        Petitioner's April 13, 2005 letter

October 16, 2002 –      Motion to Correct Illegal Sentence Filed in
                        Suffolk Superior Court

October 30, 2002 –      Decision of Justice Spurlock denying October
                        16, 2002 Motion to Correct Illegal Sentence

October 31, 2002 –      Letter sent from Middlesex DA's Office to
                        Justices Spurlock and Quinlan stating that
                        October 16, 2002 Motion to Correct Illegal
                        Sentence concerned Middlesex County case

December 18, 2002 –     "Order on Defendant's Motion to Correct
                        Sentence" of Justice Quinlan