UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGORY DONNELLY,                 )
                 Petitioner,      )
                                  )
                                  )
V.                                )    CIVIL ACTION
                                  )    No. 04-12706-RWZ
                                  )
                                  )
BERNARD BRADY,                    )
                 Respondent.      )

PETITIONER'S REPLICATION TO RESPONDENT'S
SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION TO DISMISS

Petitioner Gregory Donnelly hereby replies to the Respon-
dent Bernard Brady's supplementary brief in support of his
motion to dismiss. Since the underlying facts and procedural
history of this case have already been extensively set out in
the prior submissions of both the Petitioner and the Respon-
dent, an elaborate restatement does not appear necessary.
Nevertheless, given the Respondent's position regarding the
procedural posture of Petitioner's April 28, 1995, Motion to
Correct Sentence (Respondent's Supplementary Brief (RSB), at
pgs. 11-12, 17-18); and, the constitutional principles recentl
annunciated in Frasch v. Peguese, 414 F.3d 518 (4th Cir. 2005)
-- a case strikingly similar to that at bar, a brief rejoinder
is required and is set out below.

> I.  THE SUPERIOR COURT'S "MARGIN ORDER"
>     COULD NOT HAVE DISPOSED OF ALL OF
>     PETITIONER'S CLAIMS ON MAY 30, 1995,
>     THUS, EFFECTIVELY STAYING THE TIME
>     TO SEEK FEDERAL HABEAS CORPUS REVIEW.

As the Respondent aptly concedes, although "Justice

-2-

Quinlan's December 18, 2002, decision stated that the issues before her had been addressed by the Appeals Court, [] the Appeals Court had never addressed the double-jeopardy and duplicity claims raised in the Petitioner's April 28, 1995, Moti n to Correct Sentence." (RSB at pg. 17)

Clearly and unequivocally, the margin order relied upon ɔ the Respondent did not, and could not, address the issues rai; d in Petitioner's Motion to Correct Sentence because the said motion argued separate and distinct claims from those raised . Petitioner's April 13, 1995, letter to Justice Quinlan. Redu: d to its essence, Petitioner's April 13, 1995, letter addressed only the breach of the plea agreement -- that is, the failure ⟨ f the "forthwith" sentencing scheme imposed on the Petitioner to wipe out or extinguish a previously imposed 20 year Concord se₁ - tence. (Respondent's Exhibit U)[1]  Whereas, Petitioner's April 28, 1995, motion argued duplicitous sentencing and double jeo- pardy grounds. (Respondent's Exhibit V)

Respondent further asserts that because the Commonwealth opposed both Petitioner's letter to Justice Quinlan and his Motion to Correct Sentence in it's May 3, 1995, pleading, the margin order simultaneously disposed of both of Petitioner's pleadings -- that is, the breach of the plea agreement asserted in his April 13, 1995, letter; and, the duplicitous sentencing

---

[1]   Although Petitioner's April 13, 1995, letter addressed the identical claim raised in Petitioner's October 16, 2002, motion to correct an illegal sentence, the remedy of "specific performance" to the terms of the plea agreement announced in United States v. Kurkculer, 918 F.2d 295 (1st Cir 1991), was not adopted in Massachusetts until October, 1996. See, e.g., Commonwealth v. Parzyck, 41 Mass.App.Ct. 195, 668 N.E.2d 1358, fur. app. rev. den'd, 423 Mass. 1110 (1996).

and double jeopary claims raised in his April 28, 1995, motic .
Unfortunately for the Commonwealth, had this actually occurre .
the Appeals Court's 1994 review of Justice Quinlan's decisicr
would have obviously addressed Petitioner's duplicitous sen-
tencing and double jeopardy claims in it's ruling.  The cold
hard fact is that it did not.  See, e.g., Commonwealth v.
Donnelly, 37 Mass.App.Ct. 1117, 646 N.E.2d 409 (1994). (Respɔ -
dent's Exhibit O)

Similarly, the Respondent's reliance on Petitioner's avə -
ments in his affidavit filed in support of his Motion to Stri ə
(RSB pg. 16, referencing Respondent's Exhibit CC, ¶¶ 10 & 13ı
is also fatally flawed.  Plainly, were the Respondent's anal⁄
sis correct, Petitioner's state writ of habeas corpus filed ∴
the Middlesex Superior Court on April 28, 1995 (Respondent's
Exhibit E) would have raised the duplicitous sentencing and
double jeopardy claims contained in his Motion to Correct Seıı·
tence (Respondent's Exhibit V).  Again, it did not.  The fact.
that Petitioner's state habeas action was directed solely to
the breach of plea agreement claim addressed in his April 13,
1995, letter to Justice Quinlan demonstrates that Petitioner
has always considered his Motion to Correct Sentence, filed
April 28, 1995, a separate and distinct action.  Moreover, tɦє
record supports this analysis because Petitioner's appeal frcn
the denial of his state habeas action addressed only the breɛc .
of the plea agreement argument raised in his April 13, 1995,
letter. (RSB at pgs. 11-12, Respondent's Exhibit Q)

Frasch v. Peguese, 414 F.3d 518, 522 (4th Cir. 2005; see als)
Rodriguez v. Spencer, 412 F.3d 29, 33 (1st Cir. 2005); citing
Carey v. Saffold, 536 U.S. 214, 223 (2004).

It is now well settled that a Massachusetts defendant like
the Petitioner who pleads guilty is not entitled to an appeal
as a matter of right. See Massachusetts General Laws, Chapter
278, § 28; Massachusetts Superior Court Rule 65. Such a defen-
dant may, however, seek direct review of his conviction and
sentencing by filing, at any time, a motion for new trial pur-
suant to Massachusetts Rules of Criminal Procedure 30(b)(empha-
sis added). See Dunbrack v. Commonwealth, 398 Mass. 502, 498
N.E.2d 1056, 1058 (1986)(the appropriate method for attacking
the lawfulness of the admission to sufficient facts and the
sentence imposed is a postconviction motion for new trial pur-
suant to rule 30(b))(emphasis added). See Reporter's Notes,
Mass.R.Crim.P. 30, Subdivision (b), West Pub. (2004 ed.).

While generally Mass.R.Crim.P. 30(b) has been character-
ized as collateral review, see generally Dunker v. Bissonnette
154 F.Supp.2d 95 (D.Mass. 2001), here, as in Frasch, it is the
nature of the review engaged in by the Massachusetts Appeals
Court that is key to determining whether the review was direct
or collateral. Stated oterwise, it is the Petitioner's pro-
cedural posture in that court after it directed him to file a
Rule 30(b) motion that is the critical factor in determining
the nature of the review. Cf., Frasch v. Peguese, supra, 414
F.3d at 524.

-6-

In the instant case, after a prolonged period of litigati n
that began at the Petitioner's sentencing hearing over "jail
credits" (see Respondent's Exhibit O), on July 31, 1996, the
Massachusetts Appeals Court denied the appeal of a state writ
of habeas corpus (a civil action) and directed Petitioner to
file "a motion to withdraw his guilty pleas" pursuant to Mass.
R.Crim.P. 30(b) to address the Commonwealth's breach of the
plea agreement underlying this action (see Respondent's Exhibi
Q, pg. 5 n.2).[3]  Thereafter, on or about October 16, 2002, Peti
tioner filed his pro se motion to correct an illegal sentence
pursuant to Rule 30(b) in the superior court.[4]  (Respondent's
Exhibit X).

On October 16, 2002, after the Suffolk Superior Court de1 ed
Petitioner's motion to correct an illegal sentence and motion
for reconsideration, Petitioner filed his notice of appeal.
After granting Petitioner's motion to consolidate, the Suffol
and Middlesex Superior Court actions were docketed in the Mas; -
chusetts Appeals Court for appellate review. (RSB at pgs. 14- )
In due course, Petitioner filed his brief and record appendix
in the Appeals Court.  On August 17, 2004, the Appeals Court
denied Petitioner's breach of plea agreement claim on the

---

[3]  When the Appeals Court decided Petitioner's appeal on July 31, 1996,
the remedy of "specific performance" had not yet been adopted in Massachu-
setts. See, e.g., Commonwealth v. Parzyck, 41 Mass.App.Ct. 195, 668 N.E.2d
1358, fur. app. rev. den'd, October, 1996, 423 Mass. 1110 (1996).

[4]  Petitioner initially filed his motion to correct an illegal sentence in
the Suffolk Superior Court under the case number assigned to his probation
case. (RSB at pg. 14)  A copy of Petitioner's motion was also forwarded to
Justice Quinlan at the Middlesex Superior Court. Both courts eventually
ruled on the motion, denying same, without holding a hearin. (RSB at pgs.
14-15)

-7-

merits.  Commonwealth v. Donnelly, 61 Mass.App.Ct. 1121, 813
N.E.2d 584 (2004). (RSB at pg. 16; and Respondent's Exhibit 3
On September 7, 2004, Petitioner filed his Application to
Obtain Further Appellate Review (ALOFAR) in the Massachusetts
Supreme Judicial Court (SJC) from the Appeals Court's decisi>
in Donnelly, supra, 813 N.E.2d 584.  The SJC denied Petitione: 's
ALOFAR on October 27, 2004.  Commonwealth v. Donnelly, 442 Mu: 3.
1111, 816 N.E.2d 1222 (2004)(table decision). (RSB at pgs. 16-
17; Respondent's Exhibit T)  Significantly, throughout the
entire aforementioned appellate proceedings the state's appea: 3
courts reviewed Petitioner's claim on the merits without the
typical res judicata/procedural bar analysis normally employec
in a case involving post-conviction review. Cf., Frasch v.
Peguese, supra, 414 F.3d at 522; citing Orange v. Calbone, 318
F.3d 1167, 1171 (10th Cir. 2003)(concluding that "direct revie·"
occurred when [] state prisoner was granted belated appeal ir
which he was required to follow the procedural rules for a
direct appeal, and the state appellate court "review[ed] the
issue[] raised ... on the merits without the typical res judi-
cata/procedural bar analysis normally employed in a case invol -
ing post-conviction review").

Against the foregoing backdrop, once the Petitioner here
filed his appeal from the denial of his Rule 30(b) motion add: s-
sing the breach of his plea agreement, and the Appeals Court
addressed the claim on the merits, the Petitioner was in the su 3
procedural posture as one who timely filed a direct appeal. Se

-8-

Dunbrack v. Commonwealth, supra, 498 N.E.2d at 1058; cf., Fra ch
v. Peguese, supra, 414 F.3d at 523; quoting Orange v. Calbon ?
supra, 318 F.3d at 1171.

In sum, as in Frasch, when Petitioner filed his Rule 30 . )
motion to correct an illegal sentence on October 16, 2002, he
initiated direct review.  The Massachusetts Appeals Court
engaged in direct review when it considered and denied Peti-
tioner's appeal on the merits on August 17, 2004; and the SJ(!
engaged in direct review when it considered and denied Peti-
tioner's ALOFAR on September 7, 2004.  The AEDPA's statute o:
limitations started running ninety days later, on December 6,
2004, when Petitioner's time for seeking further direct revie\
in the United States Supreme Court expired.  Thus, his peti-
tion for a writ of habes corpus was not time-barred by the
AEDPA's one-year statute of limitations when he filed it by
mail and it was received by this court on December 28, 2004.

Accordingly, the Respondent's AEDPA's time limit defense
must again fail.

## CONCLUSION

For the foregoing reasons the Respondent's motion to dis-
miss must be denied; and this court should issue an order to
cause the writ of habeas corpus to issue.

Dated: OCT, 5 2005                Respectfully submitted,

Gregory M. Donnelly, pro /se
Middlesex House of Correction
269 Treble Cove Road
Billerica, MA 01862

-9-

## CERTIFICATE OF SERVICE

I, Gregory M. Donnelly, hereby certify that on the date below a true copy of the above document was served on Randall E. Ravitz, Esquire, the Respondent's attorney, by mailing same to his usual place of business, Office of the Attorney General Criminal Bureau, One Ashburton PLace, Boston, MA 02108, postage pre-paid.

Dated: OCT. 5, 2005

Gregory M. Donnelly
Affiant