UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12706-RWZ

GREGORY DONNELLY

v.

BERNARD BRADY

<u>MEMORANDUM OF DECISION AND ORDER</u>

August 22, 2006

ZOBEL, D.J.

Petitioner Gregory Donnelly filed an application for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254, in which he asserts that his current sentence violates his
Fourteenth Amendment right to due process.  Respondent Bernard Brady claims that
the petition is barred by the applicable statute of limitations and therefore moves to
dismiss.  When deciding a motion to dismiss, I accept the factual allegations contained
in the petition and draw all reasonable inferences in petitioner's favor.  Dismissal is
appropriate only if petitioner can prove no set of facts under which he would be entitled
to relief.  <u>See</u> <u>Sayyah v. Farquharson</u>, No. 01-30037, 2003 WL 1955750, at *1 (D.
Mass. 2003) (applying Fed. R. Civ. P. 12(b) standard to motion to dismiss habeas
petition); <u>cf.</u> <u>Turgeon v. Cunningham</u>, No. 93-101, 1994 WL 258758, at *3 n.2 (D.N.H.
1994).

I.    <u>Background</u>

Petitioner's various criminal prosecutions—and the intertwining sentences
imposed in relation thereto—have produced a convoluted procedural history, which is
necessary to recount in some detail.

**1980 Armed Robbery Conviction:** In July 1980, petitioner was charged with armed robbery and assault and battery by means of a dangerous weapon in Plymouth County Superior Court. (Resp.'s Ex. EE). On September 5, 1980, he was convicted by a jury on both charges and sentenced to 20 years on the armed robbery count, and 10 years on the assault and battery count. Petitioner and the state courts referred to this sentence as the "Concord sentence," and I shall do the same.

**1988 Operating Under the Influence Conviction:** The Commonwealth has been unable to ascertain precisely when petitioner was released from custody on the 1980 Concord sentence, but it is clear that he was released some time before October 22, 1987, because on that date he was arrested and eventually charged with various license infractions, as well as operating under the influence ("OUI"), and providing a false name to a police officer. (Id. Ex. GG). On January 15, 1988, petitioner was found guilty on all charges. He received a 2-year sentence on the OUI charge, 90 days to be served forthwith and the balance suspended. On September 8, 1988, petitioner was released to a residential alcohol program and placed on probation.

**1989 Vehicular Homicide Arrest:** On June 3, 1989, petitioner—who was on probation and parole from his various prior sentences—was involved in a car collision, which resulted in two deaths. Petitioner was arrested, and as a result of the arrest, a parole revocation warrant—related to his 1980 Concord sentence—was lodged against him, but no final revocation hearing was held. He was charged in Middlesex County with nine counts, including two counts of felony motor vehicle homicide and one count of OUI causing serious bodily injury. Because of these charges, petitioner's

2

probation—related to his 1988 OUI sentence—was revoked, and he was ordered to serve the remainder of that 2-year sentence, less the 90 days he had already served.

**1990 Vehicular Homicide Conviction:** On January 10, 1990, petitioner was found guilty on six counts arising out of the 1989 collision and arrest, including both counts of felony motor vehicle homicide, and not guilty on the remaining counts. Petitioner appealed his conviction.  Though it affirmed petitioner's convictions as to the other charges, the Massachusetts Appeals Court reversed and remanded for a new trial on the charges of vehicular homicide and OUI causing serious bodily injury.  See Commonwealth v. Donnelly, 33 Mass. App. Ct. 189, 201.  The Supreme Judicial Court ("SJC") denied further appellate review of the Appeals Court's decision. Commonwealth v. Donnelly, 413 Mass. 1107 (1992).

**1993 Vehicular Homicide Conviction:** On May 10, 1993, a new trial on the remanded charges commenced, but on May 12, 1993, the trial judge declared a mistrial. On May 13, 1993, petitioner pled guilty, withdrew the plea, and then entered a new guilty plea pursuant to a plea agreement.  The trial judge imposed a sentence of 2 concurrent terms of 10-10 1/2 years on the vehicular homicide counts.  This sentence was imposed "forthwith notwithstanding the sentence now being served at M.C.I., Concord."  (Resp.'s Ex. B).  On the third charge—OUI causing serious bodily injury—petitioner received a suspended term of 6-8 years and a 5-year probationary term, to commence from and after the expiration of the other sentence.  Petitioner also received 1,174 days of credit for the term he served between his June 3, 1989 arrest, and the August 18, 1992 reversal of his initial convictions by the Appeals Court.

**1993 Motion for Jail Time:** On June 2, 1993, petitioner filed a Motion for Jail

Time, seeking credit for the time between the Appeals Court's decision on August 18,

1992, and his guilty plea on May 13, 1993. This motion was denied on June 23, 1993,

after which date petitioner filed (1) a civil action seeking declaratory relief on the same

ground, (2) an appeal from the June 23 decision, (3) a motion to amend, (4) various

motions for reconsideration, (5) other motions for post-conviction relief, and (6) various

appeals from the denial of these derivative motions. On November 4, 1994, the

Appeals Court remanded to the Superior Court for recalculation of petitioner's jail credit

time. See Commonwealth v. Donnelly, 37 Mass. App. Ct. 1117 (1994). (Resp.'s Ex.

O). In deciding that petitioner was entitled to credit toward his 1993 sentence, however,

the Appeals Court made certain findings about his 1980 sentence that were not entirely

favorable to petitioner.[1]

Specifically, the Appeals Court concluded that, under Mass. Gen. Laws ch. 127,

§ 149, the parole revocation warrant on petitioner's 1980 armed robbery

conviction—which was issued at the time of his 1989 arrest on the vehicular homicide

charges—remained suspended, "ready to spring into effect upon the expiry of the

defendant's current term of incarceration." (Resp.'s Ex. O, at 5). Thus, while petitioner

was correct that the "imposition of a 'forthwith' sentence," such as the sentence he

_____

[1]On the primary question presented—whether the time petitioner had served
following his 1989 arrest on the vehicular homicide charges should be credited toward
his 1993 sentence on those same charges, or whether such time only went toward the
2-year suspended 1988 sentence, on which petitioner's probation was terminated at the
time of his 1989 arrest—the Appeals Court held in petitioner's favor, and determined
that petitioner was entitled toward credit of such time (as well as any other time
petitioner had served on the 1988 sentence) toward the 1993 sentence. (Resp.'s Ex. O,
at 8-9).

received in 1993, "supplant[ed] and erase[d] any unrelated term" that he was then serving, the imposition of the forthwith sentence had no effect on the outstanding parole warrant.  Instead, under the "mandatory sentencing procedures enacted by the legislature" (id.), the Appeals Court concluded "the parole warrant issued in 1989 has yet to take effect—and will not do so until he has completed his current sentence" (id. at 8).  Following this decision, petitioner filed an Application for Leave to Obtain Further Appellate Review, which was denied by the SJC on January 4, 1995.  On remand, the Superior Court awarded petitioner 139 days of credit for time served between the Appeals Court's reversal of his initial conviction, and the date of his guilty plea, toward his 1993 sentence.

**1995 Motions:** On April 13, 1995, petitioner—unhappy with the Appeals Court's 1994 decision—sent a letter to the trial judge who had accepted his guilty plea and imposed his 1993 sentence, making certain claims.  (Resp.'s Ex. U).  Petitioner also filed a Motion to Correct Sentence in Middlesex Superior Court on April 28, 1995, arguing that his 1993 sentence violated the Double Jeopardy Clause.  (Id. Ex. V).  Petitioner simultaneously filed a petition for a state writ of habeas corpus in Middlesex Superior Court.  (Id. Ex. E).

The Commonwealth filed a single opposition to petitioner's letter and the Motion to Correct Sentence on May 3, 1995.  (Id. Ex. W).  On May 30, 1995, in the margin of petitioner's letter, the trial judge wrote:

> Having ordered that the letter be treated as a motion for post-conviction relief and having reviewed the 'motion' and opposition thereto, the motion is denied.  The defendant has been given the 139 days jail credit as directed by the Appeals Court.

(Id. Ex. U).  Because the Commonwealth's opposition addressed both the letter and the motion, and because the trial judge's Margin Order stated that she had reviewed the "opposition thereto," the Order is properly construed as disposing of both the letter and Motion to Correct Sentence.  The record does not indicate whether petitioner appealed this decision.

As for the petition for a state writ of habeas corpus, it was denied on October 30, 1995, which denial was affirmed by the Appeals Court on July 31, 1996.  Further review was denied by the SJC on October 2, 1996.  On that date, petitioner was paroled from state custody.

**1999 Arrest:**  Petitioner's parole on the 1993 sentence was revoked on July 17, 1998, and he was reincarcerated on July 22, 1998, but was again paroled on December 18, 1998.  On August 6, 1999, petitioner was arrested and charged in Middlesex County on several counts, including assault, unauthorized use of a motor vehicle, and driving while intoxicated.  His parole was accordingly revoked on August 19, 1999, and the case was subsequently transferred from Middlesex to Suffolk County.  There, the 6-8 year sentence for OUI causing bodily injury that had been suspended in 1993 was imposed.

**2002 Motion:**  On April 2, 2002, petitioner pled guilty to the charges arising out of his 1999 arrest.  He has since filed motions challenging his 2002 sentence, as well as motions challenging the 1999 imposition of the previously suspended 1993 sentence, all of which have been denied, as have various motions for reconsideration, and appeals. Of particular note, petitioner filed on October 16, 2002 a Motion to Correct an Illegal

6

Sentence related to the 1999 imposition of the 1993 suspended sentence. That motion was denied—for strange procedural reasons arising from the twists and turns of petitioner's cases in the state courts—by both Judge Spurlock of the Suffolk Superior court, and Justice Quinlan of the Middlesex District court, who presided over petitioner's 1993 conviction and sentence.

II.    Analysis

The statute of limitations applicable to habeas corpus petitions under 28 U.S.C. § 2254 provides a "1-year period of limitation," running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). In cases where the petitioner's conviction became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs review of habeas petitions, courts have afforded a one-year grace period to habeas petitioners. See, e.g., Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999). That one-year grace period also applies to § 2244(d)(2).

Petitioner's § 2254 application attacks the Appeals Court's 1994 decision, which held that petitioner's 1993 forthwith sentence did not extinguish the parole warrant on his 1980 Concord sentence, which—under Massachusetts law—remained outstanding until the expiration of his 1993 sentence. This judgment was entered prior to AEDPA's

_____

[2]Petitioner does not suggest, nor does the record indicate, that any of the other subsections of § 2244(d)(1) apply.

7

effective date, and thus the limitations period ended after the one-year grace period concluded on April 24, 1997, unless it was tolled by the pendency of a properly filed post-conviction motion or motion seeking "other collateral review."  Following the Appeals Court's 1994 decision, petitioner filed a motion in 1995 seeking to correct his sentence, which was denied by the trial judge in May 1995.  The only other motion filed by petitioner before 1997 was the state habeas corpus petition he filed, which was also denied, and the denial affirmed by the Appeals Court in July 1996, and the SJC in October 1996.

It is clear that petitioner's 1995 post-conviction motion, which challenged the Appeals Court's decision, was not pending as of the effective date of AEDPA, and thus petitioner was not entitled to tolling of the statute of limitations on the basis of that motion alone.  Respondent thus contends that the limitations period expired on April 24, 1997, and petitioner's § 2254 application, which was not filed until December 28, 2004, is thus barred.  Respondent maintains that the petition for state writ of habeas corpus, which petitioner filed in 1995, and whose denial was final by October 1996, would not have tolled the limitations period.  (Resp.'s Supp. Mem. 21 n.4).  But even if the state habeas petition—filed in 1995—did toll the limitations period, it did so only from April 1996, when AEDPA became effective, until October 1996, when the SJC denied further review of the petition.  If the limitations period began to run in October 1996, petitioner had until October 1997 to file any § 2254 application, which he failed to do.  Thus, even if I take petitioner's state habeas corpus petition into account, the current action is still barred.

Petitioner suggests that the statute of limitations did not begin to run until October 27, 2004, on which date the SJC denied further review of petitioner's 2002 Motion to Correct an Illegal Sentence.  (Pet.'s Opp. 1-2).  The 2002 Motion—which was decided by both Judge Spurlock and Justice Quinlan—was clearly filed long after the limitations period had expired.  Once the statutory period has expired, a petitioner cannot seek to restart and toll the statutory period by seeking additional collateral review years after the fact.  See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) ("[T]he tolling provision does not give petitioner the ability to revive an expired grace period by the simple expedient of filing [another motion].  Such an ability would eviscerate the one year grace period.").  Petitioner's 2002 Motion thus had no effect on the already-expired limitations period.

Accordingly, respondent's motion to dismiss (Docket #10) is allowed, and the petition for writ of habeas corpus is dismissed.  Judgment may be entered in favor of respondent.

August 22, 2006                        /s/ Rya W. Zobel
_____        _____
          DATE                                  RYA W. ZOBEL
                                                UNITED STATES DISTRICT JUDGE